IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD L. WILLIAMS and<br>MICHAEL E. PETERS,<br><br>      Plaintiffs,<br><br>      v.<br><br>DOVER DOWNS GAMING &<br>ENTERTAINMENT, INC., a Delaware<br>Corporation; and DOVER DOWNS, INC.,<br>a Delaware Corporation,<br><br>      Defendants. | )<br>)<br>) Civil Action No.:<br>)<br>)<br>)<br>) TRIAL BY JURY OF<br>) TWELVE DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. This action is brought pursuant to the Age Discrimination In Employment Act (ADEA), 29 U.S.C. §§621-634. Jurisdiction exists by virtue of 29 U.S.C. §626, and 28 U.S.C. §1367.

2. The address of Plaintiff Richard L. Williams (Williams) is 5786 Westville Road, Hartley, DE 19953.

3. The address of Plaintiff Michael E. Peters (Peters) is 6936 Carpenter Bridge Road, Frederica, DE 19946.

4. Defendant Dover Downs Gaming & Entertainment, Inc. (Gaming and Entertainment) is a corporation organized and existing under the laws of the State of Delaware having as its registered agent for service of process Klaus M. Belohoubek at 3505 Silverside Road, Plaza Center Building, Suite 203, Wilmington, DE 19810.

5. Defendant Dover Downs, Inc. (Dover Downs) is a corporation organized and existing under the laws of the State of Delaware having as its registered agent for

service of process Klaus M. Belohoubek at 3505 Silverside Road, Plaza Center Building, Suite 203, Wilmington, DE 19810.

6. Defendant Dover Downs is a subsidiary of Defendant Gaming and Entertainment.

7. Plaintiff Williams was continually employed by one or more of the defendants, or a predecessor entity, from December 22, 1978 to December 31, 2003.

8. Plaintiff Peters was continuously employed by one or more of the defendants, or a predecessor entity, from February 10, 1985 to December 31, 2003.

9. Each of the defendants employed more than 20 employees at all times pertinent to this action.

10. Defendant Dover Downs was an "employer" of the plaintiffs, for purposes of the ADEA, on December 31, 2003, the day it terminated their employment.

11. Plaintiffs were "employees" of defendant Dover Downs, for purposes of the ADEA, on December 31, 2003, the day it terminated their employment.

12. The age of Plaintiff Williams at the time of the termination of his employment by Defendant Dover Downs was 55.

13. The age of Plaintiff Peters at the time his employment was terminated by Defendant Dover Downs was 52.

14. Plaintiffs were discharged from their employment by Defendant Dover Downs because of their age, and their age was the determinative reason for their discharge.

15. Defendant Dover Downs willfully and intentionally discriminated against the Plaintiffs because of their age by terminating their employment and imposing other disciplinary action in December, 2003.

16. At the time of their termination of employment by Defendant Dover Downs the Plaintiffs performed and had performed for a protracted time period their jobs at a level which met the legitimate expectations of their employer.

17. Upon information and belief, Defendant Dover Downs replaced the Plaintiffs after their employment was terminated with significantly younger employees.

18. Defendant Gaming and Entertainment is also liable for the discriminatory actions of Defendant Dover Downs, as alleged herein, because its relationship to that entity is interrelated to such a degree that they are considered to be one employer. Alternatively, it is liable because it exercised control over the discriminatory personnel decisions complained of herein.

19. Plaintiff Williams timely filed a charge of discrimination with the Delaware Department of Labor (DDOL) and the Equal Employment Opportunity Commission (EEOC). Attached as Exhibit A is a copy of the charge.

20. Plaintiff Peters timely filed a charge of discrimination with DDOL and EEOC. Attached as Exhibit B is a copy of the charge.

21. On or about February 22, 2005, DDOL determined that there was reasonable cause to find the respondent had discriminated against Plaintiff Williams on the basis of his age. Attached as Exhibit C is a copy of is a copy of the determination.

22. The DDOL finding was accompanied and supported by an Internal Memorandum. A copy of the memorandum is attached as Exhibit D.

23. On or about February 22, 2005, DDOL determined there was reasonable cause to find the respondent had discriminated against Plaintiff Peters on the basis of his age. Attached as Exhibit E is a copy of the determination.

24. On or about April 4, 2005, the EEOC adopted the DDOL findings regarding the charge of discrimination filed by Plaintiff Williams. Attached as Exhibit F is a copy of the EEOC findings.

25. On or about April 4, 2005, the EEOC adopted the DDOL findings regarding the charge of discrimination filed by Plaintiff Peters. Attached as Exhibit G is a copy of the EEOC findings.

26. By virtue of the April 4, 2005 EEOC findings (Exhibits F and G), the EEOC notified the plaintiffs that their charges of discrimination were "otherwise terminated" for purposes 29 U.S.C.A. §626(e).

27. This action is timely filed in accordance with 29 U.S.C.A. §626(e).

28. The aforesaid discrimination against Plaintiffs was intentional, willful, and undertaken with reckless indifference to their rights.

29. As a result of the aforesaid discrimination, Plaintiffs have suffered lost wages, lost benefits, emotional distress, inconvenience, and other damages.

30. If relief is not granted Plaintiffs will be irreparably denied rights secured by law, including the ADEA.

31. Plaintiffs have no adequate remedy at law to redress the wrongs described above.

32. When Plaintiffs were discharged from their employment on or about December 31, 2003, and when they were otherwise disciplined in December, 2003, the

defendants provided a false reason for such actions, thereby breaching the implied covenant of good faith and fair dealing which attaches to all employer-employee contractual relationships under the common law of the State of Delaware.

33. The defendants intended to inflict or recklessly inflicted emotional distress upon Plaintiffs.

34. Defendants' conduct was extreme and outrageous and proximately caused Plaintiffs severe and substantial emotional distress.

35. WHEREFORE, Plaintiffs request the following relief:

A. Reinstatement of Plaintiffs to their position at the pay rate commensurate with what they would be earning had they not been discharged.

B. Judgment in Plaintiffs' favor to include back pay, front pay, lost benefits, pre-judgment and post-judgment interest, statutory liquidated damages, punitive damages, compensatory damages, attorney fees, costs, and such other relief as may be just and appropriate.

PARKOWSKI, GUERKE & SWAYZE, P.A.

By: _____
JEREMY W. HOMER, ESQUIRE
Delaware State Bar I.D. No.: 413
116 W. Water Street
P.O. Box 598
Dover, DE 19903
(302) 678-3262
Attorneys for Plaintiffs

DATED: 6-23-05

h\williams\complaint