**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD L. WILLIAMS and<br>MICHAEL E. PETERS,<br><br>     Plaintiffs,<br><br>     v.<br><br>DOVER DOWNS GAMING &<br>ENTERTAINMENT, INC., a Delaware<br>Corporation; and DOVER DOWNS, INC.,<br>a Delaware Corporation,<br><br>     Defendants. | )<br>) Civil Action No.: 05-0435 (GMS)<br>)<br>)<br>) TRIAL BY JURY OF<br>) TWELVE DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

Pursuant to the Notice of Scheduling Conference dated July 14, 2005, the parties submit the following Joint Status Report in anticipation of the Scheduling Conference to be held on September 29, 2005 at 10:00 a.m.

**1.     Jurisdiction and Service.**  The Court has subject matter jurisdiction, all parties are subject to the Court's jurisdiction and no party remains to be served.

**2.     Substance of the Action.**

**By Plaintiffs:** Plaintiffs were discharged from their employment because of their ages. A false reason was given for their discharges, namely that they watched an automobile race during their lunch break.  Defendants violated federal and state anti-discrimination laws, breached the covenant of good faith and fair dealing, and intentionally or recklessly inflicted emotional distress upon plaintiffs.

**By Defendant:**     Defendant Dover Downs, Inc. ("Defendant") operates a gaming, hotel and entertainment complex in Dover, DE.  Plaintiffs were both long term employees in the

Outside Maintenance department of Dover Downs. Plaintiff Richard Williams, a Maintenance Mechanic I, was hired in 1971, and Plaintiff Michael Peters, also a Maintenance Mechanic I, was hired in 1987.

The Dover, DE facility includes a professional racetrack. On December 23, 2003, Dover police and paramedics were called to the Dover Downs facility in response to a 911 call. Two employees had been drag racing on the Dover Downs NASCAR racetrack. One driver lost control of his vehicle and hit a barrier at the end of the track. The driver of the crashed vehicle sustained neck injuries and was transported to an area hospital for treatment. Neither employee had permission to race their vehicles on the track. Both drivers were cited for reckless driving by the Dover police.

Defendant immediately began an investigation into the circumstances surrounding the drag race and crash. This unauthorized drag race violated several provisions of Dover Downs Employee Handbook. These violations included unauthorized or illegal use of the Dover Downs facilities, unauthorized or illegal use of customer facilities, misconduct and disregarding safety procedures.

Defendant concluded eight employees were involved with the race as either drivers or spectators. The drivers of the vehicles that were racing were fired. They were age 29 and age 71. The remaining six employees were spectators who had prior knowledge of the race and participated in it in violation of defendant's policies on workplace conduct and safety.

Four of the six employees received a final written warning and a three day suspension. Those employees were age 24, 38, 45, and 68. This is the most severe discipline an employee can receive short of termination.

The remaining two employees, the plaintiffs Richard Williams, age 55, and Michael Peters, age 52, were terminated based on their conduct that day and their prior disciplinary records. Three weeks prior to the drag race, Williams and Peters had received written warnings for insubordination and failure to carry out a work order. Plaintiffs were warned that future misconduct could result in their termination. Of the six employees who participated as spectators, only Williams and Peters had records of prior discipline.

Plaintiffs allege they were terminated because of their age. Plaintiffs' termination was in fact based solely on their personnel records, specifically their misconduct on December 23, 2003, and the written warning they had received three weeks prior. All 8 of the employees involved in the December 23, 2003 drag race were disciplined. The severity of the discipline was in no way related to the employees' age. In fact, one 69 year old employee — much old than Wills and Peters — was suspended but not terminated. He had no history of discipline prior to the drag race.

  3.  **Identification of Issues.**

**By Plaintiffs:** The principal issue is whether the determinative reason for the discharge of the plaintiffs was their age.

**By Defendant:**

  (a)  Whether plaintiffs were participants at the unauthorized drag race that occurred on December 23, 2003?

  (b)  Whether defendant had a legitimate basis for the termination of the plaintiffs?

  (c)  Whether defendant had a legitimate basis for the discipline of the plaintiffs on or about December 1, 2003?

  (d)  Whether age was a factor in the termination of the plaintiffs?

**4.    Narrowing of Issues.**  The issues may be narrowed by dispositive motions and/or stipulation of the parties following discovery.

**By Plaintiffs:** The parties may stipulate to the dismissal of one of the defendants to the action and to the fact that the remaining defendant, Dover Downs, Inc., was the employer of the plaintiffs for 25 years and 17 years, respectively, with such employment terminating in December, 2003.

**By Defendant:**

**5.    Relief Requested.**

By Plaintiff:  Reinstatement to the plaintiffs' positions and damages, including statutory liquidated damages, punitive damages, attorneys fees, interest, and costs.  The exact amount of compensatory damages cannot be computed until the date of trial, plaintiffs' back pay damages are mounting.

**6.    Amendment of Pleadings**.   None anticipated at this time.

**7.    Joinder of Parties.**   None anticipated at this time.

**8.    Discovery.**  The parties have agreed to exchange initial disclosures by October 14, 2005.  The parties anticipate that they will need 4 months for discovery in this action and seek a discovery deadline of February 17, 2006.  Discovery may include:

(a)    Requests for Admissions;

(b)    Requests for the Production of Documents;

(c)    Depositions, however, each side is limited to ten (10) depositions;

(d)    Interrogatories, however, each side is limited to fifty (50) interrogatories.

9. **Estimated trial length.** Trial should take no longer than five (5) days. The parties will endeavor to reduce the length of trial by entering into stipulations.

10. **Jury trial.** A jury trial has been demanded.

11. **Settlement.**

The Delaware Department of Labor scheduled a mediation conference in January 2005 following its determination that reasonable cause existed to find that discrimination had occurred. Plaintiffs' attorney and Defendant's attorney appeared for the mediation and discussed the substance of the case, but Defendant's attorney declined to counter Plaintiff's offer of settlement. Since that time, there have been no settlement discussions.

12. **Other matters.** None.

13. **Counsel for the parties have conferred about each of the above matters.**

| PARKOWSKI, GUERKE & SWAYZE, P.A. | MONTGOMERY MCCRACKEN WALKER & RHOADS LLP |
|---|---|
| By: /s/Jeremy W. Homer, Esquire<br>Jeremy W. Homer (# 413)<br>116 West Water Street<br>P.O. Box 598<br>Dover, DE 19903<br>(302) 678-3262<br><br>Attorney for Plaintiffs | By: /s/Kymberly D. Hankinson<br>Richard M. Donaldson (# 4367)<br>300 Delaware Avenue, Suite 750<br>Wilmington, DE 19801<br>(302) 504-7840<br><br>Of Counsel:<br>Edward T. Ellis<br>Kymberly D. Hankinson<br>MONTGOMERY MCCRACKEN<br>WALKER & RHOADS LLP<br>123 South Broad Street<br>Philadelphia, PA 19109<br>(215) 772-7325<br>Attorneys for Defendant |

Dated: September 23, 2005
h\Williams\Williams_Peters Draft Joint Case Mgmt Plan