# SECTION 6:  EMPLOYEE CONDUCT

## 6.01  COMPLIANCE WITH LAWS

We strive to operate in a manner that complies with all applicable laws. This applies to dealings with customers, suppliers, competitors, governmental authorities, employees, shareholders and other security holders, and the general public.

It is our policy to cooperate (and to require that our employees cooperate) with all governmental authorities having jurisdiction over our affairs. Although we strongly believe in providing full service to our customers, if a conflict arises between our basic goals of compliance and customer service, we place legal compliance ahead of our customers. As such, customers shall not be served in any fashion that might involve us in a violation of law. Contact your Manager or the Legal Department if you have any questions.

## 6.02  GUIDELINES FOR APPROPRIATE CONDUCT

You are expected to accept certain responsibilities, adhere to acceptable business principles in matters of personal conduct, and exhibit a high degree of personal integrity at all times as one of our employees. This not only involves respect for the rights and feelings of others but also demands that both in your business and in your personal life you refrain from any behavior that might be harmful to yourself, your co-workers, and/or us, or that might be viewed unfavorably by current or potential customers or by the public at-large. Whether you are on or off duty, your conduct reflects on us. You are, consequently, encouraged to observe the highest standards of professionalism at all times. If your performance, work habits, overall attitude, conduct, or demeanor becomes unsatisfactory in our judgment, based on violations of any of our policies, procedures, rules, or regulations, you will be subject to disciplinary action up to and including termination.

Listed below are types of behavior and conduct we consider inappropriate and which could lead to disciplinary action up to and including termination of employment. It is impossible to list all types of behavior which may lead to corrective action:

### This List Should Not Be Considered All-Inclusive

1. Criminal conduct while either on or off duty.
2. Possession of firearms or other weapons while on our property or while on Company business.
3. Stealing property from co-workers, customers, clients or us.
4. Unauthorized possession, destruction or removal of property belonging to co-workers, customers, clients or us.

EMPLOYEE HANDBOOK FOR DOVER DOWNS GAMING & ENTERTAINMENT, INC. and its SUBSIDIARIES
© 2002 DOVER DOWNS GAMING & ENTERTAINMENT, INC.
ALL RIGHTS RESERVED

5.  Unauthorized use of customer facilities and/or privileges either while you are on or off duty.

6.  Unauthorized or illegal use of our facilities or equipment.

7.  Being unfit for duty.

8.  Reporting to work under the influence of alcohol or non-prescribed drugs.

9.  Possession of or being under the influence of alcohol or non-prescribed drugs while on duty or on our property.

10.  Illegally manufacturing, possessing, using, selling, distributing, or transporting drugs.

11.  Bringing or using alcoholic beverages on our property or using alcoholic beverages while engaged in Company business off our property, except where authorized.

12.  Discrimination or harassment based on race, color, religion, sex, national origin, age or disability.

13.  Violating our electronic information policy.

14.  Fighting or using obscene, abusive, or threatening language or gestures.

15.  Rudeness or discourtesy to customers or co-workers.

16.  Misconduct (e.g., rowdiness).

17.  Carelessness or negligence in the performance of your duties.

18.  Engaging in insubordination.

19.  Refusing to carry out a work assignment or reasonable request by your supervisor or other member of management.

20.  Failing to use safety equipment issued to you.

21.  Failing to report a work error, accident or injury.

22.  Failing to cooperate with a Company investigation.

23.  Falsification of your employment application or other Company records or reports.

24.  Disclosing any confidential or proprietary information of the Company, a customer, or client.

25.  Asking or soliciting a customer for a tip, arguing with another employee over a tip, or not providing the same level of service when a tip is not involved.

26.  Misappropriation of Company property or the property of co-workers, customers or suppliers.

27.  Engaging in excessive, unnecessary or unauthorized use of our supplies, particularly for personal use.

28.  Disregarding safety or security regulations.

29.  Leaving your assigned workstation during scheduled working hours without authorization.

30.  Excessive absenteeism or lateness or an established pattern of absenteeism or lateness.

31.  Signing in or out for another employee.

32.  Solicitation or distribution of written material in working areas or during working time.

33.  Sleeping or loitering on the job.

34.  Smoking on our property while on duty except in a designated smoking area.

35.  Parking in public parking lots while on duty.

A0070

Certain conduct may subject an employee to IMMEDIATE TERMINATION without prior warning because it is considered so serious. Any violation which does not warrant immediate termination, in our sole discretion, may be handled with a verbal warning, a written warning, and/or suspension without pay for 1 to 3 days. In certain cases, if you are within your first 90 days of employment, you may be terminated in lieu of warnings or suspension.

If you are involved in an incident that involves further investigation, you may be placed on investigative suspension without pay.

At the conclusion of any investigation, you will be advised of our decision with respect to your continued employment.

If you are ARRESTED, you must immediately notify your Manager. Failure to provide such a notice may subject you to termination. Depending upon the charge, you may be placed on investigative suspension without pay. It is our policy to cooperate with investigations of employees conducted by law enforcement or regulatory agencies.

## 6.03. CODE OF BUSINESS CONDUCT

We have a Code of Business Conduct which you are expected to know, understand, and abide by. A copy of this Code is provided to you separately. The Code addresses the following topics:

- Competition (Antitrust Laws)
- Business Accounting Practices
- Conflicts of Interest
- Customer, Supplier and Competitor Relations
- Environment, Health and Safety
- Fair Employment Practices
- Controlled Substance and Alcohol Policy
- Trading in Stock
- Fraud, Bribes and Improper Conduct
- Political Contributions and Political Activity
- Protection of Company Assets
- Protecting Confidential Information
- Compliance With the Code

## 6.04 ATTENDANCE STANDARDS (ABSENTEEISM AND LATENESS)

We expect you to assume diligent responsibility for your attendance and promptness. You must report to work on time and maintain a good attendance record. If you will be absent due to illness, you

EMPLOYEE HANDBOOK FOR DOVER DOWNS GAMING & ENTERTAINMENT, INC. and its SUBSIDIARIES
© 2002 DOVER DOWNS GAMING & ENTERTAINMENT, INC.
ALL RIGHTS RESERVED

A0071

# DISCIPLINARY WARNING NOTICE

| Employee: | Peters, Michael  H - 5873 | Date: | 1 December 2003 |
|---|---|---|---|

| Department: | MAINTENANCE | Position: | MECH I |
|---|---|---|---|

**TYPE OF NOTICE ISSUED:**
(Note: Depending on the nature of the offense, the Company may bypass any of these steps at it's discretion.)

## RECOMMENDED ACTION

|   | Verbal Warning |
|---|---|
| X | Written Warning |
|   | Suspension    (From _____ To _____ ) |
|   | Termination |

Date of Incident:  1 Dec 2003         Incident Reported By:   Bob Morrison

**Nature of Incident:** On December 1, 2003 I requested that Michael Peters lead a work force of four employees in their daily activities for that day. This work order is in direct compliance with job description of a Maintenance Mechanic I. Mr. Peters informed me that he did not want to be in charge "of anybody". He therefore refused to lead this crew. This is a violation of employee conduct as stated in the Employee Handbook on page 26, Number 18 – Engaging in insubordination and number 19 – Refusing to carry out a work assignment or reasonable request by your supervisor or other member of management. You are being issued a Written Warning. Any further conduct of this kind can result in issuing a Final Written Warning and / or your immediate termination.

---

**TO EMPLOYEE: PLEASE READ CAREFULLY BEFORE SIGNING BELOW**: You are being issued this formal warning notice to bring to your attention the severity of this situation. **THIS WARNING SHOULD NOT BE TAKEN LIGHTLY** and any further violations of Company rules will result in additional action being taken up to and including termination of your employment. If you have any questions regarding this matter, please discuss them with your Department Head.

| * EMPLOYEE'S PRINTED NAME | * EMPLOYEE'S SIGNATURE | DATE |
|---|---|---|
| Peters, Michael    H-5873 | | |

\*    Signing this form does not imply that you agree with the action taken, only that you are acknowledging receipt of such notice.

\*    ☑Check here if Employee refuses to acknowledge receipt.

The undersigned (manager/supervisor) has discussed this disciplinary action with above named employee.

| SUPERVISOR' PRINTED NAME | SUPERVISOR'S SIGNATURE | DATE |
|---|---|---|
| BOB MORRISON  H-5369 | Bob Morrison | 12 December 2003 |
| HR REPRESENTATIVE PRINTED NAME | HR REPRESENTATIVE SIGNATURE | DATE |
| MARIE A. ISENBERG | Marie L. Isenberg | 12-12-03 |

# DISCIPLINE FILE REPORT

This form is recommended in connection with the issuance of warning notices. Before deciding on discipline, consider the seriousness of the problem, the employee's overall past record including prior warnings, the employee's attitude, rules and regulations violated, and precedents. After completing, forward copies of this form to your immediate Supervisor and to the Human Resources Department.

Employee: Peters, Michael    H-5873          Department:    Grounds Maintenance

Position:    MAINTENANCE MECHANIC I

## DETAILS OF INCIDENT

Time of Incident:    Approx 10:30 am          Date of Incident:    1 December 2003

Location of Incident    Dover Downs Grounds Maintenance Compound

Name(s) of Employee(s) Involved in the Incident
Michael Peters

Name(s) of All Witnesses to the Incident

Details of the Incident (Explain cause, reasons why, and how it occurred, cost to company, impact on customers, etc.)
Failed to perform essential functions as outlined in job description, i.e. Failed in the preparation of work areas to include movement of furniture / obstructions, ordering required materials and direct tasks for Maintenance Mechanic II and III. Failed to perform any reasonable tasks as directed by management.

Statement of Employee(s) Involved (Attach additional sheets if necessary. Be sure employees sign and date their statements.)

Statement of Witnesses (Attach additional sheets if necessary. Be sure witnesses sign and date their statements.)

Prior Incidents or Warnings (List prior warnings employee has received.)

| DESCRIPTION | DATE | ACTION TAKEN |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## RECOMMENDED ACTION

| | |
|---|---|
| ____ | Verbal Warning |
| X | Written Warning |
| ____ | Suspension     (From _____ to _____ ) |
| ____ | Termination |

D 0292

| SUPERVISOR' PRINTED NAME | SUPERVISOR'S SIGNATURE | DATE |
|---|---|---|
| Bob Morrison  H-5369 | *Bob Morrison* | 12 December 2003 |

A0073

# DISCIPLINARY WARNING NOTICE

| | | | |
|---|---|---|---|
| **Employee:** | Williams, Richard   H-8304 | **Date:** | 1 December 2003 |
| **Department:** | MAINTENANCE | **Position:** | MECH I |

TYPE OF NOTICE ISSUED:
 (Note:  Depending on the nature of the offense, the Company may bypass any of these steps at it's discretion.)

## RECOMMENDED ACTION

|  | Verbal Warning |
|---|---|
| X | Written Warning |
|  | Suspension     (From _____     To _____ ) |
|  | Termination |

Date of Incident:   1 Dec 2003        Incident Reported By:   Bob Morrison

**Nature of Incident:** On December 1, 2003 I requested that Richard Williams lead a work force of four employees in their daily activities for that day.  This work order is in direct compliance with job description of a Maintenance Mechanic I.  Mr. Williams informed me that if he was to be in charge of anybody, he would need more money.  He therefore refused to lead this crew.  This is a violation of employee conduct as stated in the Employee Handbook on page 26, Number 18 – Engaging in insubordination and number 19 – Refusing to carry out a work assignment or reasonable request by your supervisor or other member of management.  You are being issued a Written Warning. Any further conduct of this kind can result in issuing a Final Written Warning and / or your immediate termination.

> **TO EMPLOYEE: PLEASE READ CAREFULLY BEFORE SIGNING BELOW**: You are being issued this formal warning notice to bring to your attention the severity of this situation. **THIS WARNING SHOULD NOT BE TAKEN LIGHTLY** and any further violations of Company rules will result in additional action being taken up to and including termination of your employment.  If you have any questions regarding this matter, please discuss them with your Department Head.

| * EMPLOYEE'S PRINTED NAME<br>Williams, Richard        H-8304 | * EMPLOYEE'S SIGNATURE | DATE |
|---|---|---|

 *    Signing this form does not imply that you agree with the action taken, only that you are acknowledging receipt of such notice.

 *  ☒ Check here if Employee refuses to acknowledge receipt.

The undersigned (manager/supervisor) has discussed this disciplinary action with above named employee.

| SUPERVISOR' PRINTED NAME<br>BOB MORRISON  H-5369 | SUPERVISOR'S SIGNATURE<br>*Bob Morrison* | DATE<br>1 December 2003 |
|---|---|---|
| HR REPRESENTATIVE PRINTED NAME<br>MARIE A. ISENBERG | HR REPRESENTATIVE SIGNATURE<br>*Marie A. Isenberg* | DATE<br>12-12-03 |

A0074

# DISCIPLINE FILE REPORT

This form is recommended in connection with the issuance of warning notices. Before deciding on discipline, consider the seriousness of the problem, the employee's overall past record including prior warnings, the employee's attitude, rules and regulations violated, and precedents. After completing, forward copies of this form to your immediate Supervisor and to the Human Resources Department.

Employee:  Williams, Richard   H - 8304 _____   Department:   Grounds Maintenance _____

Position:   Maintenance Mechanic I _____

## DETAILS OF INCIDENT

Time of Incident:  Approx 9:30 am _____    Date of Incident:   1 December 2003 _____

Location of Incident   Dover Downs Maintenance Compound _____

Name(s) of Employee(s) Involved in the Incident
Richard Williams
_____

Name(s) of All Witnesses to the Incident

_____
_____

Details of the Incident (Explain cause, reasons why, and how it occurred, cost to company, impact on customers, etc.)
Failed to perform essential functions as outlined in job description, i.e. Failed in the preparation of work areas to include movement of furniture / obstructions, ordering required materials and direct tasks for Maintenance Mechanic II and III. Failed to perform any reasonable tasks as directed by management.
_____

Statement of Employee(s) Involved (Attach additional sheets if necessary.  Be sure employees sign and date their statements.)

_____

Statement of Witnesses (Attach additional sheets if necessary.  Be sure witnesses sign and date their statements.)

_____

Prior Incidents or Warnings (List prior warnings employee has received.)

| DESCRIPTION | DATE | ACTION TAKEN |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## RECOMMENDED ACTION

| | |
|---|---|
| _____ | Verbal Warning |
| X | Written Warning |
| _____ | Suspension    (From _____ to _____ ) |
| _____ | Termination |

D 0144

A0075

| SUPERVISOR' PRINTED NAME | SUPERVISOR'S SIGNATURE | DATE |
|---|---|---|
| Bob Morrison   H - 5369 | *Bob Morrison* | 1 Dec 2003 |

# ACCIDENT REPORT

# RACE TRACK 12/23/03

D 0333

A0076

# TABLE OF CONTENTS

**I**   **INCIDENT REPORT**
**SUPPLEMENTAL REPORT**
**PHOTOGRAPHS**
**MAP OF ACCIDENT SCENE**

**II**   **WITNESS STATEMENTS ( )**

**III**   **NON-WITNESS STATEMENTS ( )**

D 0334

A0077

# SECURITY INCIDENT REPORT

## COMPANY: Dover Downs Inc.

| CASE NUMBER: | 03-2521 | | TIME OF INCIDENT: | approx. 12:00pm |
|---|---|---|---|---|
| TODAY'S DATE: | 12/23/03 | | TIME OF SCENE | |
| DATE OF INCIDENT: | 12/23/03 | | INSPECTION: | approx. 12:15pm |

### DESCRIBE THE INCIDENT SCENE (Exact Location, Surroundings, Environment, etc.)

The entrance of pit row (Dover Downs Track).

### Alleged Victim:

Check One: ☐ Customer   ☐ Employee/Company

| | | | | |
|---|---|---|---|---|
| NAME: | Dover Downs Inc. | PHOTOS TAKEN: | ☑ YES | ☐ NO |
| ADDRESS: | 1131 N Dupont Hwy. | IF YES, BY WHOM: | George Courtney | |
| CITY/STATE/ZIP: | Dover, De 19903 | FLOPPY NUMBER: | #22 | |
| PHONE NUMBER: | (302)674-4600 | PICTURE NUMBER(S): | Jan-15 | |
| DATE OF BIRTH: | N/A | PICTURES RETAINED: | ☑ YES | |

### Reported by:

| | | | | |
|---|---|---|---|---|
| NAME: | Ernest Carlisle#0720   DD Employee | SURVEILLANCE VIDEO: | ☐ YES | ☑ NO |
| ADDRESS: | 467 Alley Corner Rd. | | | |
| CITY/STATE/ZIP: | Smyrna, De. 19977 | IF YES BY WHOM: | | |
| PHONE NUMBER: | 302 653-6483 | VIDEO RETAINED: | ☐ YES | |

### Subject Being Investigated:

| | | | |
|---|---|---|---|
| NAME: | Brian Williams       DD Employee | OTHER EVIDENCE RETAINED: | Pictures of both vehicles |
| ADDRESS: | 166 Johnson Farm Lane | | taken after the accident. |
| CITY/STATE/ZIP: | Dover, De. 19904 | | These picture are retained |
| PHONE NUMBER: | 302-653-0175 | | by Security |
| DATE OF BIRTH: | 11/24/74    SECOND SUBJECT BELOW | | |

### BRIEF SUMMARY OF INCIDENT (as alleged by victim)

At approximately 12:00 P.M. on 12-23-03, two Dover Downs Maintenance Employees, Ernest Carlisle and Brian Williams took their privately owned vehicle onto Pit Row and raced them. During the race, the vehicle driven by Williams hit the East track wall and the vehicle driven by Carlisle sustained a flat tire only. Williams was injured and taken to KGH.

### WITNESS INTERVIEWS (use Continuation Form for additional lines or interests)

☐ CHECK IF NO WITNESSES

| NAME: | | PHONE NUMBER: | saa |
|---|---|---|---|
| ADDRESS: | | CITY/ STATE/ZIP: | saa |

There were several witnesses to this race and the damage to the Williams vehicle. Williams was injured and taken to KGN.
See the interviews of these witnesses by Joe McNair in a Supplemental Report to follow

### INVESTIGATOR OBSERVATIONS

Did Investigator Personally Witness Incident?    ☐ Yes    ☑ No

I was dispatched to Pit Row on the West side of the track for an apparent automobile accident in which two maintenance employees were involved. When I arrived I saw a black Mustang (driven by Brian Williams) with severe damage to the drivers side. The other vehicle (driven by Ernest Carlisle) was a black Camaro had a flat tire on the right rear. Williams was then transported to the Kent General Hospital with a head injury.  There were several other maintenance employees that that were spectators during the race. This investigation will be continued by the Security Investigator, Joe McNair.

### ACTION TAKEN:

Ernest Carlisle was interviewed as to the fact. The names of the witnesses taken. Dover P.D. was contacted and Ptlm. Brian Allen responded. He issued a traffic citation for Reckless Driving to Carlisle and will issue the same to Williams later.

### ATTACHMENTS: Check All That Apply:

☑ CONTINUATION FORM    ☐ CUSTOMER INJURY REPORT    ☐ ARREST REPORT

☐ SUPPLEMENT    ☐ REQUEST FOR EVICTION

D 0335

Samantha Murray

# SUPPLEMENT or CONTINUATION FORM

## COMPANY: Dover Downs Inc.

TYPE: (Check one) ☑ CONTINUATION FORM    ☐ SUPPLEMENT

| CASE NUMBER: | 03-2521 | DATE OF INCIDENT: | 12/23/03 |
|---|---|---|---|
| TODAY'S DATE: | 12/23/03 | TIME OF INCIDENT: | approx. 12:00pm |

On the above time and date, I responded to a vehicle accident on Dover Downs race track.

Upon arrival I met with outside maintenance mgr. Bob Morrison and he stated that he was told by Ernie Carlisle #0720(Dover Downs employee) that he and Brian were doing a little drag racing, and that Brian's hood flew up and he lost control.

Ernie is unsure of the rate of speed that they were going.

The interviews with people present at the race revealed that it was discussed by Ernie Carlisle and Brian Williams that they would race their private vehicles on the track at noon on the track. This was discussed at approximately 8:30 A.M in the morning of 12-23-03.

At 12:00 P.M. on the same date 12-23-03 Brian Williams did race his 1987 Black Mustang, De. Reg. 734931. Ernest Carlisle raced against Williams in his 1994 Black Chevrolet Camaro, De. Reg. 79969.
The accident took place in pit row nearing the entrance.

The mustang sustained serious damage to the left side. The Camaro only had a flat tire on the right rear.

Dover Police Department, Officer Brian Allen stated that both Brian and Ernest would receive citations for reckless driving.

Maintenance Mgr. Bob Morrison stated that both Brian and Ernest was on lunch break when this accident occurred and they both had permission to drive their private vehicles to and from their work assignments.

Brian Williams and Ernest Carlisle was placed on investigative suspension.

Brian Williams received minor neck injuries and was transported to the Kent General Hospital.

This incident has been turned over to Security Investigator Joe McNair, continuing investigation.

**D 0336**

| Samantha Murray | | 12/23/03 |
|---|---|---|

A0079

# SUPPLEMENT or CONTINUATION FORM

## COMPANY:

TYPE: Check One:  ☑ CONTINUATION FORM    ☐ SUPPLEMENT

| CASE NUMBER: | 03-2521 | | DATE OF INCIDENT: | 12/23/03 |
| TODAY'S DATE: | 12/23/03 | | TIME OF INCIDENT: | approx. 12:00pm |

Photogragphs of accident.



87 Black Ford Mustang
DE TAG -734931

94 Black Chevy Camaro
DE TAG-79969

entrance to pit row

side view of entrance to pit row

D 0337

| Samantha Murray | | 12/23/03 |

A0080

# COMPANY:

TYPE: (Check One)  ☐ CONTINUATION FORM  ☑ SUPPLEMENT

| CASE NUMBER: | 2003 2521suppl | | DATE OF INCIDENT: | 12/23/03 |
|---|---|---|---|---|
| TODAY'S DATE: | 12/29/03 | | TIME OF INCIDENT: | 1205 |

After checking the written statement this case the Investigator , Joe McNair, feels that witnesses (W) 1 thru 8 had prior
knowledge of the race and made it a point to be around Pit Road when the Drag Races took place. Witness 9 had prior
knowledge due to his written statement but was assigned an additional duty to go pick up food for the party during the race.

All (NW) not witnesses were working and at other places on the property and did not know the race was going to occur.

Two part time Harness employees, John Ginter and  Lewis Copeland were not interviewed due to the fact they were out of
State during the Holidays.

No one knew of any alcohol being on property or being consumed by Dover Downs employees in Harness Track section,
Ground Facility section or Landscaping section.

Mr. Brian Williams was examined, treated for a concussion and released at KGH.

### WITNESSES

W-1 Ernest Carlisle driver of camero.
W-2 Brian Williams - driver of mustang.
W-3 Michael Peters - parked top of track at Gate #4
W-4 Richard L. Williams - parked next to Mike Peters top of track at Gate #4.
W-5 William D. Larnick - Victory Circle with Mike Monahan.
W-6 Michael Monahan - Victory circle with William Larnick.
W-7 Russell Hands - road between infield medical center and Pit Road.
W-8 John Patterson - with Russwell Hand road between infield medical center and Pit Road.
W-9 Stephen Maher - Had prior knowledge of race per his statement.

See attached map (not to scale) for approximate positions of witnesses.

### NON-WITNESSES

NW-1 Richard Wertz - In his office.
NW-2 William Morrison - Chalet.
NW-3 Jerry Clifton  - off property did not arrive on property until 1230.
NW-4 Thomas Curtis - Maintenance shop.
NW-5 Larry Barner - Maintenance shop.
NW-6 George Courtney - outside partol
NW-7 Donald Sylvester - Working on harness track lights on a diesel powered hydralic lift between turns 3 and 4.
He was working toward turn 4 from turn 3 and his back was to turn 3.
NW-8 Dave Pelly - The maintenance shop getting supplies for the Chalet party.
NW-9 Frank Outten - Maintenance shop with Larry Barner.

**D 0338**

| Joe McNair | | 12/29/03 |
|---|---|---|
| | | |
| | | |

**A0081**

# SUPPLEMENT or CONTINUATION FORM

## COMPANY:

| TYPE: Check One: | ☐ CONTINUATION FORM | | ☑ SUPPLEMENT | |
|---|---|---|---|---|
| CASE NUMBER: | 2003 - 2521W1 | | DATE OF INCIDENT: | 12/23/03 |
| TODAY'S DATE: | 12/23/03 | | TIME OF INCIDENT: | 1205 |

Witness statement of Ernest Carlisle WM 72, driver of MV # 2, black camero, employee #9866 in the Harness Track, from November thru April. His manager is Jerry Clifton, Harness Track Superintendent. From April thru November Mar. Carlisle is working for the Landscaping section and his manager is Dave Pelly, Facility Landscaping Manager.

Mr. Carlisle stated he and Brian Wil;liams had been bantering back and forth for the last week as who had the best car. They said they would race at the Christmas Party.

The race had been set to start at 1200 noon. Present for the race was the other driver, Brian Williams, on the sidelines were Russell Hands, Landscaping, John Patterson, Maintenance, Richard Williams Sr., Maintenance and Mike Monahan, outside maintenance.

Mr. Carlisle further stated both vehicles had accelerated to approximately 75 to 80 MPH with Mr. Carlisle leading. About three quarters way down Pit Road he, Mr. Carlisle let off the gas and Mr. Williams pulled up next to him on his left side. He then heard a loud bang and Mr. Williams car stopped in the middle of the track.

3 or 4 of the guys came to check on Mr. Williams and call 911. Mr. Carlisle had not been to the Chalet party as of yet.

D 0339

| Joe McNair | | 12/24/03 |
|---|---|---|

A0082

W-1



**SECURITY DEPARTMENT**                    **STATEMENT**

Date Of Report 12-33-03                                    Case # 2003-2531

Time of Report 3:00 PM                                    Page 1 of 2

The following statement taken from ERNEST Necit Calisle      4/13/39   who

resides at 499 Alley Serons Corner Rd.    Smyrna          De 19977
            Street Address                    City              State

Phone Number: 663-6483    (If Dover Downs Employee, Substitute Department Name and Position for Residency)

1. OUTSIDE MAINT HARNESS TRACK / LANDSCAPING. #0720

2. Mr. Carlisle requested security investigator Joe McNair

3. to write this report.

4. Mr. Carlisle stated he and Brian williams had been

5. bantering back and forth for the last week as who had

6. The best car. They said They would race at The

7. Christmas Party.

8.      They set The race To be at 12:00 noon. Present

9. at The start was The other driver, Brian williams, on

10. The sidelines was Russell Donds, Landscaping, John

11. Patterson, maint. Richard williams sr. maint and

12. Mike Monahan, outside maint.

13.      Both vehicles accelerated To approximately 75 MPH To

14. 80 MPH with Mr. Carlisle leading.

15. 3/4 way down pit road Mr. carlisle let off The

16. gas, Mr. williams pulled up next To him on his

17. left side. Then he heard a loud bang and Mr.

18. williams car stopped in The middle of The

19. Track.

20.      3 or 4 of The guys came down To check on

Signature   X Ernest Carlisle                          Date 12-23-03

Statement taken at _____     Witnessed by ___ Joe McNair #8361

DDS-113          D 0340                  A0083



**SECURITY DEPARTMENT**                     **STATEMENT**

Date Of Report  12-23-03                                    74                    Case # 2003-253

Time of Report  3:00                                                             Page  Pg. 2 of 2

The following statement taken from  ErneST NenT CarlislE _____ who

resides at  SAME _____  SAME _____  SAME
            Street Address              City                      State

Phone Number: _____ (If Dover Downs Employee, Substitute Department Name and Position for Residency)

1. Mr. Williams and called 911.
2. The cars started at the North end of Pit
3. Rd, South To Turn 4.
4. Mr Carlisle has valid DE, Class E operators Lice-
5. nse # 37212.
6. _____ 79869
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.                                                        **D 0341**
19.
20.                                                        **A0084**

Signature  A. Ernest Carlisle _____  Date 12-23-03

Statement taken at _____  Witnessed by  Jim McFann #5361

DDS-113

**COMPANY:**

w2

| | | | |
|---|---|---|---|
| ☐ TYPE / CHECK ONE | ☐ CONTINUATION FORM | ☑ SUPPLEMENT | |
| **CASE NUMBER:** | 2003 - 2521W2 | **DATE OF INCIDENT:** | 12/23/03 |
| **TODAY'S DATE:** | 12/29/03 | **TIME OF INCIDENT:** | 1205 |

Written statement taken 12/29/03, 0915 at the Security office.

Brian Williams, Mechanic III, Facility Landscaping, Manager, Dave Pelly.

Mr. Williams had a concussion from the accident and prior to the statement being taken he was asked if he was physically OK and he stated he just could not remember everything. He was also asked by Investigator Joe McNair if he is currently taking any medications. Mr. Williams stated no.

Mr. Williams stated he brought his Mustang in on Tues. Ernie brought his camero in on Tues. also. He, Mr. Carlisle wanted to try them out so I, Brian Williams< agreed. At 1130 or so we arranged to meet on Pit Road at lunch 1200. We raced a few times. I crashed. I don't remember.

NOTE: Mr. Williams further staterd this is not the first time anyone has raced. Jerry Dunning allowed Ernie to bring a camero in to drag race down Pit Lane before on mulitple occasions . (It's on video tape) Also Jerry Clifton has raced his maroon Camero against another camero down Pit Lane before.

Mr. Williams continued that Jerry Clifton did this as a manager and Jerry Dunning allowed this as a General Manager. I also know of other races that I will disclose if the need arises.

**D 0342**

| Joe McNair | | 7/31/03 |
|---|---|---|
| | | |



SECURITY DEPARTMENT                    **STATEMENT**

Date Of Report 12-21-03                                      Case # 2003-2521

Time of Report 0910                                          Page ___1 of 2

The following statement taken from _Brian Williams_____ who

resides at _166  Johnson farm lane Dover_____ _DE_
         Street Address                    City                         State

Phone Number: _653-0175_____ (If Dover Downs Employee, Substitute Department Name and Position for Residency)

1. ___ I  brought  my  mustang  in  on  tues.
2. Ernie  brought  his  camaro  in  on  tues.
3. also.  he  wanted  to  try  them  out
4. so i  agreed  @  11:30  or  so
5. we  arranged  to  meet  on
6. pit  road  at  lunch (12:00) we  raced
7. a  few  times, ~~After~~  I  guess
8. I  crashed.  I  don't  remember.
9.
0.
1. NOTE.  This  is  not  the
2. 1st  time  anyone  has
3. raced.  Jerry  Dunning
4. allowed  Ernie  to  bring
5. a  camaro  in  to  drag race
6. it  down  pit  lane  before
7. on  multiple  occasions. (this on
8. video tape)  also  jerry clifton
9. has  raced  his  marroon ~~~~ 67
0. camaro  against ~~~~~~~ ~~~~ another.

Signature _camaro  down  pit  lane_ Date _before._

Statement taken at _SECURITY OFFICE_   Witnessed by _Jerry Mc Nair_

S-113                              A0086                              D 0343



# STATEMENT

Date Of Report 12-24-03

Time of Report 0910

The following statement taken from _Brian William_ who

esides at _____
        Street Address                    City                    State

Phone Number: _____ (If Dover Downs Employee, Substitute Department Name and Position for Residency)

Case # 2003-2521

Page 2 of 2

1. _____

2. _____ Since these previous

3. _____ races went un punished I

4. _____ cannot see how you can

5. _____ punish us for doing the

6. _____ same thing

7. _____

8. ✱ _____ Remember Jerry Clifton

9. _____ did this as a manager

0. _____ and Jerry Dunning allowed

1. _____ this as General Manager

2. _____

3. _____ I also know of other

4. _____ races that I will disclose

5. _____ if the need ~~too~~ arrises

6. _____

7. _____

8. _____

9. _____

0. _____

D 0344

gnature _____   Date 12-24-03

tatement taken at _Security Office DD_   Witnessed by _Joe McNair_

S-113                                                         A0087

# SUPPLEMENT or CONTINUATION FORM

W 3

**COMPANY:**

| TYPE: Check One: | ☐ CONTINUATION FORM | | ☑ SUPPLEMENT | |
|---|---|---|---|---|
| **CASE NUMBER:** | 2003 - 2521W3 | | **DATE OF INCIDENT:** | 12/23/03 |
| **TODAY'S DATE:** | 12/26/03 | | **TIME OF INCIDENT:** | 1205 |

Written statement taken 12/24/03 ,1045, at the Dover Downs Conference room # 1. Present Investigator Joe McNair, Security Manager H. Lee Ford.

Michael Peters, Mechanic 1, Facility Grounds Maintenance, Supervisor Thomas Curtis, Manager William Morrison.

Mr. Peters stated He was at Gate 1 and watched two cars drag race 3 and a half times. On the last run the black mustang hit the AD wall spun across the Pit Road enterance and up onto the track. He then left Gate 1 to open the rollong gate at the enterance to the speedway.

Also present during the race was Rich W (Williams Sr.) and Mike M (Monahan) and Don S (Sylvester). Mr. Sylvester was on horse track in hydralic lift.

Mr. Peters did not attend the Chalet party.

D 0345

| Joe McNair | | 12/26/03 |
|---|---|---|

A0088



W-3

SECURITY DEPARTMENT                **STATEMENT**

Date Of Report 12-24-03                                     Case # 2003-2521

Time of Report 1045                                         Page 1 of 2

The following statement taken from    MIKE PETERS  5873                who

resides at  6836 CARPENTER BR RD    FREDERICA              DE
            Street Address           City                  State

Phone Number: 335-1303      (If Dover Downs Employee, Substitute Department Name and Position for Residency)

1. I WAS AT BACK GATE #1, I SAW 2 CARS DRAG RACE
2. 3.5 TIME, ON LAST RUN BLACK MUSTANGE HIT
3. AD. WALL AND SPUN ACROSS PIT EXTRANCE
4. UP ONTO RACE TRACK. I TURNED AROUND
5. ON TRACK TO GO OUT GATE #1 TO OPEN
6. ROLLING GATE AT ETRANCE TO SPEEDWAY.
7. NOT HAVING KEY I HEARD FOR SHOP TO GET
8. KEY. CALLED FOR KEY ON RADIO TOM CURTIS
9. SAID HE HAD IT. I SAW HIM HERDED THAT
10. WAY.

1. DROVE OUT TO FRONT EATRANCE TO HELP
2. RESCUE TO RACE TRACK
3. I DID NOT ATTEND "PARTY" AT CHALET
4. TOM CURTISS IS SUPERVISOR
5. RICH W. + MIKE M. WERE 2 OF 6
6. PEOPLE WATCHING. DON S. WAS ON HORSE
7. TRACK IN HYLIFT MP
8.
9.
0.

D 0346

A0089

Signature  Mike Peters                          Date 12/24/03

Statement taken at  DD CONF. room #1     Witnessed by  Joe McYier  5361 /21 Cee
DS-113