**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD L. WILLIAMS and<br>MICHAEL E. PETERS,<br><br>Plaintiffs,<br><br>v.<br><br>DOVER DOWNS GAMING &<br>ENTERTAINMENT, INC., a Delaware<br>Corporation; and DOVER DOWNS, INC.,<br>a Delaware Corporation,<br><br>Defendants. | ) Civil Action No.: 05-0435 (GMS)<br>)<br>) TRIAL BY JURY OF<br>) TWELVE DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**APPENDIX TO ANSWERING BRIEF OF PLAINTIFFS
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**


PARKOWSKI, GUERKE & SWAYZE, P.A.


By:    JEREMY W. HOMER, ESQUIRE
       (Delaware Bar ID#0413)
       116 W. Water Street
       P.O. Box 598
       Dover, DE  19903
       (302) 678-3262
DATED:  June 8, 2006          Attorneys for Plaintiffs

# TABLE OF CONTENTS

**PAGE**

April 5, 2004 Position Statement filed by Defendant with the Delaware
   Department of Labor (DOL).................................................................B-1

December 8, 2004 DOL letter to Defendant's counsel requesting follow-up
   information..........................................................................................B-12

December 23, 2004 Defendant's counsel letter to DOL.................................B-14

January 18, 2005 DOL letter to Defendant's counsel requesting follow-up
   information..........................................................................................B-34

January 28, 2005 Defendant's counsel letter to DOL ...................................B-36

DOL Final Determination...............................................................................B-38

Williams' Performance Evaluation dated January 21, 2004..........................B-39

Peters Performance Evaluation dated October 16, 2003 ...............................B-46

Investigation Report of race accident ...........................................................B-53

Williams Termination Notice .........................................................................B-105

Peters Termination Notice ..............................................................................B-107

December 17, 2003 Memo with attached memorandum regarding guidelines for
   disciplining insubordinate employee ................................................B-110

Defendant's responses to interrogatories .......................................................B-112

January 30, 2006 defendant counsel letter supplementing defendant's interrogatory
   responses.............................................................................................B-125

January 7, 2004 Williams' letter to McGlynn protesting his termination ...................B-128

March 9, 2006 defendant counsel letter supplementing discovery responses .............B-129

Ernest Carlisle deposition transcript excerpts.............................................B-135

**TABLE OF CONTENTS**
**CONTINUED**

<u>**PAGE**</u>

Jerry Clifton deposition transcript excerpts ...............................................................B-138

Thomas Curtis deposition transcript excerpts...........................................................B-143

Joe McNair deposition transcript excerpts................................................................B-146

Robert Morrison deposition transcript excerpts.........................................................B-148

Michael Peters deposition transcript excerpts...........................................................B-153

Robin Roberts deposition transcript excerpts ...........................................................B-157

Edward Sutor deposition transcript excerpts ............................................................B-161

Richard Williams deposition transcript excerpts .......................................................B-167

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

ATTORNEYS AT LAW

KYMBERLY HANKINSON
ADMITTED IN PENNSYLVANIA, MARYLAND, &
WASHINGTON D.C.

DIRECT DIAL
215-772-7325

khankinson@mmwr.com

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215-772-1500
Fax 215-772-7620

LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002
856-488-7700
Fax 856-488-7720

300 DELAWARE AVENUE, SUITE 750
WILMINGTON, DE 19801
302-504-7800
Fax 302-504-7820

1235 WESTLAKES DRIVE, SUITE 200
BERWYN, PA 19312
610-889-2210
Fax 610-889-2220

April 5, 2004

**VIA U.S. MAIL & FACSIMILE**

Trina R. D. Wheedleton
Labor Law Enforcement Officer II
Delaware Department of Labor
24 N.W. Front Street, Suite 100
Milford, DE 19963

    Re:    Richard L. Williams v. Dover Downs, Inc.
           04020275/17CA400270

Dear Ms. Whittington:

    This is the position statement of Dover Downs, Inc. ("Dover Downs").

    Richard L. Williams ("Williams" or "Charging Party") alleges that his employment was terminated because of his age in violation of the Delaware Fair Employment Practices Act and federal law. Dover Downs denies that the Charging Party's age played any role in any decisions made and denies all allegations of unlawful conduct.

    **FACTS.** At the time of his termination, Charging Party worked for Dover Downs in the Outside Maintenance Department as a Maintenance Mechanic I.

    On December 23, 2003, Dover police and paramedics were called to the facility of Dover Downs in response to a 911 call. Two employees had been drag racing on the Dover Downs NASCAR racetrack. One driver lost control of his vehicle and hit a barrier at the end of the track. The driver of the crashed vehicle sustained neck injuries and was transported to an area hospital for treatment.



D 0169

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

Trina R. D. Wheedleton
April 5, 2004
Page 2

This unauthorized drag race violated several provisions of Section 6 of the Dover Downs Employee Handbook. See Exhibit 1. These violations include unauthorized or illegal use of the Dover Downs facilities, unauthorized or illegal use of customer facilities, misconduct and disregarding safety procedures. Id. Eight employees were involved in the drag race (the two drivers and six spectators). Charging Party was a spectator. Dover Downs immediately placed all eight on investigative suspension.

Three weeks prior to the unauthorized drag race, Charging Party received a written warning for insubordination and refusing to carry out a work order. See Exhibit 2. At that time, Charging Party was informed that further violations could result in termination. Id.

On December 31, 2003, Dover Downs disciplined all eight employees involved in the unauthorized and prohibited drag race. The drivers, Brian Williams (Landscape Mechanic, age 29) and Ernest Carlisle (Mechanic II, age 71), were terminated for willful misconduct in planning and conducting the unauthorized drag race.

Four spectators, William Larnick (Landscape Mechanic II, age 45), Michael Monahan (Mechanic I, age 38), John Patterson (Mechanic III, age 24) and Russell Hand (Mechanic II, age 68) were suspended for three days without pay for failing to report the reckless and unsafe activity to any management or security staff. This is the most severe punishment short of termination. The two remaining spectators, the Charging Party and Michael Peters (Mechanic I, age 52), were terminated for failing to report the reckless and unsafe activity to any management or security staff and previous misconduct.

The instant charge was filed on February 20, 2004.

ARGUMENT.  All of Charging Party's allegations of unlawful treatment are without merit.

Charging Party alleges he was treated differently than Larnick, Monahan and Patterson. Charging Party alleges his punishment was more severe because of his age. These allegations are without merit.

Approximately three weeks prior to the unauthorized drag race, on December 1, 2003, Charging Party received a written warning for failing to carry out a work order of a supervisor and insubordination. That Charging Party had received a written warning, so close in proximity to the December 23, 2003 event, warranted immediate termination rather than suspension. Of the four employees issued suspensions for their involvement in the drag race, not one had a record of disciplinary action, let alone a disciplinary action that occurred within a month of the unauthorized drag race.

D 0170

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

Trina R. D. Wheedleton
April 5, 2004
Page 3

Charging Party's allegations are further refuted by Dover Downs' disciplining of Russell Hands and William Larnick. Mr. Hands, who was 68 at the time of the drag race, received a three-day suspension rather than termination. Mr. Larnick, who was 45, also was suspended rather than terminated. That employees over 40, and in the case of Mr. Hand older than the Charging Party, were not terminated demonstrates Charging Party's age did not motivate or have a determinative influence on the decision to terminate Mr. Williams.

Those employees terminated for the December 23, 2003 drag race were either driving one of the vehicles (drivers Brian Williams and Ernest Carlisle), or like the Charging Party, had a record of disciplinary actions (Michael Peters). The decision by Dover Downs to terminate the Charging Party was legitimate and non-discriminatory. The decision was based solely on Charging Party's misconduct on December 23, 2003 and December 1, 2003.

The Charging Party's allegations of discrimination based on age are without merit.

**Conclusion.** For these reasons, Dover Downs requests that the charges be dismissed or a no cause determination issued.

Sincerely,

*Kymberly Hankinson*

Kymberly Hankinson

D 0171

# EXHIBIT 1

D 0172



# EMPLOYEE HANDBOOK

*For Employees of*
*Dover Downs Gaming & Entertainment, Inc.*
*and Its Subsidiaries*

D 0173

# SECTION 6: EMPLOYEE CONDUCT

### 6.01  COMPLIANCE WITH LAWS

We strive to operate in a manner that complies with all applicable laws. This applies to dealings with customers, suppliers, competitors, governmental authorities, employees, shareholders and other security holders, and the general public.

It is our policy to cooperate (and to require that our employees cooperate) with all governmental authorities having jurisdiction over our affairs. Although we strongly believe in providing full service to our customers, if a conflict arises between our basic goals of compliance and customer service, we place legal compliance ahead of our customers. As such, customers shall not be served in any fashion that might involve us in a violation of law. Contact your Manager or the Legal Department if you have any questions.

### 6.02  GUIDELINES FOR APPROPRIATE CONDUCT

You are expected to accept certain responsibilities, adhere to acceptable business principles in matters of personal conduct, and exhibit a high degree of personal integrity at all times as one of our employees. This not only involves respect for the rights and feelings of others but also demands that both in your business and in your personal life you refrain from any behavior that might be harmful to yourself, your co-workers, and/or us, or that might be viewed unfavorably by current or potential customers or by the public at-large. Whether you are on or off duty, your conduct reflects on us. You are, consequently, encouraged to observe the highest standards of professionalism at all times. If your performance, work habits, overall attitude, conduct, or demeanor becomes unsatisfactory in our judgment, based on violations of any of our policies, procedures, rules, or regulations, you will be subject to disciplinary action up to and including termination.

Listed below are types of behavior and conduct we consider inappropriate and which could lead to disciplinary action up to and including termination of employment. It is impossible to list all types of behavior which may lead to corrective action:

#### This List Should Not Be Considered All-Inclusive

1.    Criminal conduct while either on or off duty.
2.    Possession of firearms or other weapons while on our property or while on Company business.
3.    Stealing property from co-workers, customers, clients or us.
4.    Unauthorized possession, destruction or removal of property belonging to co-workers, customers, clients or us.

---

5.  Unauthorized use of customer facilities and/or privileges either while you are on or off duty.

6.  Unauthorized or illegal use of our facilities or equipment.

7.  Being unfit for duty.

8.  Reporting to work under the influence of alcohol or non-prescribed drugs.

9.  Possession of or being under the influence of alcohol or non-prescribed drugs while on duty or on our property.

10. Illegally manufacturing, possessing, using, selling, distributing, or transporting drugs.

11. Bringing or using alcoholic beverages on our property or using alcoholic beverages while engaged in Company business off our property, except where authorized.

12. Discrimination or harassment based on race, color, religion, sex, national origin, age or disability.

13. Violating our electronic information policy.

14. Fighting or using obscene, abusive, or threatening language or gestures.

15. Rudeness or discourtesy to customers or co-workers.

16. Misconduct (e.g., rowdiness).

17. Carelessness or negligence in the performance of your duties.

18. Engaging in insubordination.

19. Refusing to carry out a work assignment or reasonable request by your supervisor or other member of management.

20. Failing to use safety equipment issued to you.

21. Failing to report a work error, accident or injury.

22. Failing to cooperate with a Company investigation.

23. Falsification of your employment application or other Company records or reports.

24. Disclosing any confidential or proprietary information of the Company, a customer, or client.

25. Asking or soliciting a customer for a tip, arguing with another employee over a tip, or not providing the same level of service when a tip is not involved.

26. Misappropriation of Company property or the property of co-workers, customers or suppliers.

27. Engaging in excessive, unnecessary or unauthorized use of our supplies, particularly for personal use.

28. Disregarding safety or security regulations.

29. Leaving your assigned workstation during scheduled working hours without authorization.

30. Excessive absenteeism or lateness or an established pattern of absenteeism or lateness.

31. Signing in or out for another employee.

32. Solicitation or distribution of written material in working areas or during working time.

33. Sleeping or loitering on the job.

34. Smoking on our property while on duty except in a designated smoking area.

35. Parking in public parking lots while on duty.

# EXHIBIT 2

D 0177

# DISCIPLINARY WARNING NOTICE

Employee: __Williams, Richard   H-8304__   Date: __1 December 2003__

Department: __MAINTENANCE__   Position: __MECH I__

TYPE OF NOTICE ISSUED:
(Note: Depending on the nature of the offense, the Company may bypass any of these steps at it's discretion.)

## RECOMMENDED ACTION

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| ____ | Verbal Warning | | | | |
| X | Written Warning | | | | |
| ____ | Suspension | (From | _____ | To | _____ ) |
| ____ | Termination | | | | |

Date of Incident: __1 Dec 2003__   Incident Reported By: __Bob Morrison__

Nature of Incident: On December 1, 2003 I requested that Richard Williams lead a work force of four employees in their daily activities for that day. This work order is in direct compliance with job description of a Maintenance Mechanic I. Mr. Williams informed me that if he was to be in charge of anybody, he would need more money. He therefore refused to lead this crew. This is a violation of employee conduct as stated in the Employee Handbook on page 26, Number 18 – Engaging in insubordination and number 19 – Refusing to carry out a work assignment or reasonable request by your supervisor or other member of management. You are being issued a Written Warning. Any further conduct of this kind can result in issuing a Final Written Warning and / or your immediate termination.

---

**TO EMPLOYEE: PLEASE READ CAREFULLY BEFORE SIGNING BELOW:** You are being issued this formal warning notice to bring to your attention the severity of this situation. **THIS WARNING SHOULD NOT BE TAKEN LIGHTLY** and any further violations of Company rules will result in additional action being taken up to and including termination of your employment. If you have any questions regarding this matter, please discuss them with your Department Head.

| * EMPLOYEE'S PRINTED NAME | * EMPLOYEE'S SIGNATURE | DATE |
|---|---|---|
| Williams, Richard      H-8304 | | |

\* Signing this form does not imply that you agree with the action taken, only that you are acknowledging receipt of such notice.

[X] Check here if Employee refuses to acknowledge receipt.

The undersigned (manager/supervisor) has discussed this disciplinary action with above named employee.

| SUPERVISOR' PRINTED NAME | SUPERVISOR'S SIGNATURE | DATE |
|---|---|---|
| BOB MORRISON H-8369 | Bob Morrison | 1 December 2003 |
| HR REPRESENTATIVE PRINTED NAME | HR REPRESENTATIVE  SIGNATURE | DATE |
| MARIE V. KENDER | Marie V. Kender | 12-10-03 |

**D 0178**

## RESPONSE TO GENERAL RESPONDENT QUESTIONNAIRE

The full and complete legal name of the employer is:

Dover Downs, Inc.

The address of the primary place of business of the employer is:

1131 North DuPont Highway
Dover, DE 19901

Dover Downs, Inc. is a multipurpose entertainment complex featuring harness racing, video lottery gaming, hotel, and restaurants. Dover Downs, Inc. employs no employees outside the State of Delaware, and employs approximately 850 full time and part time employees within the State of Delaware.

The names of the management personnel involved in this matter should be stated in the position statement submitted herewith. Additional inquires concerning Dover Downs management can be answered upon request.

Dover Downs, Inc. maintains an Employee Handbook, which is given to employees and an acknowledgment of receipt obtained. A copy of the Employee Handbook and the receipt signed by Charging Party can be requested. Likewise, Dover Downs, Inc. maintains an Code of Business Conduct, which is given to employees and an acknowledgment of receipt obtained. A copy of the Code of Business Conduct and the receipt signed by Charging Party can be requested.

Dover Downs, Inc. is a nonunion employer, and as such no employees are covered by a collective bargaining agreement.

Dover Downs, Inc. is not a federal government contractor.

The position statement submitted herewith should provide any additional data appropriately requested in the General Respondent Questionnaire, or such information is available upon request.

989917v1

D 0179

The information in this Response to General Respondent Questionnaire is provided by outside counsel to Dover Downs, Inc., specifically Kymberly D. Hankinson, Montgomery, McCracken, Walker & Rhoads, LLP, 123 South Broad Street, Philadelphia PA 19109; (215) 772 7325; (215) 772-7620 (fax); khankinson@mmwr.com. Further inquires should be directed to Kymberly D. Hankinson.

CERTIFIED:

Kymberly D. Hankinson

**D 0180**



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
The Windsor
24 N. W. Front Street
Suite 100
Milford, DE 19963

Telephone: (302) 422-1134
Fax: (302) 422-1137

December 8, 2004

Kymberly Hankinson
Montgomery, McCracken, Walker & Rhoads, LLP
Attorneys at Law
123 South Broad Street
Philadelphia, PA 19109

RE: Williams v. Dover Downs Entertainment
Case No.: 04020275/17CA400270
Notice of Preliminary Determination

Dear Ms. Hankinson:

As you know I have been assigned to investigate the allegation of age discrimination filed against Dover Downs Entertainment (Respondent) by Richard Williams (Charging Party). I have reviewed the information submitted by both parties in this matter. However, additional information would be beneficial at this time.

According to Respondent, Charging Party was terminated for being a spectator of a drag race and for insubordination in another unrelated incident. The disciplinary warning issued to Charging Party indicates that any further conduct of this kind can result in issuing a Final Written Warning and/or your immediate termination." Being a spectator in a drag race is not the same as insubornation. It would seem logical that Charging Party should have been disciplined in the same manner as the other individuals who were spectator (Ages-45, 38,24, and 68). Respondent had several choices in the method of disciplining Charging Parties but chose to take most severe disciplinary action.

1) Please provide the disciplinary records for all employees involved in the drag race incident for the past five years.
2) How long was each individual employed by Respondent? Include dates of hire
3) Please provide the notice of termination given to Charging Party.



D 0492

B-12

Page Two
Williams v. Dover Downs Entertainment

Charging Party asserts that he was previously asked to retire by Jerry Clifton sometime in 2003 but chose not too.
4) Was Charging Party asked to retire? If so, why?
5) What is the age of the individual who has replaced Charging Party?
6) Please provide a workforce analysis for the year of 2003 of all employees containing the following: a) Date of birth
   b) Date of hire
   c) Title and Department
   d) Date of termination, if applicable
   e) Reason for termination

Please provide your response no later than December 20, 2004. You may to submit any additional substantive information/evidence to support your position. If no additional substantive information is provided a "cause" finding may occur. Respondent also may consider a possible "No Fault Settlement" in this matter. Feel free to contact me at the above address or via telephone at (302) 422-1134 x15. You may also fax your response to me at (302) 422-1137.

Sincerely,

Andre Boggerty
Labor Law Enforcement Officer

B-13

D 0493

# MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

### ATTORNEYS AT LAW

**KYMBERLY D. HANKINSON**
ADMITTED IN PENNSYLVANIA, MARYLAND, &
WASHINGTON D C

DIRECT DIAL
215-772-7325

khankinson@mmwr.com

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215-772-1500
Fax 215-772-7620

LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002
856-488-7700
Fax 856-488-7720

300 DELAWARE AVENUE, SUITE 750
WILMINGTON, DE 19801
302-504-7800
Fax 302-504-7820

1235 WESTLAKES DRIVE, SUITE 200
BERWYN, PA 19312
610-889-2210
Fax 610-889-2220

December 23, 2004

## BY FACSIMILE & U.S. MAIL

Andre Boggerty
Labor Law Enforcement Officer
Delaware Department of Labor
24 N.W. Front Street, Suite 100
Milford, DE 19963

      Re:    Williams v. Dover Downs, Inc.
              Case No. 04020275/17CA400270

Dear Mr. Boggerty:

      As you are aware, I represent the Respondent in the above referenced matter. This is in response to your letter of December 8, 2004 requesting additional information in this matter.

### Question 1

Please see Exhibit A

### Question 2

| Name | DOH |
|------|------|
| Carlisle, Ernest | 02-01-90 |
| Hands, Russell | 02-27-99 |
| Larnick, William | 10-28-02 |
| Monahan, Michael | 04-17-95 |
| Patterson, John | 02-12-01 |
| Peters, Michael | 02-11-85 |
| Williams, Brian | 11-12-95 |
| Williams, Richard | 12-22-78 |



EXHIBIT

Sutor 6
Cee 2/9/06

1118897\1

D 0148

A LIMITED LIABILITY PARTNERSHIP FORMED IN PENNSYLVANIA
LOUIS A. PETRONI - NEW JERSEY RESPONSIBLE PARTNER

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

Mr. Andre Boggerty
December 23, 2004
Page 2

### Question 3

Please see Exhibit B

### Question 4

Jerry Clifton, the Manager of Harness Track Operations, did not ask Charging Party to retire. In late 2002 or early 2003, Clifton asked employees in his group eligible for retirement, including the Charging Party, if they were considering retirement in 2003. Clifton made no further inquiry.

### Question 5

Larry Barner replaced Richard Williams. Barner's date of birth is 03/31/61.

### Question 6

As per our agreement, question 6 was limited to the Outside Maintenance group. Please see Exhibit C.

Respondent's decision to terminate Charging Party was legitimate and non discriminatory, and based solely of Charging Party's misconduct on December 1 and December 23, 2003.

Six employees were disciplined for watching the December 23, 2003 drag race. Four employees, Russell Hands (age 68), William Lamick (age 45), Michael Monohan (age 38) and John Patterson (age 24), received the harshest discipline short of termination, a three day suspension. Of the four, three had never been disciplined during their employment at Dover Downs. One employee (Monohan) received a verbal warning in July, 2003.

By contrast, Charging Party received a written warning for insubordination approximately three weeks prior to the drag race. The warning states "any further violations of any Company rules will result in additional action being taken up to and including termination of your employment." See Exhibit B – R. Williams 12/01/03 Written Warning Notice. In no way does the language of the written warning given to Charging Party on December 1, 2003, limit Respondent's ability to dismiss Charging Party for future misconduct.

J118897v1

D 0149

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

Mr. Andre Boggerty
December 23, 2004
Page 3

Due to his December 2003 discipline, Charging Party was not similarly situated with the other employees who were suspended rather than terminated for participating in the drag race. There is no evidence that age motivated Respondent's termination decision. In fact, if age had been a motivating factor, it stands to reason that Russell Hands (age 68), would have been terminated. Respondent's decision to suspend rather than terminate Hands demonstrates that the record of discipline, and not age, was the key factor in Respondent's decision to terminate Charging Party.

If I can be of further assistance, please contact me.

Sincerely,

Kymberly D. Hankinson

Enclosures

# EXHIBIT A

D 0151

# DISCIPLINARY WARNING NOTICE

Employee's Name: __Ernest Carlisle__                    Date of Notice: __12/31/03__

Department: __Harness Maintenance__          Position: __Mechanic II__

**ACTION TAKEN** *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

| | |
|---|---|
| _____ | Verbal Warning |
| _____ | Written Warning |
| _____ | Final Written Warning   *OR*   Suspension     (From _____ To _____ ) |
| __X__ | Termination |

*DATE OF INCIDENT:* __December 23, 2003__     *INCIDENT REPORTED BY:* __Security__

*NATURE OF INCIDENT:*

On Tuesday December 23, 2003, you and another employee were involved in an automobile "drag race" on Pit Road of Dover International Speedway. This race resulted in a crash and subsequent injuries to the other party. Your misconduct and unauthorized use of Dover Down's facilities are not condoned and can not be tolerated. As per Dover Down's policy and procedures you are here by terminated.

---

*TO EMPLOYEE:*

- PLEASE READ THIS ENTIRE DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.
- You are being issued this Notice to make you aware of the severity of this situation.
- THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- If you have any questions regarding this matter, please discuss them with the head of your Department.

---

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* | DATE SIGNED |
|---|---|---|
| Ernest Carlisle | *Ernest W. Carlisle* | |

* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

- ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| ~~Jerry Clifton~~ *Rich Wertz* | *Richard Wertz* | 12-31-03 |

| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Robin M. Roberts | *Robin M. Roberts* | 12-31-03 |

D 0152

DISCIPLINARY WARNING NOTICE

| | |
|---|---|
| Employee's Name: | Russell Hands |
| | Date of Notice: December 30, 2003 |
| Department: | Facilities-Outside Maintenance    Position: Mechanic II |

**ACTION TAKEN** *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

_____ Verbal Warning
_____ Written Warning
___X___ Final Written Warning    *OR*    Suspension    (From ___12/29/03___ Through ~~To~~ ___12/31/03___ )
_____ Termination

DATE OF INCIDENT: ___12/23/03___    INCIDENT REPORTED BY: ___Security___

NATURE OF INCIDENT:

As you know, an illegal drag race involving two of your fellow Maintenance employees took place on 12/23/03 on Pit Road of the Dover International Speedway. That race resulted in an accident and sustained injuries. It has been reported that you were a spectator to this event and did not at any time report this reckless and extremely unsafe event to any Management or Security staff at Dover Downs. As a result of this behavior you are being issued a 3 day unpaid Suspension. Further incidents of this nature will result in your termination.

---

## TO EMPLOYEE:

* PLEASE READ THIS <u>ENTIRE</u> DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.
* You are being issued this Notice to make you aware of the severity of this situation.
* THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.
* *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
* If you have any questions regarding this matter, please discuss them with the head of your Department.

EMPLOYEE'S PRINTED NAME
RUSSELL HANDS

EMPLOYEE'S SIGNATURE*    *Russell Hands*    DATE SIGNED  *12/30/03*

* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

* ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

MANAGER / SUPERVISOR'S PRINTED NAME
Jerry Clifton

MANAGER / SUPERVISOR'S SIGNATURE  *Jerry Clifton*    DATE SIGNED  *12/30/03*

HR REPRESENTATIVE'S PRINTED NAME
Robin M. Roberts

HR REPRESENTATIVE'S SIGNATURE  *Robin M. Roberts*    DATE SIGNED  *1-5-04*

D 0153

Page 1 of 2
(1/03)

## DISCIPLINARY WARNING NOTICE

Employee's Name:     Bill Larnick

Date of Notice:   December 30, 2003

Department:     Facilities-Outside Maintenance          Position:   Mechanic II

**ACTION TAKEN**   *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

```
_____  Verbal Warning
_____  Written Warning
   X     Final Written Warning    OR    Suspension      (From    12/29/03 Through   ✗   12/31/03    )
_____  Termination
```

*DATE OF INCIDENT:*   12/23/03          *INCIDENT REPORTED BY:*   Security

*NATURE OF INCIDENT:*

As you know, an illegal drag race involving two of your fellow Maintenance employees took place on 12/23/03 on Pit Road of the Dover International Speedway. That race resulted in an accident and sustained injuries. It has been reported that you were a spectator to this event and did not at any time report this reckless and extremely unsafe event to any Management or Security staff at Dover Downs. As a result of this behavior you are being issued a 3 day unpaid Suspension. Further incidents of this nature will result in your termination.

### TO EMPLOYEE:

• **PLEASE READ THIS ENTIRE DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.**

• You are being issued this Notice to make you aware of the severity of this situation.

• THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.

• *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*

• If you have any questions regarding this matter, please discuss them with the head of your Department.

| EMPLOYEE'S PRINTED NAME BILL LARNICK | EMPLOYEE'S SIGNATURE* | DATE SIGNED |
|---|---|---|
| | *B. Turk* | 1-2-04 |

* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

* ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME Dave Pelly | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| | *Dave T. Pelly*   Given By Bob W   0715 | 1/2/04 |
| HR REPRESENTATIVE'S PRINTED NAME Robin M. Roberts | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED 12-30-03 |
| | *Robin M. Roberts* | 1-5-04 |

**D 0154**

*Page 1 of 2*

# DISCIPLINARY WARNING NOTICE

Employee's Name:    **Michael P. Monahan H-5872**    Date of Notice: **7-16-04**

Department:    **Facility Grounds Maintenance**    Position: **Mechanic I**

**ACTION TAKEN**    *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

| | |
|---|---|
| X | Verbal Warning |
| _____ | Written Warning |
| _____ | Final Written Warning    OR    Suspension    (From _____ To _____ ) |
| _____ | Termination |

*DATE OF INCIDENT:* 7-15-04    *INCIDENT REPORTED BY:*    John S. McCarty H- 9953

*NATURE OF INCIDENT:*

On July 15, 2004 about 8:30 am I informed Mike Monahan that Kelvin Arnold and himself were to get shovels and what ever else they needed and shovel out the electrical dog boxes in the infield. At that time he got upset and said he needs to work on a grease trap. At that time I informed him that I was passing on an assignment as it was passed on to me. His comment was whoever said that, they have to do it. I informed him it came from Bob Morrison, who is my boss. He got even madder, made a comment that I cannot recall. At that time I told him that I was doing my job and he doesn't need to give me a hard time but just do his job. At that time, he proceeded in saluting me and with a sharp low tone said "Yes Sir!" With that I informed him that he doesn't need to get smart but just do the job that was given to him. Again he said I told you "Yes Sir!" The tone used was that of contempt. Further confrontational displays can and will result in additional disciplinary action.

## TO EMPLOYEE:

- **PLEASE READ THIS <u>ENTIRE</u> DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.**
- **You are being issued this Notice to make you aware of the severity of this situation.**
- **THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.**
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- **If you have any questions regarding this matter, please discuss them with the head of your Department.**

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* | DATE SIGNED |
|---|---|---|
| Michael P. Monahan H-5872  Mechanic I | | |

* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.
* [X] Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| ohn S. McCarty H- 9953  Supervisor | *John S. McCarty* | 7-16-04 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED |
| Marie A. Isenberg | *Marie A. Isenberg* | 7-21-04 |

D 0155

# DISCIPLINARY WARNING NOTICE

| | | |
|---|---|---|
| Employee's Name: | Mike Monahan | Date of Notice: December 30, 2003 |
| Department: | Facilities-Outside Maintenance | Position: Mechanic I |

**ACTION TAKEN** *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

_____ Verbal Warning
_____ Written Warning
__X__ Final Written Warning   OR   Suspension    (From    12/29/03 Through   ☒   12/31/03    )
_____ Termination

DATE OF INCIDENT:   12/23/03              INCIDENT REPORTED BY:   Security

NATURE OF INCIDENT:

As you know, an illegal drag race involving two of your fellow Maintenance employees took place on 12/23/03 on Pit Road of the Dover International Speedway. That race resulted in an accident and sustained injuries. It has been reported that you were a spectator to this event and did not at any time report this reckless and extremely unsafe event to any Management or Security staff at Dover Downs. As a result of this behavior you are being issued a 3 day unpaid Suspension. Further incidents of this nature will result in your termination.

---

## TO EMPLOYEE:

- **PLEASE READ THIS _ENTIRE_ DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.**
- You are being issued this Notice to make you aware of the severity of this situation.
- THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- If you have any questions regarding this matter, please discuss them with the head of your Department.

---

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* | DATE SIGNED |
|---|---|---|
| MIKE MONAHAN | *Mike Monahan* | 1/2/04 |

\* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

\*  ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Bob Morrison | *Bob Morrison* | 1/2/04   0825 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED |
| Robin M. Roberts | *Robin M. Roberts* | 1-5-04 |

D 0156

Page 1 of 2

# DISCIPLINARY WARNING NOTICE

Employee's Name: _John Patterson_

Date of Notice: _December 30, 2003_

Department: _Facilities-Outside Maintenance_    Position: _Mechanic III_

**ACTION TAKEN** *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

_____ Verbal Warning

_____ Written Warning

__X____ Final Written Warning    OR    Suspension    (From    _12/29/03 Through_    ✗    _12/31/03_    )

_____ Termination

*DATE OF INCIDENT:* _12/23/03_    *INCIDENT REPORTED BY.*    _Security_

*NATURE OF INCIDENT:*

As you know, an illegal drag race involving two of your fellow Maintenance employees took place on 12/23/03 on Pit Road of the Dover International Speedway. That race resulted in an accident and sustained injuries. It has been reported that you were a spectator to this event and did not at any time report this reckless and extremely unsafe event to any Management or Security staff at Dover Downs. As a result of this behavior you are being issued a 3 day unpaid Suspension. Further incidents of this nature will result in your termination.

### TO EMPLOYEE:

- **PLEASE READ THIS _ENTIRE_ DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.**
- You are being issued this Notice to make you aware of the severity of this situation.
- **THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.**
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- If you have any questions regarding this matter, please discuss them with the head of your Department.

EMPLOYEE'S PRINTED NAME
JOHN PATTERSON

EMPLOYEE'S SIGNATURE

DATE SIGNED
_12-29-03_

- Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

- ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

MANAGER / SUPERVISOR'S PRINTED NAME
Jerry Clifton

MANAGER / SUPERVISOR'S SIGNATURE

DATE SIGNED
_12/29/03_

HR REPRESENTATIVE'S PRINTED NAME
Robin M. Roberts

HR REPRESENTATIVE'S SIGNATURE

DATE SIGNED
_1-5-04_

# DISCIPLINARY WARNING NOTICE

Employee: Peters, Michael  H - 5873         Date:  1 December 2003

Department:  MAINTENANCE              Position:  MECH I

TYPE OF NOTICE ISSUED:
(Note: Depending on the nature of the offense, the Company may bypass any of these steps at it's discretion.)

## RECOMMENDED ACTION

_____  Verbal Warning
___X___  Written Warning
_____  Suspension       (From  _____  To  _____ )
_____  Termination

Date of Incident:   1 Dec 2003        Incident Reported By:   Bob Morrison

**Nature of Incident:** On December 1, 2003 I requested that Michael Peters lead a work force of four employees in their daily activities for that day. This work order is in direct compliance with job description of a Maintenance Mechanic I. Mr. Peters informed me that he did not want to be in charge "of anybody". He therefore refused to lead this crew. This is a violation of employee conduct as stated in the Employee Handbook on page 26, Number 18 – Engaging in insubordination and number 19 – Refusing to carry out a work assignment or reasonable request by your supervisor or other member of management. You are being issued a Written Warning. Any further conduct of this kind can result in issuing a Final Written Warning and / or your immediate termination.

---

**TO EMPLOYEE: PLEASE READ CAREFULLY BEFORE SIGNING BELOW:** You are being issued this formal warning notice to bring to your attention the severity of this situation. **THIS WARNING SHOULD NOT BE TAKEN LIGHTLY** and any further violations of Company rules will result in additional action being taken up to and including termination of your employment. If you have any questions regarding this matter, please discuss them with your Department Head.

---

| * EMPLOYEE'S PRINTED NAME | * EMPLOYEE'S SIGNATURE | DATE |
|---|---|---|
| Peters, Michael     H-5873 | | |

\* Signing this form does not imply that you agree with the action taken, only that you are acknowledging receipt of such notice.

☑ Check here if Employee refuses to acknowledge receipt.

*12/12/03*

The undersigned (manager/supervisor) has discussed this disciplinary action with above named employee.

| SUPERVISOR PRINTED NAME | SUPERVISOR'S SIGNATURE | DATE |
|---|---|---|
| BOB MORRISON  H-5369 | *Bob Morrison* | *1* December 2003 |
| HR REPRESENTATIVE PRINTED NAME | HR REPRESENTATIVE SIGNATURE | DATE |
| MARIE A. ISENBERG | *Marie A. Isenberg* | 12-12-03 |

D 0158

# DISCIPLINARY WARNING NOTICE

Employee's Name:    Michael Peters

Department:    Maintenance                                Date of Notice:   12/31/03

                                        Position:   Maintenance Mechanic I

ACTION TAKEN  *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

_____ Verbal Warning
_____ Written Warning
_____ Final Written Warning    OR    Suspension    (From _____    To _____ )
___X___ Termination

DATE OF INCIDENT:  12/23/03                INCIDENT REPORTED BY:   Security

NATURE OF INCIDENT:

As you know, you were issued a written warning on December 12, 2003 for insubordination and refusal to carry out a work request by your Manager. Eleven days after that warning was issued, on December 23, 2003, you were present during a "drag race" on Pitt road of the Dover International Speedway. This drag race was between two fellow maintenance employees in their own personal vehicles. It has been reported that your work vehicle, which was stationed at Gate 1, was positioned so as to block anyone from getting on to the track. In addition, you admitted seeing the two employees drag race 3.5 times. At no time during these 3.5 "runs" did you report this event to Management or Security, or attempt to stop it from happening. As a Mechanic I it is your responsibility to report any suspicious, unsafe, or reckless behavior of any type involving your fellow co-workers. You did not report this behavior to anyone. In view of the fact that you had very recently been issued a written warning for insubordination, and the fact that you did not report this very serious incident, you are hereby being terminated.

---

## TO EMPLOYEE:

PLEASE READ THIS **ENTIRE** DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.
You are being issued this Notice to make you aware of the severity of this situation.
THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.
*ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
If you have any questions regarding this matter, please discuss them with the head of your Department.

EMPLOYEE'S PRINTED NAME
Michael Peters

EMPLOYEE'S SIGNATURE    DATE SIGNED

Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.
[ ] Check here if Employee refuses to acknowledge receipt of this Notice.

Undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

D 0159

*Page 1 of 3*
*(11/a)*

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| RICHARD WERTZ | Richard Wertz | |
| HR REPRESENTATIVE'S PRINTED NAME<br>Robin M. Roberts | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED<br>12-31-02 |

D 0160

## DISCIPLINARY WARNING NOTICE

Employee's Name: __Brian Williams__    Date of Notice: __12/31/03__

Department: __Maintenance__    Position: __Maintenance Mechanic III__

**ACTION TAKEN** *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

_____ Verbal Warning
_____ Written Warning
_____ Final Written Warning    OR    Suspension    (From _____ To _____ )
__X__ Termination

DATE OF INCIDENT: __December 23, 2003__    INCIDENT REPORTED BY: __Security__

NATURE OF INCIDENT:

On Tuesday December 23, 2003, you and another employee were involved in an automobile "drag race" on the pit road of Dover International Speedway. Your misconduct and unauthorized use of Dover Downs' facilities are not condoned and can not be tolerated. As per Dover Down's policy and procedures you are hereby terminated.

### TO EMPLOYEE:

- PLEASE READ THIS __ENTIRE__ DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.
- You are being issued this Notice to make you aware of the severity of this situation.
- THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- If you have any questions regarding this matter, please discuss them with the head of your Department.

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* | DATE SIGNED |
|---|---|---|
| Brian Williams | | |

* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

* ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Richard Wertz | | 12/31 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED |
| Robin M. Roberts | | 12-31-03 |

D 0161

B-27

Page 1 of 2

## DISCIPLINARY WARNING NOTICE

Employee: __Williams, Richard   H-8304__          Date: __1 December 2003__

Department: __MAINTENANCE__          Position: __MECH I__

TYPE OF NOTICE ISSUED:
(Note: Depending on the nature of the offense, the Company may bypass any of these steps at it's discretion.)

RECOMMENDED ACTION

| | |
|---|---|
| _____ | Verbal Warning |
| __X__ | Written Warning |
| _____ | Suspension   (From _____ To _____ ) |
| _____ | Termination |

Date of Incident: __1 Dec 2003__          Incident Reported By: __Bob Morrison__

Nature of Incident: On December 1, 2003 I requested that Richard Williams lead a work force of four employees in their daily activities for that day. This work order is in direct compliance with job description of a Maintenance Mechanic I. Mr. Williams informed me that if he was to be in charge of anybody, he would need more money. He therefore refused to lead this crew. This is a violation of employee conduct as stated in the Employee Handbook on page 26, Number 18 – Engaging in insubordination and number 19 – Refusing to carry out a work assignment or reasonable request by your supervisor or other member of management. You are being issued a Written Warning. Any further conduct of this kind can result in issuing a Final Written Warning and / or your immediate termination.

---

**TO EMPLOYEE: PLEASE READ CAREFULLY BEFORE SIGNING BELOW:** You are being issued this formal warning notice to bring to your attention the severity of this situation. **THIS WARNING SHOULD NOT BE TAKEN LIGHTLY** and any further violations of Company rules will result in additional action being taken up to and including termination of your employment. If you have any questions regarding this matter, please discuss them with your Department Head.

---

| * EMPLOYEE'S PRINTED NAME<br>Williams, Richard    H-8304 | * EMPLOYEE'S SIGNATURE | DATE |
|---|---|---|

*   Signing this form does not imply that you agree with the action taken, only that you are acknowledging receipt of such notice.

[X] Check here if Employee refuses to acknowledge receipt.

The undersigned (manager/supervisor) has discussed this disciplinary action with above named employee.

| SUPERVISOR' PRINTED NAME<br>BOB MORRISON  H-5369 | SUPERVISOR'S SIGNATURE<br>_Bob Morrison_ | DATE<br>1 December 2003 |
|---|---|---|
| HR REPRESENTATIVE PRINTED NAME<br>_MARIE A. ISENBERG_ | HR REPRESENTATIVE SIGNATURE<br>_Marie A. Isenberg_ | DATE<br>12-12-03 |

D 0162

# DISCIPLINARY WARNING NOTICE

Employee's Name: **Richard Williams**                     Date of Notice: 12/31/03

Department: __Maintenance__         Position: Maintenance Mechanic I

**ACTION TAKEN**  *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

| | | |
|---|---|---|
| _____ | Verbal Warning | |
| _____ | Written Warning | |
| _____ | Final Written Warning   OR   Suspension   (From _____ To _____ ) |
| __X__ | Termination | |

*DATE OF INCIDENT:* December 23, 2003     *INCIDENT REPORTED BY:* Security

*NATURE OF INCIDENT:*

As you know, you were issued a written warning on December 12, 2003 for insubordination and refusal to carry out a work request by your Manager. Eleven days after that warning was issued, on December 23, 2003, you were present during a "drag race" on Pit Road of the Dover International Speedway. This drag race was between two fellow maintenance employees in their own personal vehicles. In a conversation with Joe McNair, Security Investigator, on that same day, you admitted that you pulled your work vehicle next to Michael Peters' work vehicle, which was stationed at Gate 1, and that you thought that was a good idea since that would prevent anyone from coming in during the race. In addition, it was reported by several witnesses that the employees raced 3.5 times down Pit Road. At not time during these 3.5 "runs" did you report this event to Management or Security, or attempt to stop it from happening. As a Mechanic I it is your responsibility to report any suspicious, unsafe or reckless behavior of any type involving your fellow co-workers. You did not report this behavior to anyone. In view of the fact that you had very recently been issued a written warning for insubordination, and the fact that you did not report this very serious incident, you are hereby terminated.

---

### TO EMPLOYEE:

- **PLEASE READ THIS <u>ENTIRE</u> DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.**
- You are being issued this Notice to make you aware of the severity of this situation.
- **THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.**
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- If you have any questions regarding this matter, please discuss them with the head of your Department.

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* | DATE SIGNED |
|---|---|---|
| Richard Williams | | |

* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

* Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

**D 0163**

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Richard Wertz | *Richard Wertz* | 12·31·03 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED |
| | | 12·31·03 |

# EXHIBIT B

D 0164

# DISCIPLINARY WARNING NOTICE

Employee's Name:   Richard Williams                                    Date of Notice:  12/31/03

Department:        Maintenance                       Position:  Maintenance Mechanic I

**ACTION TAKEN**   *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

| | |
|---|---|
| _____ | Verbal Warning |
| _____ | Written Warning |
| _____ | Final Written Warning   OR   Suspension    (From _____ To _____ ) |
| X | Termination |

*DATE OF INCIDENT:*  December 23, 2003    *INCIDENT REPORTED BY:*   Security

*NATURE OF INCIDENT:*

As you know, you were issued a written warning on December 12, 2003 for insubordination and refusal to carry out a work request by your Manager. Eleven days after that warning was issued, on December 23, 2003, you were present during a "drag race" on Pit Road of the Dover International Speedway. This drag race was between two fellow maintenance employees in their own personal vehicles. In a conversation with Joe McNair, Security Investigator, on that same day, you admitted that you pulled your work vehicle next to Michael Peters' work vehicle, which was stationed at Gate 1, and that you thought that was a good idea since that would prevent anyone from coming in during the race. In addition, it was reported by several witnesses that the employees raced 3.5 times down Pit Road. At no time during these 3.5 "runs" did you report this event to Management or Security, or attempt to stop it from happening. As a Mechanic I it is your responsibility to report any suspicious, unsafe or reckless behavior of any type involving your fellow co-workers. You did not report this behavior to anyone. In view of the fact that you had very recently been issued a written warning for insubordination, and the fact that you did not report this very serious incident, you are hereby terminated.

---

### TO EMPLOYEE:

- **PLEASE READ THIS _ENTIRE_ DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.**
- **You are being issued this Notice to make you aware of the severity of this situation.**
- **THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.**
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- **If you have any questions regarding this matter, please discuss them with the head of your Department.**

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* | DATE SIGNED |
|---|---|---|
| Richard Williams | | |

* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.
* ☑ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.                    **D 0165**

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Richard Wertz | *Richard White* | 12-31-03 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED |
| | | 12-31-03 |

# EXHIBIT C

D 0166

## DOVER DOWNS, INC
## OUTSIDE MAINTENANCE

| ast Name | First Name | Start Date | Job Title | Birth Date | Last Day Worked | Reason for Termination |
|---|---|---|---|---|---|---|
| RLOTTA | DONNA | 8/6/2001 | 149090 | 10/1/1957 | | |
| RNOLD | KELVIN | 3/15/2004 | 219090 | 10/6/1956 | | |
| ARNER | LARRY | 11/26/1986 | 219090 | 3/31/1961 | | |
| ALLAHAN | CHRISTOPER | 5/10/2004 | 209090 | 6/27/1983 | | |
| ARLISLE | ERNEST | 2/1/1990 | 219090 | 4/13/1932 | 12/23/2003 | Willful Misconduct |
| LAY | JEFFREY | 3/29/2004 | 219090 | 10/30/1962 | | |
| LIFTON | JERRY | 1/9/1996 | 103501 | 8/9/1958 | | |
| OPELAND | LEROY | 10/30/2003 | 219090 | 2/5/1940 | | |
| ONAVON III | WILLIAM | 2/16/2004 | 209090 | 4/29/1978 | 8/27/2004 | Resignation |
| AGAN | RONALD | 11/11/2002 | 219090 | 3/26/1951 | 7/25/2003 | Resignation |
| RAZIER | THOMAS | 5/17/2004 | 209090 | 7/18/1939 | | |
| INTER | JOHN | 1/30/1999 | 219090 | 7/1/1954 | | |
| ALL | DAVID | 2/12/2001 | 219090 | 11/1/1939 | 10/12/2003 | Resignation |
| ANDS | RUSSELL | 2/27/1999 | 219090 | 2/7/1935 | | |
| ASTINGS | JOSHUA | 11/22/2004 | 229090 | 9/19/1986 | | |
| OOD | RICHARD | 9/16/2002 | 219090 | 10/31/1954 | 3/4/2003 | Resignation |
| NOTTS | ROBERT | 8/9/2004 | 209090 | 6/11/1961 | | |
| ARNICK | WILLIAM | 10/28/2002 | 219090 | 12/19/1958 | 2/3/2004 | Resignation |
| AHER | STEPHEN | 4/4/1998 | 209090 | 9/21/1979 | | |
| AHER | DAVID | 6/12/2000 | 209090 | 7/30/1982 | | |
| CCARTY | JOHN | 12/16/2002 | 470000 | 7/22/1956 | | |
| ERCER | JAMES | 5/15/2000 | 209090 | 9/27/1980 | 10/20/2003 | Reduction in Force |
| ONAHAN | MICHAEL | 4/17/1995 | 209090 | 8/15/1965 | | |
| ONROE | EMORY | 10/22/2001 | 219090 | 9/24/1964 | 5/13/2003 | No Call/No Show |
| ORRISON | WILLIAM | 3/3/1997 | 390900 | 5/11/1957 | | |
| UTTEN | FRANK | 12/27/2000 | 209090 | 9/9/1956 | 5/7/2004 | Resignation |
| AGE JR. | ROBERT | 5/10/2004 | 209090 | 7/16/1958 | 5/28/2004 | No Call/No Show |
| ATTERSON | JOHN | 2/12/2001 | 219090 | 1/21/1979 | | |
| ELLY | DAVID | 5/10/1999 | 390901 | 3/23/1965 | | |
| ERKINS | WILLIAM | 5/1/2000 | 229090 | 6/5/1963 | 4/29/2003 | Reduction in Force |
| ETERS | MICHAEL | 2/11/1985 | 209090 | 11/30/1951 | 12/23/2003 | Willful Misconduct |
| NDER | JAMES | 11/8/2004 | 219090 | 9/23/1952 | | |
| FENBURG JR. | RONALD | 5/10/2004 | 219090 | 10/4/1981 | | |
| JDDY | DIANA | 11/2/1998 | 149090 | 3/6/1955 | 9/3/2003 | No Call/No Show |
| HOCKLEY | JEFFREY | 2/16/2004 | 219090 | 8/10/1962 | | |
| OPLIFFE | AARON | 12/29/2003 | 219090 | 5/13/1976 | 6/7/2004 | Resignation |
| EGA | CATHLEEN | 4/5/2004 | 229090 | 9/2/1955 | 4/16/2004 | Resignation |
| ILLIAMS | JERRY | 11/12/1995 | 219090 | 1/26/1950 | 10/20/2003 | Reduction in Force |
| ILLIAMS | BRIAN | 11/12/1995 | 219090 | 11/24/1974 | 12/23/2003 | Willful Misconduct |
| ILLIAMS | RICHARD | 12/22/1978 | 209090 | 2/20/1948 | 12/23/2003 | Willful Misconduct |

*sition Codes Key*

| 9090 | Mechanic I |
|---|---|
| 9090 | Mechanic II |
| 9090 | Mechanic III |
| 0900 | Mgr - Bldg. |
| 0901 | Mgr - Landscaping |
| 9090 | Office Coordinator |
| 3501 | Mgr - Harness Track Ops |
| 0000 | Supervisor |

D 0167



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
The Windsor
24 N. W. Front Street
Suite 100
Milford, DE 19963

Telephone: (302) 422-1134
Fax: (302) 422-1137

January 18, 2005

Kymberly D. Hankinson, Esq.
Montgomery, McCracken, Walker
& Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109

RE: Williams vs. Dover Downs Entertainment
Case No.: 04020275/17CA400270
Preliminary Notice of Determination

Dear Kymberly D. Hankinson, Esq.:

As you know, I am currently in the process of investigating the complaint of age discrimination filed by Richard Williams (Charging Party) against Dover Downs Entertainment (Respondent). I have reviewed the information and/or evidence submitted by both parties, however, additional information could be beneficial in to this matter.

As to the allegations that Mr. Clifton asked Charging Party to retire, Respondent asserts that all eligible employees in his group in they were planning to retire.

Who were the other eligible employees in the group?

Is it common practice for managers to ask employees if they are planning to retire?

Respondent asserts that Charging Party and Mr. Peters was terminated because of a previous write-up that was issued on December 12, 2003 and the "drag racing" incident resulted in their termination. However, Mr. Monohan (38) was disciplined in July 2003 but was not terminated. The warning issued to Mr. Monohan also included the following statement:

"Any further violations of any company rules, polices or procedures may result in additional actions being taken, up to and including termination of your employment."



D 0468

B-34

Page Two
Williams v. Dover Downs Entertainment

After reviewing the write-up issued to Mr. Monohan, one could conclude that his actions were also an act of insubordination. Charging Party and Mr. Peters actions on December 1, 2003 were also considered insubordination and Respondent choose to terminate them. It does appear that Respondent was inconstant in issuing the disciplines for these three individuals.

What was the employment record of Mr. Williams and Mr. Peters before December 1, 2003?

Charging Party also asserts that he and Mr. Peters had the most seniority and were the highest paid out of all the individuals disciplined. This to include Mr. Hands, whom Charging Party said he actually had a role in his being hired on a part-time basis.

Please provide the wages for all the individuals involved in the "drag racing" incident.

What is the pay rate of the individual who replaced Mr. Williams?

Who was the supervisor when Mr. Hands was hired?

Please respond no later than January 28, 2005. A decision in this matter may occur on that date. You may also provide additional information in support of Respondent's position. Based on the information provided thus far a "Cause" finding is likely to occur. However, Respondent may also consider a possible "No Fault Settlement" as a remedy in this matter.

You may mail your response to me at the address above or contact me via telephone at (302) 422-1134 x15. You may also fax your response to (302) 422-1137 with attention to Andre Boggerty.

Sincerely,

*A. R. Boggerty*

Andre Boggerty
Labor Law Enforcement Officer

D 0469

# MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
### ATTORNEYS AT LAW

**KYMBERLY D. HANKINSON**
Admitted in Pennsylvania, Maryland, & Washington D.C.

DIRECT DIAL
215-772-7325

khankinson@mmwr.com

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215-772-1500
Fax 215-772-7620

LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002
856-488-7700
Fax 856-488-7720

300 DELAWARE AVENUE, SUITE 750
WILMINGTON, DE 19801
302-504-7800
Fax 302-504-7820

1235 WESTLAKES DRIVE, SUITE 200
BERWYN, PA 19312
610-889-2210
Fax 610-889-2220

January 28, 2005

**BY FACSIMILE & U.S. MAIL**

Andre Boggerty
Labor Law Enforcement Officer
Delaware Department of Labor
24 N.W. Front Street, Suite 100
Milford, DE 19963

Re:    Richard Williams v. Dover Downs, Inc.
       Case No. 04020275/17CA400270

Dear Mr. Boggerty:

As you are aware, I represent the Respondent in the above referenced matter. This is in response to your letter of January 18, 2005.

As stated in my letter to you of December 23, 2004, Jerry Clifton did not ask Charging Party Richard Williams to retire. Clifton asked Williams and Russell Hands, the only employees in Outside Maintenance he believed to be eligible to collect retirement benefits, if they planned to retire in 2003. Clifton's question was based on his desire to forecast his staffing requirements for 2003. An employee is eligible to collect retirement benefits at age 55 if the employee has at least 15 years of vested service, or at age 62 if the employee has at least 5 years of vested service.

In your letter to me dated January 18, 2005, you characterize the December 1, 2003 misconduct of Charging Party as similar to the July 2003 misconduct of Michael Monahan. This is incorrect. In July 2003, prior to the drag race, Monahan was rude to a supervisor when assigned a work task. However, Monahan never refused to perform the assigned task and did in fact perform the task.



1129943v1

D 0464

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

Mr. Andre Boggerty
January 28, 2005
Page 2

By comparison, three weeks prior to the drag race, Charging Party refused to perform a task assigned by his supervisor, a task well within his job duties. Charging Party's refusal was insubordination.[1] This, and the failure to carry out a work assignment are both violations of Respondent's policy on employee conduct. The severity of Charging Party's misconduct on December 1, 2003 warranted a written rather than verbal warning. Given the proximity of the December 1, 2003 misconduct to the drag race, and the severity of the December 1, 2003 misconduct, Charging Party's actions on December 23, 2003 necessitated termination.

There is no record of any discipline of Charging Party prior to the December 1, 2003 written warning.

The hourly rate for the employees disciplined for their participation in the drag race is as follows:

| Carlisle, Ernest | $12.25/ hr. |
|---|---|
| Hands, Russell | $11.25/hr. |
| Larnick, William | $10.09/hr. |
| Monahan, Michael | $16.00/hr. |
| Patterson, John | $12.20/hr. |
| Peters, Michael | $19.50/hr. |
| Williams, Brian | $11.07/hr. |
| Williams, Richard | $19.50/hr. |

The hourly rate for Charging Party's replacement, Larry Barner was $15.54.

Charging Party's allegations that his termination was based on his age are without merit. Charging Party's termination was the result of his misconduct. Charging Party's age was not a factor in Respondent's decision. For these reasons, Respondent requests you issue a no cause finding in this matter.

Sincerely,

Kymberly D. Hankinson

Kymberly D. Hankinson

---

[1] Please see attached Exhibit 1 – Written Warning to Richard Williams dated December 1, 2003 (previously submitted with Respondent's position statement dated April 5, 2004).

1129943v1

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT**

Mr. Richard L. Williams
458 Moorton Road
Dover, DE 19904

State Case No. 04020275

vs.

Dover Downs Entertainment
1131 N. Dupont Highway
Dover, DE 19901



---

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 <u>Del. C.</u> § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*Reasonable Cause Determination and Notice of Mandatory Conciliation.*

In this case, the Department has completed its investigation and found that there is reasonable cause to believe that an unlawful employment practice has occurred. Under the provisions of the law, the parties are now required to engage in mandatory conciliation with <u>Andre Boggerty, Labor Law Enforcement Officer I.</u> Please be prepared to appear for conciliation on the following date and time <u>March 8, 2005 @ 9:30 a.m.</u>, at the location of <u>24 N.W. Front Street, Milford, DE 19963</u>.

Your cooperation and good faith effort is anticipated. Your corresponding Delaware Right to Sue Notice will be effective one day after your compliance with the conciliation effort.

The reasonable cause finding is based primarily on the following facts:
Charging Party provided substantive information and evidence to support his allegations of discrimination based on age. Charging Party's younger comparator was previously disciplined for an act of insubordination and also involved in the "drag race" incident but was not terminated. Charging Party was one of two individuals who were terminated besides the drivers. Both of these individuals were over the age of forty.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit. See the attached Notice of Rights.

2/22/05
Date issued

3/16/05
Date conciliation completed

*Julie K. Cutler*
Julie K. Cutler, Administrator

*Julie K. Cutler*
Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12RC : 12/04

01-23-04 02:42 from

# Dover Downs Employee and Supervisor Performance Appraisal

| ___ Probation | __X__ Annual | ___ Other |
|---|---|---|

| Employee Name: | Richard Williams | | |
|---|---|---|---|
| Employee #: | 8304 | Job Title: | Mechanic I |
| Hire Date: | Dec 22, 1978 | Date In Present Job: | |
| Evaluation Period: | From: | December 22, 2002 | To: | December 21, 2003 |

| Current Salary: $19.50 | Awarded % of Increase: | Adjusted Salary: |
|---|---|---|

| 4% | 94 - 100 | SUPERIOR | Denotes exemplary performance over the entire period; results that significantly contribute to the Department/Company. Has mastered all areas of responsibility. |
|---|---|---|---|
| 3% | 86 – 93 | EXCELLENT | Denotes above average all-around performer who is an important contributor. Takes the initiative and produces outstanding results with minimum supervision. Quality and quantity of performance is well above the norm. |
| 2% | 78 – 85 | GOOD | Denotes an employee who is above average in meeting job requirements, exceeding requirements on occasion; carries out all duties with competence; needs only occasional supervision. Quantity and quality of performance is at the norm. Results meet and/or at times may exceed requirements. |
| 1% | 70 – 77 | MEETING EXPECTATIONS | Denotes an employee who has achieved the expected level of performance for the tasks s/he is required to perform. |
| 0% | Below 70 | NEEDS IMPROVEMENT | Denotes employees who are working below the requirements of the job. Results are far below requirements. No salary increase. Place on 90-day probation. Consider re-training. |

- Salary increase greater than 4% need written justification and must be approved by your Executive Vice-President and the President and CEO.

| Prepared By: | *Jerry Clifton* | Date: | January 21, 2004 |
|---|---|---|---|
| Approved By: | *R. Weitz* 1/23 | Date: | |

## Evaluator's Instructions

This evaluation is designed to critique the employee in several key job performance areas, to include Customer Interaction, Job Knowledge & Proficiency, Work Ethic & Disposition, Communication, and Leadership. Rate only those statements that apply to the employee or the department; all statements do not have to be rated. The employee shall be evaluated on only those statements in which s/he is rated.

Each statement in the evaluation is scaled from 1 to 10. A higher score indicates the employee performs well in that particular area of critique. A lower score suggests the employee needs to improve in that area. After completing each section of the appraisal, count the number of questions that were scored; write the number in the appropriate area at the top of each page. Next, add the scores given for each statement, and write the total in the appropriate area at the top of each page.

To determine the employee's overall score:

| Total number of statements rated | Total combined scores of rated statements. | Overall Score |
|---|---|---|

__34__ x 10 = __340__          __271__ divided by __340__ x 100 = __79.7__
(Denominator)                              (Denominator)

EXHIBIT
Sutor 19
ccc 2/9/06

## Customer Interaction

Scores: ___7___ # of questions rated: __57__ combined score of rated questions.

This area of evaluation reflects how well the employee fulfills the Company's goal of providing superior Customer Satisfaction to each guest. In considering the employee's ratings, keep in mind the term "Customer" refers to the Company's employees as well as to its guests.

## Demonstrated Skills and Abilities

The Employee:

__9__ Welcomes guests with appropriate greetings and body language, and greets the guest by name when familiar.

__9__ Treats guests as individuals and with respect.

__9__ Displays patience and understanding in dealing with difficult guests.

__9__ Displays knowledge about the property, events, and upcoming promotions.

__7__ Acts as a Customer Service role model, and motivates others to deliver quality Customer Service.

__7__ Maintains and conveys a positive attitude in all situations.

__7__ Personalizes good-byes and thanks guest for joining us at Dover Downs.

## Comments- What are this person's strengths?  What could this person do to improve?

**Rich always greets coworkers with a good morning or hello.  He has always shown respect to other employees and management.  Takes the time to listen to concerns.  Extensive knowledge of auto race grounds and events.  Stay away from rumors. Only deal with the facts.**