IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD L. WILLIAMS and<br>MICHAEL E. PETERS, | : <br> : <br> : | |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | Civil Action No.:  05-0435 (GMS) |
| DOVER DOWNS, INC., | : <br> : <br> : | |
| Defendant. | : | |

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Date:  June 21, 2006

Noel C. Burnham (DE Bar No. 3483)
Richard M. Donaldson (DE Bar No. 4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
(302) 504-7840

*Counsel for Defendant Dover Downs, Inc.*

**TABLE OF CONTENTS**

                                                                                                                     **Page**

I.      INTRODUCTION ................................................................................................... 1

II.     ARGUMENT: THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF DOVER DOWNS ON ALL CLAIMS BECAUSE THERE IS NO DISPUTE OF MATERIAL FACT AND DOVER DOWNS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. ............................................................................ 2

        A.     Plaintiffs Have Not Produced Direct Evidence of Age Discrimination ................ 2

        B.     Plaintiffs' Age Discrimination Claim Cannot Survive Summary Judgment Even If This Court Were To Apply The Direct Evidence Analysis. ...................... 4

        C.     Plaintiffs' Age Discrimination Claim Cannot Survive Summary Judgment Under the McDonnell Douglas Test. ...................................................................... 6

        D.     Plaintiffs' State Law Claims Cannot Survive Summary Judgment ....................... 8

III.    CONCLUSION ......................................................................................................... 9

## TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

Baseline v. Phila. Fed. of Teachers Health & Welfare Fund
   Civ. No. 01-477, 2002 U.S. Dist. LEXIS 7696 (E.D. Pa. May 1, 2002) ............................. 3

Connors v. Chrysler Fin. Corp.
   160 F.3d 971 (3d Cir. 1998) ............................................................................................. 2

EEOC v. McDonnell Douglas Corp.
   191 F.3d 948 (8th Cir. 1999) ............................................................................................ 3

Fakete v. Aetna, Inc.
   308 F.3d 335 (3d Cir. 2002) ......................................................................................... 3, 4

Goins v. Echostar Comms. Corp.
   148 F. App'x 96 (3d Cir. 2005) .................................................................................... 7, 8

Hazen Paper Co. v. Biggins
   507 U.S. 604 (1993) ......................................................................................................... 3

Price Waterhouse v. Hopkins
   490 U.S. 228 (1989) ......................................................................................................... 5

**I.      INTRODUCTION**

The Answering Brief of Plaintiffs Richard L. Williams and Michael E. Peters ("Plaintiffs") does nothing to save Plaintiffs' claims from summary judgment. Despite their attempt to draw the Court's attention from the relevant issues, Plaintiffs cannot avoid the following undisputed facts, which are fatal to their age discrimination claim:

- Plaintiffs participated in an unlawful and unauthorized drag race on Company property on December 23, 2003. The drag race resulted in an accident, in which one driver nearly suffered life-threatening injuries.

- Dover Downs, Inc. ("Dover Downs") viewed the drag race as a significant incident, and conducted an investigation into the matter. The investigation revealed that Plaintiffs did nothing to prevent or stop the drag race, and that, instead, they used their Company vehicles to block the gate to the race so that other people could not enter. The investigation revealed no other employee who blocked the gate.

- Dover Downs disciplined all eight employees who were involved in the drag race. It terminated the two drivers, and the two individuals who blocked the gate (Plaintiffs). Dover Downs also suspended the four employees who had watched the race.

- Plaintiffs had nearly 25 years of experience at Dover Downs and, at least in management's view, should have known that the drag race was forbidden and unsafe. Additionally, both Plaintiffs were in positions that entailed some leadership responsibilities.

- Plaintiffs received Written Warnings less than two weeks prior to the drag race for insubordination. Besides Plaintiffs, no other employee involved in the race was on a disciplinary warning.

- At 68 years of age, Russell Hands was the oldest employee involved in the drag race. Dover Downs did not terminate Hands's employment, and Hands remains employed by Dover Downs.

- The average age of the employees in the Outside Maintenance Department, in which Plaintiffs worked, has increased since their termination. Indeed, five of the 18 employees in the Department in November 2005 were over 50 years of age – three were over 60.

In light of these facts, no reasonable juror could conclude that Dover Downs terminated Plaintiffs' employment because of their ages. Plaintiffs try to avoid these troubling facts by focusing on whether the Court should analyze the case as a pretext case or as a mixed motive case. Dover Downs is entitled to summary judgment under either analysis, as demonstrated below. Accordingly, Dover Downs respectfully requests that the Court grant summary judgment in its favor and against Plaintiffs on all claims alleged in the Complaint.

**II.    ARGUMENT: THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF DOVER DOWNS ON ALL CLAIMS BECAUSE THERE IS NO DISPUTE OF MATERIAL FACT AND DOVER DOWNS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

**A.    Plaintiffs Have Not Produced Direct Evidence of Age Discrimination.**

Plaintiffs contend that they have direct evidence of age discrimination and that, therefore, the Court should analyze their claim as a mixed motives claim under Price Waterhouse, rather than the McDonnell Douglas test. In order to prove discrimination by direct evidence, Plaintiffs must produce evidence to show that "the decision makers placed substantial negative reliance on [Plaintiffs'] age[s] in reaching [its] decision" to terminate them. Connors v. Chrysler Fin. Corp., 160 F.3d 971, 976 (3d Cir. 1998) (citations and internal marks omitted). Plaintiffs face a "high hurdle" in their attempt to prove discrimination by direct evidence. Id.

As Plaintiffs correctly note, direct evidence may consist of "statements of a person involved in the decision making process that reflect a discriminatory or retaliatory animus of the type complained of in the suit." <u>Fakete v. Aetna, Inc.</u>, 308 F.3d 335, 339 (3d Cir. 2002). Plaintiffs are <u>not</u> correct, however, that the deposition testimony of the decisionmaker, Chief Operating Officer Ed Sutor, meets this standard. In making that argument, Plaintiffs provide the Court with an inaccurate and incomplete description of Sutor's testimony, and ignore relevant and binding caselaw.

In <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604 (1993), the United States Supreme Court held that <u>a decisionmaker may rely on an employee's seniority – even if it correlates with the employee's age – without violating the age discrimination statute</u>. <u>Id.</u> at 608 (holding that employer does not violate ADEA when it acts "on the basis of a factor, such as an employee's pension status or seniority, that is empirically correlated with age"). In accordance with the Supreme Court's decision in <u>Hazen Paper</u>, courts consistently have held that "employment decisions motivated by factors other than age (such as retirement eligibility, salary, or seniority), even when such factors correlate with age, do not constitute age discrimination." <u>EEOC v. McDonnell Douglas Corp.</u>, 191 F.3d 948, 951 (8th Cir. 1999); <u>see also</u> <u>Baseline v. Phila. Fed. of Teachers Health & Welfare Fund</u>, Civ. No. 01-477, 2002 U.S. Dist. LEXIS 7696, at *25 (E.D. Pa. May 1, 2002) ("The ADEA targets discrimination against employees who fall within a protected age category, not employees who have attained a given seniority status.").

Here, Sutor relied, in part, on Plaintiffs' seniority and experience in making his decision to terminate their employment. Sutor testified at his deposition that he believed Plaintiffs had a "greater degree of responsibility for reporting" the drag race "because of their supervisory capacity, because of their age and experience." <u>See</u> Def.'s Open. Br. App. at A0057 (Sutor Dep.

-3-

at 48). Sutor explained that Plaintiffs' "age and experience" was relevant insofar as the individuals had "25 years of experience in this type of business," and that based on their experience, Plaintiffs should have understood that the drag race was "not only forbidden by the company, but also unsafe." Id. at A0057, A0058-A0059 (Sutor Dep. at 48, 52-53). Consequently, Sutor testified that he considered Plaintiffs' seniority and experience – which necessarily correlate with their ages – in the decisionmaking process. Based on Hazen Paper, Sutor's reliance on Plaintiffs' seniority and experience was not age discrimination.

Additionally, the undisputed evidence belies Plaintiffs' strained reading of Sutor's deposition testimony. If the employees' ages were the determinative factor in the decisionmaking process, Sutor would have terminated the oldest employee present at the race, Russell Hands. As discussed in Dover Downs' Opening Brief, Hands was not terminated, and instead, Hands still remains employed with Dover Downs – at 71 years of age. Based on these facts and the undisputed evidence set forth in Dover Downs' Opening Brief, no reasonable jury could conclude that Sutor improperly considered the employees' ages in making the termination decisions.

**B.    Plaintiffs' Age Discrimination Claim Cannot Survive Summary Judgment Even If This Court Were To Apply The Direct Evidence Analysis.**

Even assuming, arguendo, that Plaintiffs presented direct evidence of age discrimination – which they clearly have not – their claim still could not succeed because the undisputed evidence shows that Dover Downs would have terminated Plaintiffs' employment even if it had not considered their ages. See Fakete v. Aetna, Inc., 308 F.3d 335, 338 (3d Cir. 2002) ("When an ADEA plaintiff alleging unlawful termination presents 'direct evidence' that his age was a substantial factor in the decision to fire him, the burden of persuasion on the issue of causation shifts, and the employer must prove that it would have fired the plaintiff even if it had not

considered his age.") (citing, inter alia, Price Waterhouse v. Hopkins, 490 U.S. 228, 265-66, 276-77 (1989)).

As stated in their termination notices, Plaintiffs failed to prevent or report the unlawful and unauthorized drag race. See Def.'s Open. Br. App. at A0008, A0010 (Peters Dep. at 81, 90); A0027-A0028 (Williams Dep. at 92-93). Instead, Plaintiffs used their Company vehicles to block the gate to the race. See id. at A0091 (Investigation Report); A0011 (Peters Dep. at 101); A0024-A0025 (Williams Dep. at 79-82).[1] No other individual involved in the race blocked the gate – other than Plaintiffs. Plaintiffs' actions in the nearly-fatal drag race were particularly reprehensible given that they both worked as a Maintenance Mechanic I and had leadership responsibilities within the Company. Lastly, as discussed in Dover Downs' Opening Brief, Plaintiffs – unlike any other individuals present at the drag race – had prior disciplinary warnings from less than two weeks prior to the race.[2]

Accordingly, the undisputed evidence demonstrates that Dover Downs would have terminated Plaintiffs' employment, with or without consideration of their ages. Thus, Plaintiffs' claim of age discrimination cannot withstand summary judgment even if this Court were to apply

---

[1] Plaintiff Michael Peters now disputes that he was blocking the gate. However, his friend and co-Plaintiff Richard Williams stated to Dover Downs' security during the investigation that when he arrived at the drag race, "he observed Mike Peters to be parked halfway across the road as if to be blocking the road so no one could enter." See Def.'s Open. Br. App. at A0091 (Investigation Report); A0031 (Williams Dep. at 113); A0041 (McNair Dep. at 24).

[2] Plaintiffs received a Written Warning in December 2003 after they refused the request of the Outside Maintenance Manager Robert Morrison to lead the work force while their supervisor was on vacation. See Def.'s Open. Br. at 3. It is irrelevant whether Plaintiffs knew that their insubordination would result in a disciplinary warning. The relevant facts remain undisputed: (1) Plaintiffs' job description stated that their responsibilities included, among other things, "direct[ing] tasks for Maintenance Mechanic II and III[s];" (2) the Employee Handbook prohibited insubordination and the refusal "to carry out a work assignment or reasonable request by [an] employee's supervisor;" and (3) Plaintiffs failed to perform Morrison's request, despite their job description and the Employee Handbook. See Def.'s Open. Br. App. at A0064-A0065 (Job Description); A0046-A0047 (Morrison Dep. at 52-53); A0069-A0070 (Employee Handbook).

the direct evidence analysis.

### C. Plaintiffs' Age Discrimination Claim Cannot Survive Summary Judgment Under the McDonnell Douglas Test.

Plaintiffs, in their Answering Brief, also argue that "material fact issues preclude summary judgment" under the McDonnell Douglas test and that Dover Downs' legitimate, nondiscriminatory reason for their terminations has changed. See Pls.' Ans. Br. at 14. Plaintiffs' argument has no merit.

From the time of the terminations and throughout this litigation, Dover Downs has always maintained that it terminated Plaintiffs' employment because of their involvement in the drag race. In fact, the termination notices stated that Plaintiffs, who were already on Written Warnings for their recent insubordination, had blocked the gate to the race and did nothing to prevent or report the race at any time during the three and one-half runs down the pit road. See Def.'s Open. Br. App. at A0130, A0133 (Disciplinary Warning Notices dated December 31, 2003). The notices continued that Plaintiffs had a "responsibility to report any suspicious, unsafe or reckless behavior of any type involving [their] fellow co-workers." Id. at A0130, A0133 (Disciplinary Warning Notices dated December 31, 2003).

It is true that the individuals involved in the decisionmaking process placed greater emphasis on different factors. For instance, Vice President of Human Resources Robin Roberts placed a greater emphasis on Plaintiffs' prior discipline, while Chief Operating Officer Ed Sutor viewed Plaintiffs' Written Warnings as "piling on" additional reasons for their termination and would have terminated Plaintiffs even without the prior discipline. Id. at A0049 (Roberts Dep. at 19); A0135 (Roberts Decl. ¶ 4); A0055 (Sutor Dep. at 25-26). The fact that Roberts and Sutor emphasized different factors is irrelevant. The basis for Plaintiffs' termination has remained

consistent and was set forth in Plaintiffs' termination notices.[3]

Additionally, Plaintiffs' statement that "[t]here are also genuine issues of material fact regarding whether plaintiffs did anything wrong by merely watching a race at defendant's premises" is also without merit. See Pls.' Ans. Br. at 15. First, the investigation clearly revealed that Plaintiffs blocked the gate to the race and that Plaintiffs were not "merely watching" the drag race, as they now contend. See Def.'s Open. Br. App. at A0091 (Investigation Report). Second, Plaintiffs' belief as to whether their involvement in the race was "wrong" is irrelevant. Dover Downs viewed the drag race as a serious matter – and rightly so, given the outcome of the racing. As discussed in its Opening Brief, Dover Downs investigated the matter and disciplined all eight employees involved.[4]

Plaintiffs – once again – try to cloud the issue by claiming that "others used the defendant's facility for driving their cars at illegal speeds." See Pls.' Ans. Br. at 15. Specifically, Plaintiffs can point to only a couple of alleged "races" that occurred "sometime in the nineties." See Pls.' Ans. Br. App. at B-136 (Carlisle Dep. at 24).[5] These alleged incidents – from a decade ago – have no relevance to this case because the decisionmaker Ed Sutor was not aware of any other drag race involving a Dover Downs employee. See Goins v. Echostar

---

[3] Contrary to Plaintiffs' contention, Dover Downs' submissions to the Delaware Department of Labor ("DDOL") stated the reason for the terminations – Plaintiffs' involvement in the drag race. Dover Downs further provided the DDOL with a copy of the termination notices. See Pls.' Ans. Br. App. at B-25, B-29.

[4] As Plaintiffs note, Dover Downs did not discipline Stephen Maher. Plaintiffs fail to point out, however, that Maher was not even present at the race. See Def.'s Open. Br. App. at A0104-A0106 (Investigation Report).

[5] Additionally, Plaintiffs seem to be confusing drag "racing" with instances in which an employee – alone – drives his or her car on the pit road. For instance, the deposition testimony of Jerry Clifton, which Plaintiffs cite, concerned employees driving their own cars, not racing. Indeed, Clifton testified that he was aware of no other race on the pit road – other than the one between Brian Williams and Ernie Carlisle on December 23, 2003. See Pls.' Ans. Br. App. at B-141 (Clifton Dep. at 36). Clearly, a competitive race poses a danger that is lacking when a single individual drives his or her own car.

Comms. Corp., 148 F. App'x 96, 98 (3d Cir. 2005) (affirming district court's finding that employee "was not similarly situated because the relevant decision maker . . . did not know about [employee's] statements or disruptive behavior"); see also Def.'s Open. Br. App. at A0137 (Sutor Decl. ¶ 2); A0135-A0136 (Roberts Decl. ¶ 5).

Accordingly, Plaintiffs are unable to rebut Dover Downs' legitimate and non-discriminatory reason for the terminations, and this Court should grant summary judgment in favor of Dover Downs on Plaintiffs' age discrimination claim.

### D. Plaintiffs' State Law Claims Cannot Survive Summary Judgment.

Dover Downs, in its Opening Brief, stated that the Court should enter judgment on Plaintiffs' state law claims of breach of the covenant of good faith and fair dealing and intentional infliction of emotional distress because: (1) the Court lacked jurisdiction over these claims, and (2) Plaintiffs could not establish the necessary elements of these claims.[6]

In their Answering Brief, Plaintiffs responded to the first argument by stating that the Court "does have jurisdiction." See Pls.' Ans. Br. at 16. Plaintiffs do not address, let alone refute, the second basis provided by Dover Downs, presumably because Plaintiffs themselves recognize the insufficiency of their claims. Accordingly, for the reasons set forth in Dover Downs' Opening Brief, this Court should enter judgment in favor of Dover Downs on Plaintiffs' state law claims.

---

[6] As stated in Dover Downs' Opening Brief, it does not appear from the Complaint that Plaintiffs are alleging any separate state law claim. Because some language in the Complaint could be construed as asserting claims of breach of the covenant of good faith and fair dealing and intentional infliction of emotional distress, Dover Downs addressed why such claims – if alleged – could not succeed. Plaintiffs, in their Answering Brief, do not state which, if any, state law claims they are alleging.

**III.    CONCLUSION**

      For the reasons set forth above, Defendant Dover Down, Inc. requests that the Court enter summary judgment in its favor and against Plaintiffs Richard L. Williams and Michael E. Peters on all counts of the Complaint.

Respectfully submitted,

Dated: June 21, 2006

           */s/ Richard M. Donaldson*
Noel C. Burnham (DE Bar No. 3483)
Richard M. Donaldson (DE Bar No. 4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
(302) 504-7840

*Counsel for Defendant Dover Downs, Inc.*

Of Counsel:

Edward T. Ellis
Beth A. Friel
Montgomery, McCracken,
   Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

## **CERTIFICATE OF SERVICE**

This is to certify that two (2) copies of the Reply Brief in Support of Defendant's Motion For Summary Judgment were served by electronic filing and regular mail this 21st day of June 2006 on:

>Jeremy W. Homer, Esquire
>Parkowski, Guerke & Swayze, P.A.
>116 West Water Street
>P.O. Box 598
>Dover, DE 19806
>
>*Counsel for Plaintiffs*

>    */s/ Noel C. Burnham*
>Noel C. Burnham (DE Bar No. 3483)