IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD L. WILLIAMS and<br>MICHAEL E. PETERS,<br><br>        Plaintiffs,<br><br>    v.<br><br>DOVER DOWNS, INC.,<br><br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No.: 05-0435 (GMS)<br>:<br>:<br>:<br>: |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION
IN LIMINE TO EXCLUDE ADMINISTRATIVE AGENCY FILINGS AND
CORRESPONDENCE, AND THE DETERMINATIONS
BY THE DELAWARE DEPARTMENT OF LABOR**

    Defendant Dover Downs, Inc. ("Dover Downs"), through its undersigned counsel, submits this brief in support of its Motion in Limine to Exclude Administrative Agency Filings and Correspondence, and the Determinations by the Delaware Department of Labor.

    Plaintiffs Richard L. Williams and Michael E. Peters claim Dover Downs terminated their employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* In fact, Dover Downs terminated them, along with two other employees, for participating in a dangerous and unlawful drag race on the Dover Downs property on December 23, 2003. Of the eight employees involved, Dover Downs terminated the four most culpable, including Williams and Peters. The Plaintiffs have stated their intention to introduce into evidence the following two categories of documents that the court should reject under Rules 401, 402, and 403 of the Federal Rules of Evidence:

(1) documents related to charges of age discrimination ("Agency Charges") that they filed with the Delaware Department of Labor ("DDOL"), including the DDOL determination itself; and

(2) documents and testimony about charges of age discrimination brought by Dover Downs employees other than the Plaintiffs.

This evidence is either irrelevant or should be precluded under Rule 403 because it is unfairly prejudicial, may confuse the issues before the jury, and will unduly lengthen the trial. *See* Fed. R. Evid. 401, 402, 403.

**I.    EVIDENCE OF THE PLAINTIFFS' AGENCY CHARGES IS INADMISSIBLE BECAUSE ITS LIMITED PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, THE POTENTIAL TO MISLEAD THE JURY, AND THE RISK OF UNDUE DELAY.**

Dover Downs terminated the Plaintiffs' employment on December 31, 2003. The Plaintiffs filed charges of discrimination with the DDOL and cross-filed with the Equal Employment Opportunity Commission ("EEOC") on February 20, 2004. There ensued twelve months of correspondence and investigation of the charges, until the DDOL issued one-page "reasonable cause" determinations as to both the Plaintiffs on February 22, 2005. When the Defendant declined to participate in the agency-sponsored mediation, the Plaintiffs filed this lawsuit.

The DDOL "reasonable cause" determination is based primarily on the following factual finding:

> "Charging Party's younger comparator was *previously* disciplined for an act of insubordination and also involved in the 'drag race' incident but was not terminated."

*See* DDOL Final Determination and Right to Sue Notice (2/22/05), Exhibit 1 (emphasis added).[1] The DDOL concluded that the "younger comparator," one Michael Monahan, had been "previously disciplined" because of a statement in a letter from the Defendant's attorney in the agency proceeding, which transmitted a copy of the Monahan disciplinary warning notice. *See* Letter from Ms. Hankinson to Mr. Boggerty (12/23/04), Exhibit 2. This letter, dated December 23, 2004, was written in response to the DDOL's request for the disciplinary records of all employees involved in the drag race incident. *See* Letter from Mr. Boggerty to Ms. Hankinson (12/8/04), Exhibit 3.

Unfortunately, the letter from Defendant's counsel, dated December 23, 2004, mistakenly stated that Monahan had received the discipline in July 2003 – prior to the drag race. *See* Exhibit 2. In fact, as is plainly evident from the disciplinary warning notice itself, which was attached to the letter, the discipline actually occurred after the drag race on July 16, 2004. *See* Exhibit 2 (Mr. Monahan's disciplinary warning is attached thereto at Exhibit A).

Although the Defendant's Position Statement, which had been previously submitted to the DDOL on April 5, 2004, correctly stated that none of the non-terminated employees who were involved in the drag race had a record of disciplinary action, neither the Defendant's attorney nor the DDOL noticed the error. *See* Position Statement (4/5/04), Exhibit 4. Thereafter, in a letter to the Defendant's counsel dated January 18, 2005, the DDOL adopted this mistake of fact. *See* Letter from Mr. Boggerty to Ms.

---

[1] As the Plaintiffs had both received a prior written warning and were both terminated due to their involvement in the drag racing incident, the position statements, correspondence, and DDOL findings associated with each of the Plaintiffs' charges are identical. In the interest of avoiding duplicative exhibits, the Defendant has attached only those documents associated with the DDOL charge filed by Plaintiff Peters.

Hankinson (1/18/05), Exhibit 5.  The Defendant's attorney subsequently complicated matters by attempting to distinguish the Monahan discipline on its facts rather than by simply pointing out that it occurred after – and therefore could have had no effect on – the drag race discipline.  *See* Letter from Ms. Hankinson to Mr. Boggerty (1/28/05), Exhibit 6.

The Plaintiffs now seek to introduce the DDOL determination of "reasonable cause," as well as the correspondence between the DDOL and Dover Downs about the Monahan discipline.

The Third Circuit has held that the admissibility of evidence related to an agency discrimination charge under Rule 403 is properly left to the sound discretion of the trial judge.  *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1345 (3d Cir. 2002) (specifically refusing to find that agency determinations are *per se* more probative than prejudicial); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 74-75 (3d Cir. 1977).  Evidence related to the Agency Charges is exactly the type of evidence that Rule 403 was designed to preclude because any limited probative value that it may have is substantially outweighed by the countervailing negative factors listed in Rule 403.  The probative value of this evidence is slight because it is duplicative of the facts that the jury will receive during the trial.  Evidence of agency charges, and the related position statements and arguments of counsel, are of little probative value because they simply "repeat[] many of the facts that both parties will attempt to prove at trial."  *Cambra v. Rest. Sch.*, No. Civ. A. 04-2688, 2005 WL 2886220, at *4 (E.D. Pa. Nov. 2, 2005) (citing *Johnson v. Yellow Freight Sys.*, 734 F.2d 1304, 1309 (8th Cir. 1984); *see also Whitfield v. Pathmark Stores, Inc.*, No. Civ. A. 96-246-MMS, 1999 WL 222459, at *3 (D. Del. 1999).

This probative value is further diminished because the correspondence between the DDOL and Dover Downs contains a significant error that the DDOL adopted as fact. Ultimately, the DDOL's determination of reasonable cause appears to have been based almost entirely on the mistaken notion that Mr. Monahan was similarly situated to the Plaintiffs. As set forth above, this is obviously not the case.

In *Coleman*, the Third Circuit emphasized that the EEOC report at issue was limited in probative value because it "clearly was mistaken in the critical conclusion that [the plaintiff] was a 'highly experienced' employee." 306 F.3d at 1346-47; *see also Kovacs v. Conmed Corp.*, No. 04-1667, 2006 WL 1340767, at *1 (E.D. Pa. May 11, 2006) (finding an agency letter of determination to have "minimal probative value" based on its "various inaccuracies"). Here, as in *Coleman*, the unfortunate – and, ultimately, dispositive – mistake regarding Mr. Monahan's disciplinary record limits the probative value of evidence of the Agency Charges.[2]

The evidence's minimal probative value should be weighed against the danger that it will result in unfair prejudice, mislead the jury, and unduly delay trial. *See* Fed. R. Evid. 403. In considering the danger of unfair prejudice, this Court has noted that

---

[2] The factual error that resulted in the DDOL's finding of "reasonable cause" is relevant to the trustworthiness of the agency findings as well. An agency determination that is not trustworthy is inadmissible hearsay. Fed. R. Evid. 803(8)(C); *Coleman*, 306 F.3d at 1341-42. For example, in *Rizzo v. PPL Serv. Corp.*, No. 03-5779, 2005 U.S. Dist. LEXIS 6757 (E.D. Pa. Apr. 20, 2005), the court held that EEOC determinations of probable cause offered by the plaintiffs were untrustworthy, and therefore not admissible, because, *inter alia*, they included "findings inconsistent with the actual record." *Id.* at *35. Similarly, the mistake of fact regarding Mr. Monahan's disciplinary history that was incorporated into the DDOL's investigation and determinations renders evidence related to the Agency Charges untrustworthy. The trustworthiness of the DDOL's findings is further eroded by the fact that the correspondence between the DDOL and the Defendant's attorney – the only evidence associated with the agency proceedings that the Plaintiffs seek to admit – does not reveal the entire agency record on which the DDOL relied.

admitting agency conclusions is "'tantamount to saying this has already been decided and here is the decision[.]'" *Spruill v. Winner Ford of Dover, Ltd.*, 175 F.R.D. 194, 198 (D. Del. 1997) (quoting *Brom v. Bozell, Jacobs, Kenyon & Eckhardt*, 867 F. Supp. 686 (N.D. Ill. 1994) (internal quotation omitted)). The admission of evidence related to the DDOL's analysis and conclusions on the very facts and issues that the jury will be asked to consider would be highly prejudicial to Dover Downs. It would, essentially, be usurping the jury's function by telling the jury how it should decide the case.

There is also a risk that the DDOL's conclusion will exert an undue influence over the jury's decision. Indeed, the jury might interpret the Agency Charges as resulting in findings of discrimination rather than merely "reasonable cause." *See Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997) ("A strong argument can be made that a jury would attach undue weight to this type of agency determination, viewing it as a finding of discrimination-as the plaintiff himself suggests it should be viewed-rather than as a mere finding of probable cause."). The Plaintiffs should not be permitted to bolster their claims by introducing evidence that is likely to confuse and mislead the jury in this way.

In addition, the admission of the Agency Charges and related documents would require Dover Downs to respond to that evidence, which would add to the length of the trial. The Third Circuit in *Coleman* upheld the district court's exclusion of agency findings on this ground, focusing on the "great deal of time" that would have been consumed in attacking the agency's conclusions. 306 F.3d at 1346, 1346 n.11. As in *Coleman*, admitting evidence of the Agency Charges has the potential to result in a "trial

within a trial," wasting the time not only of the Court, but of all the parties and witnesses involved.

Moreover, this case is different than *Whitfield v. Pathmark Stores, Inc.*, where the court excluded the DDOL's determination as cumulative, prejudicial, and confusing, but postponed ruling on the admissibility of evidence concerning other evidence of the DDOL charges because it was unaware of the contents of the investigative file. 1999 WL 222459, at *4. Here, the evidence of the Agency Charges that the Plaintiffs intend to admit is reflected, in its entirety, in the exhibits attached hereto. The determination of reasonable cause as well as the correspondence exchanged during the course of the DDOL's investigation are duplicative in nature, contain a significant factual error, and will unfairly prejudice the Defendant, confuse and mislead the jury, and waste this Court's time.

Pursuant to Rule 403, all evidence of the Plaintiffs' Agency Charges – including the correspondence giving rise to the DDOL determination – should be excluded. On the one hand, its probative value is minimal due to its cumulative nature and incorporation of a significant factual inaccuracy. On the other hand, its admission would create the risk of unfair prejudice, jury confusion, and undue delay. Accordingly, the probative value of evidence related to the Agency Charges is substantially outweighed by the negative factors listed in Rule 403, and such evidence should be barred at trial.

**II.    EVIDENCE OF PRIOR AGE DISCRIMINATION FILINGS MADE BY OTHER EMPLOYEES IS INADMISSIBLE BECAUSE IT IS IRRELEVANT, AND PRESENTS THE RISK OF UNFAIR PREJUDICE, JURY CONFUSION, AND WASTE OF TIME.**

The Plaintiffs seek to introduce discovery responses and deposition testimony to the effect that four employees other than the Plaintiffs themselves have filed claims of

age discrimination against Dover Downs since 2000. This evidence is not even marginally relevant and the Court should reject it under Rule 402, which provides that only relevant evidence can be admitted. Fed. R. Evid. 402.

Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact *that is of consequence to the determination of the action* more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). The Plaintiffs have alleged that they were treated differently than other employees due to their age. Thus, the focus is on how the Plaintiffs themselves were treated and why – not on how other employees with other supervisors in other departments were treated.[3] This is not a "pattern and practice" discrimination case in which evidence of discrimination charges by other employees might be relevant to proving a widespread practice of intentional discrimination. *See Schrand v. Fed'l Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988). Nor have the Plaintiffs brought a hostile work environment claim where, due to the focus on the nature of the workplace as a whole, evidence of discrimination directed at co-workers can be relevant. *See Leibovitz v. N.Y. City Transit Auth.*, 252 F.3d 179, 190 (2d Cir. 2001).

Even if prior charges of age discrimination were relevant, they would not be admissible under Rule 403 because this probative value is substantially outweighed by the risk of unfair prejudice, confusion, and undue delay. *See* Fed. R. Evid. 403. Evidence concerning charges of other employees may impress in the jury's mind a

---

[3] The complainants in the other cases were employed as follows: Mr. Faircloth worked as a Motor Coach Marketing Supervisor; Mr. Lewis worked as a Pantry Cook; Mr. McDowell worked as a Starting Judge; and Mr. Thompson's job cannot be ascertained from his DDOL charge. *See* Prior DDOL Charges, Exhibit 7.

general feeling of antipathy toward Dover Downs, thus relieving the Plaintiffs of their burden to prove that they were the subject of disparate treatment. *See Moorhouse v. Boeing Co.*, 501 F.Supp. 390, 393 (E.D. Pa. 1980), *aff'd without op.*, 639 F.2d 774 (3d Cir. 1980). This is unfairly prejudicial because it creates the possibility that the jury will return a verdict against Dover Downs without first coming to the requisite conclusion that Dover Downs actually discriminated against the Plaintiffs themselves. In addition, the evidence has the potential to confuse the issues by focusing the jury's attention on events and allegations completely unrelated to the Plaintiffs' claims. *See Schrand,* 851 F.2d at 156. Lastly, the evidence would unnecessarily lengthen the trial by requiring Dover Downs either to accept the prejudicial impact of the evidence or to rebut each of the prior charges of discrimination. *See Hapring v. Continental Oil Co.*, 628 F.2d 406, 410 (5th Cir. 1980); *Moorhouse*, 501 F. Supp. at 393. Any limited probative value that evidence of prior discrimination charges might have, therefore, is substantially outweighed by the negative factors in Rule 403, and the Plaintiffs should be prohibited from relying on it at trial.

**III.     CONCLUSION**

For the foregoing reasons, Defendant Dover Downs, Inc. respectfully requests that this Court grant its Motion in Limine to Exclude Administrative Agency Filings and Correspondence, and the Determinations by the Delaware Department of Labor, and order that the Plaintiffs are precluded from introducing and/or relying upon the aforementioned evidence at trial.

Respectfully submitted,

Dated: March 20, 2007

    */s/ Richard M. Donaldson*
Noel C. Burnham (DE Bar No. 3483)
Richard M. Donaldson (DE Bar No. 4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
(302) 504-7840

*Counsel for Defendant Dover Downs, Inc.*

Of Counsel:

Edward T. Ellis
Carmon M. Harvey
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

## **CERTIFICATE OF SERVICE**

This is to certify that two (2) copies of Defendant's Opening Brief in Support of its Motion in Limine to Exclude Administrative Agency Filings and Correspondence, and the Determinations by the Delaware Department of Labor were served by electronic filing and first class mail this 20th day of March 2007 on:

>Jeremy W. Homer, Esquire
>Parkowski, Guerke & Swayze, P.A.
>116 West Water Street
>P.O. Box 598
>Dover, DE 19806
>
>*Counsel for Plaintiffs*

>            */s/ Richard M. Donaldson*
>Richard M. Donaldson (DE Bar No. 4367)