# EXHIBIT 5



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
The Windsor
24 N. W. Front Street
Suite 100
Milford, DE 19963

Telephone: (302) 422-1134
Fax: (302) 422-1137

January 18, 2005

Kymberly D. Hankinson, Esq.
Montgomery, McCracken, Walker
& Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109

RE: Peters vs. Dover Downs Entertainment
Case No.: 04020274/17CA400269
<u>Preliminary Notice of Determination</u>

Dear Kymberly D. Hankinson, Esq.:

As you know, I am currently in the process of investigating the complaint of age discrimination filed by Mr. Michael Peters (Charging Party) against Dover Downs Entertainment (Respondent). I have reviewed the information and/or evidence submitted by both parties, however, additional information could be beneficial in to this matter.

As to the allegations that Mr. Clifton asked Charging Party to retire, Respondent asserts that all eligible employees in his group in they were planning to retire.

Who were the other eligible employees in the group?

Is it common practice for managers to ask employees if they are planning to retire?

Respondent asserts that Charging Party and Mr. Williams was terminated because of a previous write-up that was issued on December 12, 2003 and the "drag racing" incident resulted in their termination. However, Mr. Monohan (38) was disciplined in July 2003 but was not terminated. The warning issued to Mr. Monohan also included the following statement:

"Any further violations of any company rules, polices or procedures may result in additional actions being taken, up to and including termination of your employment."

Page Two
<u>Peters v. Dover Downs Entertainment</u>

After reviewing the write-up issued to Mr. Monohan, one could conclude that his actions were also an act of insubordination. Charging Party and Mr. Williams actions on December 1, 2003 were also considered insubordination and Respondent choose to terminate them. It does appear that Respondent was inconstant in issuing the disciplines for these three individuals.

What was the employment record of Mr. Williams and Mr. Peters before December 1, 2003?

It appears that Charging Party and Mr. Williams had the most seniority and were the highest paid out of all the individuals disciplined..

Please provide the wages for all the individuals involved in the "drag racing" incident.

What is the pay rate of the individual who replaced Mr. Williams?

Please respond no later than January 28, 2005. A decision in this matter may occur on that date. You may also provide additional information in support of Respondent's position. Based on the information provided thus far a "Cause" finding is likely to occur. However, Respondent may also consider a possible "No Fault Settlement" as a remedy in this matter.

You may mail your response to me at the address above or contact me via telephone at (302) 422-1134 x15. You may also fax your response to (302) 422-1137 with attention to Andre Boggerty.

Sincerely,

Andre Boggerty
Labor Law Enforcement Officer

# EXHIBIT 6

FILE COPY

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
ATTORNEYS AT LAW

KYMBERLY D. HANKINSON
ADMITTED IN PENNSYLVANIA, MARYLAND, &
WASHINGTON D.C.

DIRECT DIAL
215-772-7325

khankinson@mmwr.com

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215-772-1500
FAX 215-772-7620

LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002
856-488-7700
FAX 856-488-7720

300 DELAWARE AVENUE, SUITE 750
WILMINGTON, DE 19801
302-504-7800
FAX 302-504-7820

1235 WESTLAKES DRIVE, SUITE 200
BERWYN, PA 19312
610-889-2210
FAX 610-889-2220

January 28, 2005

**BY FACSIMILE & U.S. MAIL**

Andre Boggerty
Labor Law Enforcement Officer
Delaware Department of Labor
24 N.W. Front Street, Suite 100
Milford, DE 19963

    Re:    Peters v. Dover Downs, Inc.
             Case No. 04020274/17CA400269

Dear Mr. Boggerty:

    As you are aware, I represent the Respondent in the above referenced matter. This is in response to your letter of January 18, 2005.

    As stated in my letter to you of December 23, 2004, Jerry Clifton did not ask Charging Party Richard Williams to retire.[1] Clifton asked Williams and Russell Hands, the only employees in Outside Maintenance he believed to be eligible to collect retirement benefits, if they planned to retire in 2003. Clifton's question was based on his desire to forecast his staffing requirements for 2003. An employee is eligible to collect retirement benefits at age 55 if the employee has at least 15 years of vested service, or at age 62 if the employee has at least 5 years of vested service.

    In your letter to me dated January 18, 2005, you characterize the December 1, 2003 misconduct of Charging Party as similar to the July 2003 misconduct of Michael Monahan. This is incorrect. In July 2003, prior to the drag race, Monahan was rude to a supervisor when assigned a work task. However, Monahan never refused to perform the assigned task and did in fact perform the task.

---

[1] See Letter to Andre Boggerty, regarding Richard Williams v. Dover Downs, dated December 23, 2004.

1129438v1

A LIMITED LIABILITY PARTNERSHIP FORMED IN PENNSYLVANIA
LOUIS A. PETRONI – NEW JERSEY RESPONSIBLE PARTNER

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

Mr. Andre Boggerty
January 28, 2005
Page 2

By comparison, three weeks prior to the drag race, Charging Party refused to perform a task assigned by his supervisor, a task well within his job duties. Charging Party's refusal was insubordination.[2] This, and the failure to carry out a work assignment are both violations of Respondent's policy on employee conduct. The severity of Charging Party's misconduct on December 1, 2003 warranted a written rather than verbal warning. Given the proximity of the December 1, 2003 misconduct to the drag race, and the severity of the December 1, 2003 misconduct, Charging Party's actions on December 23, 2003 necessitated termination.

There is no record of any discipline of Charging Party prior to the December 1, 2003 written warning.

The hourly rate for the employees disciplined for their participation in the drag race is as follows:

| Name | Rate |
| --- | --- |
| Carlisle, Ernest | $12.25/ hr. |
| Hands, Russell | $11.25/hr. |
| Larnick, William | $10.09/hr. |
| Monahan, Michael | $16.00/hr. |
| Patterson, John | $12.20/hr. |
| Peters, Michael | $19.50/hr. |
| Williams, Brian | $11.07/hr. |
| Williams, Richard | $19.50/hr. |

The hourly rate for Charging Party's replacement, Frank Outten is $14.54.

Charging Party's allegations that his termination was based on his age are without merit. Charging Party's termination was the result of his misconduct. Charging Party's age was not a factor in Respondent's decision. For these reasons, Respondent requests you issue a no cause finding in this matter.

Sincerely,

*Kymberly D. Hankinson* (signature)

Kymberly D. Hankinson

Attachment

---

[2] Please see attached Exhibit 1 – Written Warning to Michael Peters dated December 1, 2003 (previously submitted with Respondent's position statement dated April 5, 2004).

1129438v1

# EXHIBIT 1

# DISCIPLINARY WARNING NOTICE

Employee: Peters, Michael   H - 5873        Date: 1 December 2003

Department: MAINTENANCE                      Position: MECH I

TYPE OF NOTICE ISSUED:
(Note: Depending on the nature of the offense, the Company may bypass any of these steps at it's discretion.)

**RECOMMENDED ACTION**
- ___ Verbal Warning
- _X_ Written Warning
- ___ Suspension   (From _____ To _____ )
- ___ Termination

Date of Incident: 1 Dec 2003        Incident Reported By: Bob Morrison

**Nature of Incident:** On December 1, 2003 I requested that Michael Peters lead a work force of four employees in their daily activities for that day. This work order is in direct compliance with job description of a Maintenance Mechanic I. Mr. Peters informed me that he did not want to be in charge "of anybody". He therefore refused to lead this crew. This is a violation of employee conduct as stated in the Employee Handbook on page 26, Number 18 – Engaging in insubordination and number 19 – Refusing to carry out a work assignment or reasonable request by your supervisor or other member of management. You are being issued a Written Warning. Any further conduct of this kind can result in issuing a Final Written Warning and / or your immediate termination.

> **TO EMPLOYEE: PLEASE READ CAREFULLY BEFORE SIGNING BELOW**: You are being issued this formal warning notice to bring to your attention the severity of this situation. **THIS WARNING SHOULD NOT BE TAKEN LIGHTLY** and any further violations of Company rules will result in additional action being taken up to and including termination of your employment. If you have any questions regarding this matter, please discuss them with your Department Head.

| * EMPLOYEE'S PRINTED NAME<br>Peters, Michael   H-5873 | * EMPLOYEE'S SIGNATURE | DATE |
|---|---|---|

* Signing this form does not imply that you agree with the action taken, only that you are acknowledging receipt of such notice.
* [X] Check here if Employee refuses to acknowledge receipt.

The undersigned (manager/supervisor) has discussed this disciplinary action with above named employee.

| SUPERVISOR' PRINTED NAME | SUPERVISOR'S SIGNATURE | DATE |
|---|---|---|
| BOB MORRISON  H-5369 | Bob Morrison | 1 December 2003 |
| HR REPRESENTATIVE PRINTED NAME<br>MARIE A. ISENBERG | HR REPRESENTATIVE SIGNATURE<br>Marie A. Isenberg | 12-12-03 |

# EXHIBIT 7

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974 | ENTER CHARGE NUMBER<br>☐ FEPA<br>☐ EEOC |
|---|---|

Delaware Department of Labor and EEOC
(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms)<br>Mr. Robert Faircloth | HOME TELEPHONE NO. (Include Area Code)<br>(302) 335-3959 |
|---|---|
| STREET ADDRESS<br>P.O. Box 34, 25 West Walnut Street | CITY, STATE AND ZIP CODE<br>Magnolia DE 19962 | COUNTY<br>Kent |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME<br>Dover Downs Entertainment, Inc. | NO. OF EMPLOYEES OR MEMBERS | TELEPHONE NUMBER (Incl. Area Code)<br>(302) 335-3959 |
|---|---|---|
| STREET ADDRESS<br>P.O. Box 843, Dover, DE 19903 | CITY, STATE AND ZIP CODE | |
| NAME<br>N/A | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | |

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☒ AGE
☒ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST  10/12/1999
LATEST   2/11/2003
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I am a male individual over the age of forty (Date of Birth is August 14, 1937), and my race is white. I began my employment with Respondent on October 12, 1998, and I was discharged from my position as a Motor Coach Marketing Supervisor on February 11, 2003.

I was told by Respondent's Human Resources Representative, Robin Roberts (white, female, significantly younger than me), that Respondent was eliminating my position, and that it was effective immediately.

I believe that Respondent violated Title VII of the Civil Rights Act of 1964, as amended, and the Delaware Discrimination in Employment Act, as amended, because I was not treated the same way that Debra Jacobs (black, female, significantly younger than me) was treated when her position was eliminated. For example, Ms. Jacobs' continued working for another three months after her position was eliminated, and then Respondent created another position for her with duties very similar to my position. Two months following Ms. Jacobs new position, my position was eliminated. I believe that eliminating my position was in furtherance of Respondent's pattern of discrimination against individuals of my age group because it also eliminated the position of William Witt (white, male, over forty). Mr. Witt was also replaced by significantly younger individuals.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

5-6-03  [signature]
Date      Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date
(Day, month, and year)

CFORM 5
REV 5/92    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974
Delaware Department of Labor

**ENTER CHARGE NUMBER**
☐ FEPA 05020088M
☐ EEOC 17C4500249
and EEOC (if applicable)

**NAME** (Indicate Mr., Mrs., Ms): Mr. Robert Grant May Lewis Ikat

**HOME TELEPHONE NO.** (Include Area Code): (302) 734-9090

**STREET ADDRESS:** 341 Norway Drive

**CITY, STATE AND ZIP CODE:** Dover, DE 19901

**COUNTY:** Kent

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

**NAME:** Dover Downs Entertainment
**NO. OF EMPLOYEES OR MEMBERS:** 25+
**TELEPHONE NUMBER** (Incl. Area Code): (302) 674-4800
**STREET ADDRESS:** 1131 N. Dupont Highway, Dover, DE 19901

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☒ AGE
☐ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST 4/2004
LATEST 2/4/2005
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

Jurisdiction: Charging Party was employed by Respondent as a Pantry Cook in its Dover, DE location.

Charging Party's protected class: White, Age (D.O.B. 09/23/1953)

Adverse employment action: Hostile Work Environment, Assignment, Constructive Discharge

Brief statement of allegations: Charging Party was employed by Respondent in as a Pantry Cook. However, Respondent required Charging Party to work as a Dishwasher/Bus Person. Another employee, Xiormara (last name unknown, Hispanic, Age 19) was hired as a Bus Person but was to work as Pantry Cook. She was promoted to a Pantry Cook and assigned Charging Party to Bus Person/Dishwasher details. Charging Party was subjected to a hostile work environment by Chef Rickey Pitts (Black, 40's). Charging Party was followed around Chef Rickey Pitts constantly followed Charging Party around. Charging Party was hit by another employee, Chef Aaron Gibbs (Black, 28).

Respondent's explanation: None Given

Applicable law(s): Title VII of the Civil Rights Act of 1964, as amended, Age Discrimination in Employment Act, as amended, and state of Delaware's Discrimination in Employment Act, as amended.

Comparator(s) or other specific reason(s) for alleging discrimination: None

Additional information and verification of these facts are provided by the attached Affidavit.

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT [signature] 02/23/05

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

FORM 9-05
REV 11/04

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

ENTER CHARGE NUMBER
++
++ FEPA 0704350
++
++ EEOC 17CA300374
and EEOC

Delaware Department of Labor
(State or local Agency, if any)

**NAME** (Indicate Mr., Mrs., Ms): Mr. Frederick R. McDowell
**HOME TELEPHONE NO.** (Include Area Code): (302) 424-1557
**STREET ADDRESS, CITY, STATE AND ZIP CODE**: 812 Parson Throne Apts., Milford, DE 19963
**COUNTY**: Kent

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

**NAME**: Dover Downs Entertainment, Inc.
**NO. OF EMPLOYEES OR MEMBERS**: 100+
**TELEPHONE NUMBER**: (302) 674-4600
**STREET ADDRESS, CITY, STATE AND ZIP CODE**: 1131 N. Dupont Highway, Dover, DE 19901

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [X] AGE
[ ] RETALIATION  [ ] DISABILITY  [ ] OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST 1999
LATEST 4/19/02
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I. I am an individual who is over the age of forty (May 30, 1935). I am a seasonal employee with Respondent and began my employment with Respondent in 1996. I am a Starting Judge in the Harness Racing Department. I have been disparately treated in regard to pay increases during my employment with Respondent. I have only received one pay increase during my employment history. This action is ongoing and continuing up to and including today's date, April 19, 2002.

II. Charles Lockhart, Vice President of the Horse Racing Department, refuses to speak with me about my concerns and will not provide me with an explanation as to why I am not being paid a comparable salary to that of my similarly situated younger co-workers.

III. I believe that Respondent has violated the Age Discrimination in Employment Act, as amended, and the state of Delaware's Discrimination in Employment Act, as amended, because Respondent has not given me annual or even reasonable pay increases as compared to the other similarly situated employees who are all considerably younger than me (Don Harmon, Allen Cook, ..., Dale Milby, Sam Tapman). These individuals receive performance evaluations and receive pay increases, however, I do not.

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

4/19/02 Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5   PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED   REV 6/92

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974
Delaware Department of Labor

ENTER CHARGE NUMBER
☐ FEPA 0501025M
☐ EEOC 17CA500189
and EEOC (if applicable)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Mr. Brance F. Thompson Sr. | (302) 677-1871 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1679 South State St. Lot #72 | Dover, DE 19901 | Kent |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME | NO. OF EMPLOYEES OR MEMBERS | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| Dover Downs Entertainment | 50+ | (302) 674-4600 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 1131 N. Dupont Highway | Dover, DE 19901 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☒ AGE
☒ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST  11/17/2004
LATEST    1/20/05
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

Jurisdiction: Charging Party is employed by Respondent as a Mechanic I in their Dover, DE facility

Charging Party's protected class: Age

Adverse employment action: Retaliation and Discipline

Brief statement of allegations: Charging Party in currently employed and has a pending charge of age discrimination against Respondent. Since Charging Party has filed his charge, he has been written up approximately seven (7) times. Charging Party made internal complaints prior to his original allegations of discrimination and was written up five (5) times afterwards. Charging Party has received an approximately twelve (12) write since complaining of age discrimination. Charging Party last write-up was January 17, 2005 and he was told that it would be his last written warning.

Respondent's explanation: Respondent asserts that Charging Party has not provide doctors' excuses for absences.

Applicable law(s): Age Discrimination in Employment Act, as amended, and state of Delaware's Discrimination in Employment Act, as amended.

Comparator(s) or other specific reason(s) for alleging discrimination: Charging Party asserts that he has presented doctors' excuses. Respondent also has denied Charging Party the right to utilizing vacation time for medical purposes. However, Charging Party and others were informed by Respondent's Building Manger Richard Dunkin (50s) they were allowed to utilize vacation time for sick or medical leave.

Additional information and verification of these facts are provided by the attached Affidavit.

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT
*[signature]* Sr.
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

FORM B-05
REV 11/04

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

D 0597