IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD L. WILLIAMS and<br>MICHAEL E. PETERS,<br><br>        Plaintiffs,<br><br>v.<br><br>DOVER DOWNS GAMING &<br>ENTERTAINMENT, INC., a Delaware<br>Corporation; and DOVER DOWNS, INC.,<br>a Delaware Corporation,<br><br>        Defendants. | )<br>) Civil Action No.: 05-0435 (GMS)<br>)<br>) TRIAL BY JURY OF<br>) TWELVE DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ADMINISTRATIVE AGENCY FILINGS AND CORRESPONDENCE, AND THE DETERMINATION BY THE DELAWARE DEPARTMENT OF LABOR**

PARKOWSKI, GUERKE & SWAYZE, P.A.

By:    JEREMY W. HOMER, ESQUIRE
        (Delaware Bar ID#0413)
        116 W. Water Street
        P.O. Box 598
        Dover, DE 19903
        (302) 678-3262

DATED: March 30, 2007       Attorneys for Plaintiffs

# TABLE OF CITATIONS

**PAGE**

**Cases**

Fuentes v. Perskie, 32 F.3d 759 (3d. Cir. 1994) .................................................................. 3

Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993) ............................................................... 5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD L. WILLIAMS and<br>MICHAEL E. PETERS,<br><br>    Plaintiffs,<br><br>v.<br><br>DOVER DOWNS GAMING &<br>ENTERTAINMENT, INC., a Delaware<br>Corporation; and DOVER DOWNS, INC.,<br>a Delaware Corporation,<br><br>    Defendants. | )<br>) Civil Action No.: 05-0435 (GMS)<br>)<br>) TRIAL BY JURY OF<br>) TWELVE DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ADMINISTRATIVE AGENCY FILINGS AND CORRESPONDENCE, AND THE DETERMINATIONS BY THE DELAWARE DEPARTMENT OF LABOR**

Plaintiffs Richard L. Williams and Michael E. Peters, through their undersigned counsel, submit this brief in opposition to Defendant's motion in limine.

Defendant's motion and opening brief apparently seek to exclude all "the correspondence giving rise to the DDOL [Delaware Department of Labor] determination."[1] That correspondence includes the Defendant's position statement and other letters to DDOL which attempt to explain a non-discriminatory reason for firing the Plaintiffs. That reason, stated in the letters which Defendant now attempts by its motion to exclude from evidence, is (allegedly) that Plaintiffs had received prior disciplinary

---

[1] Opening Brief, p. 7. Defendant's brief, the motion, and the proposed order all neglect to identify specifically which documents Defendant seeks to exclude. The brief does refer to an index of exhibits which is attached to the brief. Id. Plaintiffs presume that it is these exhibits which Defendant seeks to exclude.

1

action, whereas the employees who were not fired had no prior disciplinary action. The Defendant's position statement states:

> "Charging Party alleges he was treated differently than Larnick, Monahan and Patterson. Charging Party alleges his punishment was more severe because of his age. These allegations are without merit.
>
> Approximately three weeks before prior to the unauthorized drag race, on December 1, 2003, Charging Party received a written warning for failing to carry out a work order of a supervisor and insubordination. That Charging Party had received a written warning, so close in proximity to the December 23, 2003 event, warranted [sic] immediate termination rather than suspension. Of the four employees issued suspensions for their involvement in the drag race, not one had a record of disciplinary action, let alone a disciplinary action that occurred within a month of the unauthorized drag race." Exhibit 4, page 2.[2]

Likewise, Defendant's December 23, 2004 letter states: "Due to his December 2003 discipline, Charging Party was not similarly situated with the other employees who were suspended rather than terminated for participating in the drag race." Exhibit 2, page 2. Defendant's January 28, 2005 letter states: "Given the proximity of the December 1, 2003 misconduct to the drag race, and the severity of the December 1, 2003 misconduct, Charging Party's actions on December 23, 2003 necessitated termination." Exhibit 6, page 2.[3]

However, the reason offered in the letters was flatly contradicted in the deposition of Edward Sutor, the person who made the decision to fire Plaintiffs. He testified he

---

[2] All references to numbered exhibits are to exhibits attached to Plaintiff's opening brief. All references to lettered exhibits are to exhibits attached to this answering brief.

[3] All three letters (Exhibits 2, 4 and 6) were authored by Defendant's attorney. At her deposition, Defendant's Vice President of Human Resources, Ms. Robin Roberts, testified that typically the Defendant's HR department reviewed correspondence sent by lawyers on its behalf before it was sent to the DDOL. (Exhibit A); that it reviewed the position statement in this case before it was sent to DDOL (Exhibit B); and that she personally reviewed the prior disciplinary records of all the employees involved in the drag race before the plaintiffs were fired (Exhibit C).

2

would have fired the Plaintiffs regardless of prior disciplinary action, and that the Plaintiffs prior disciplinary record had "very little relevance" to the firings. (Exhibit D).

Plaintiffs need to introduce the letters (Exhibits 2, 4, and 6) to prove Defendant's proffered explanation was mere pretext. Such proof goes to the heart of many discrimination claims, including this one.

Defendant's brief states that one of Defendant's letters gave DDOL incorrect information about one of the employee's prior disciplinary records, and that DDOL relied upon that explanation. (p. 5). However, the fact remains Defendant's letters leading up to DDOL's determination state the reason for the firings was the prior disciplinary action taken against Plaintiffs. Plaintiffs are entitled to show the inconsistencies between the letters and Mr. Sutor's testimony. In discrimination cases, inconsistencies in an employer's proffered reasons for its action obviously don't have "minimal probative value," under the Rule 403 test advanced in Defendant's brief (p. 5). Such inconsistencies have been held to defeat a motion for summary judgment. Fuentes v. Perskie, 32 F.3d 759, 765 (3d. Cir. 1994). The letters amount to admissions that Mr. Sutor's explanation of the firings isn't what Defendant proffered as the reason to DDOL, and call into serious question whether Defendant had any legitimate reason for the firings.

Finally, even if Mr. Sutor had not flatly contradicted the reason given for the firings in Defendant's letters, Plaintiffs would be entitled to introduce the letters (as well as the DDOL letters which explain the context of Defendant's letters, namely Exhibits 3 and 5) for purposes of presenting to the jury the Defendant's proffered reason for its

3

decision. The letters are not "duplicative in nature," as suggested by Defendant's brief, at page 7, but rather the Defendant's only explanation before the litigation was filed of its alleged nondiscriminatory reason for firing Plaintiffs. Such documents are critical in this case, and in most discrimination cases.

Defendant's motion also seeks to exclude the DDOL reasonable cause determination of discrimination (Exhibit 1) on the ground that the Defendant supplied the wrong information to DDOL and the decision therefore is premised on such wrong information. However, the determination is relevant because it presents factual issues which the jury should consider. One, upon receipt of the DDOL decision, why didn't Defendant straighten out the facts and seek reconsideration of the decision? Ms. Roberts, the head of Defendant's HR department and the individual who personally reviewed the disciplinary records of all the employees involved in the race (and therefore was in a position to know that "facts" submitted to DDOL were not totally accurate), could not explain why the DDOL decision wasn't challenged. (Exhibit E). She did acknowledge she has a role in "understanding and hopefully learning from whatever it is that, you know, has been decided, whatever decision is made [by DDOL]." Id. She also acknowledged that if she had been aware of DDOL's rationale for its decision, "I may have taken some steps." Id.

A second question presented by DDOL's finding is: "Was Mr. Sutor's testimony, in which he provides a totally new explanation for the firings, the result of the DDOL decision which discounts the first reason given? It is altogether possible that prior to his deposition, Mr. Sutor reviewed the problems with the DDOL decision and the convoluted

explanations given to DDOL; and consequently came up with a totally new justification for the firings. The jury needs to see the DDOL findings to assess the possible motivation for Mr. Sutor's testimony.

---

Defendant's motion also seeks to exclude deposition testimony about four other age discrimination cases brought against Dover Downs since 2000. The charges appear at Exhibit 7. Two of them were filed less than one year before Ms. Roberts' deposition on February 13, 2006. Ms. Roberts testified she personally reviewed all four charges of discrimination; was personally involved in reviewing the Defendant's responses to DDOL; and that she couldn't recall a single allegation that any of the four made (Exhibit F). She also testified she had specialized training in age discrimination law. (Exhibit G).

Ms. Roberts' testimony reflects the Defendant's cavalier attitude regarding its obligations under the ADEA, and bears on the element of intentional discrimination and the appropriateness of liquidated damages. Liquidated damages are available in cases of "willful" violations, i.e., "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Hazen Paper Co. v. Biggins, 507 U.S. 604, 617 (1993). Although Ms. Roberts testified she had reviewed the charges and the responses to the charges, she couldn't remember anything about them less than one year later. Such evidence strongly suggests Defendant has little concern with its obligation under the ADEA and in this case did recklessly disregard the law. The jury should consider such evidence, under Rules 401 and 402 because it does have a

"tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence." Rule 402.

For the above stated reasons, plaintiffs respectfully request the court deny defendant's motion in limine.

          Respectfully submitted,

          PARKOWSKI, GUERKE & SWAYZE, P.A.

By: _____
     JEREMY W. HOMER, ESQUIRE
     (Delaware Bar ID#0413)
     116 W. Water Street
     P.O. Box 598
     Dover, DE 19903
     (302) 678-3262

DATED: March 30, 2007     Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD L. WILLIAMS and<br>MICHAEL E. PETERS,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>DOVER DOWNS GAMING &<br>ENTERTAINMENT, INC., a Delaware<br>Corporation; and DOVER DOWNS, INC.,<br>a Delaware Corporation,<br><br>　　　　　Defendants. | ) Civil Action No.: 05-0435 (GMS)<br>)<br>) TRIAL BY JURY OF<br>) TWELVE DEMANDED<br>)<br>)<br>)<br>)<br>) **CERTIFICATE OF SERVICE**<br>)<br>)<br>) |

　　　I hereby certify that on March __30__, 2007, I electronically filed the foregoing Plaintiffs' Answering Brief In Opposition To Defendant's Motion In Limine To Exclude Administrative Agency Filings And Correspondence, And The Determinations By The Delaware Department Of Labor with the Clerk of Court, which will send notification of such filing to the following and which has also been served via first class mail:

　　　　　Richard M. Donaldson, Esquire and Noel C. Burnham, Esquire
　　　　　Montgomery, McCracken, Walker & Rhoads, LLP
　　　　　300 Delaware Avenue, Suite 750
　　　　　Wilmington, DE  19801

　　　I hereby certify that on March __30__, A.D. 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants

　　　　　Edward T. Ellis, Esquire and Carmon M. Harvey, Esquire
　　　　　Montgomery, McCracken, Walker & Rhoads, LLP
　　　　　123 South Broad Street
　　　　　Philadelphia, PA  19109

　　　　　　　　　　　　　　　　PARKOWSKI, GUERKE & SWAYZE, P.A.

　　　　　　　　　　　　　By:  /s/ Jeremy W. Homer
　　　　　　　　　　　　　　　　JEREMY W. HOMER, ESQUIRE
　　　　　　　　　　　　　　　　Delaware State Bar I.D. No.: 413
　　　　　　　　　　　　　　　　116 W. Water Street, P.O. Box 598
　　　　　　　　　　　　　　　　Dover, DE  19903
　　　　　　　　　　　　　　　　(302) 678-3262
H:\Williams\Answering Brief2　　　　Attorneys for Plaintiffs