IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD L. WILLIAMS and<br>MICHAEL E. PETERS,<br><br>          Plaintiffs,<br><br>    v.<br><br>DOVER DOWNS, INC.,<br><br>          Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No.: 05-0435 (GMS)<br>:<br>:<br>:<br>: |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION
IN LIMINE TO EXCLUDE ADMINISTRATIVE AGENCY FILINGS AND
CORRESPONDENCE, AND THE DETERMINATIONS
BY THE DELAWARE DEPARTMENT OF LABOR**

Defendant Dover Downs, Inc. ("Dover Downs"), through its undersigned counsel, submits this reply brief in support of its motion to exclude certain evidence.

Plaintiffs' response to Defendant's motion to exclude evidence of Plaintiffs' agency charges ("Agency Charges") misses the mark. Making only a cursory reference to Rule 403 of the Federal Rules of Evidence, under which the admissibility of such evidence is judged,[1] Plaintiffs simply enumerate the ways in which they would find the evidence useful at trial. Plaintiffs entirely ignore the unfair prejudice, jury confusion, and undue delay that would result from admitting the Agency Charges and the back-and-forth correspondence about them.

Plaintiffs' principal argument for admissibility is that the documents demonstrate alleged inconsistencies in the reasons Dover Downs has advanced for the termination of

---

[1] Plaintiffs refer to "the Rule 403 test advanced in Defendant's brief" as though Defendant invented this test to suit its purposes. The Third Circuit has unambiguously held that trial courts are required to determine the admissibility of agency evidence by applying the balancing test set forth in Rule 403. *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343-45 (3d Cir. 2002).

Plaintiffs. Whether or not the reasons are inconsistent – and whether any inconsistency matters – is of course for the jury to decide, but Plaintiffs have ways to demonstrate them without causing a mini-trial over the agency findings. The allegedly inconsistent statements appear in the termination notices and in the depositions of the principal Dover Downs actors Ed Sutor and Robin Roberts. They do not depend on the agency documents. Introducing the latter into evidence would have the unfortunate effect of sidetracking the age discrimination trial into a trial about the accuracy of the agency proceedings. The Third Circuit has held that Rule 403 discourages the admission of agency evidence that would have such an effect. *See Coleman*, 306 F.3d at 1346-47.

Regarding Defendant's motion to exclude evidence of age discrimination charges brought by other employees of Dover Downs, Plaintiffs claim that this evidence is relevant because it bears on the appropriateness of liquidated damages. Ms. Roberts' failure to recall the specific allegations asserted in discrimination charges filed against Defendant over the last five years, however, is not evidence of a "cavalier attitude" or of "little concern" with ADEA obligations. Rather, it is simply evidence that Ms. Roberts is human and – like most of us – does not have a photographic memory. Any minimal relevance this evidence might have is outweighed by the risk of unfair prejudice, confusion of the issues, and undue delay.

For the foregoing reasons and those set out in the Defendant's opening brief, Defendant respectfully requests that this Court grant its motion to exclude certain evidence.

Respectfully submitted,

Dated: April 10, 2007        */s/ Richard M. Donaldson*
Noel C. Burnham (DE Bar No. 3483)
Richard M. Donaldson (DE Bar No. 4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
(302) 504-7840

*Counsel for Defendant Dover Downs, Inc.*

Of Counsel:

Edward T. Ellis
Carmon M. Harvey
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

**CERTIFICATE OF SERVICE**

This is to certify that Defendant's Reply Brief in Support of its Motion in Limine to Exclude Administrative Agency Filings and Correspondence, and the Determinations by the Delaware Department of Labor were served by electronic filing and first class mail (two (2) copies) this 10th day of April 2007 on:

>Jeremy W. Homer, Esquire
>Parkowski, Guerke & Swayze, P.A.
>116 West Water Street
>P.O. Box 598
>Dover, DE 19806
>
>*Counsel for Plaintiffs*


>     */s/ Richard M. Donaldson*
>Richard M. Donaldson (DE Bar No. 4367)