**SCHEDULE F**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD L. WILLIAMS and<br>MICHAEL E. PETERS,<br><br>      Plaintiffs,<br><br>  v.<br><br>DOVER DOWNS GAMING &<br>ENTERTAINMENT, INC., a Delaware<br>Corporation; and DOVER DOWNS,<br>INC., a Delaware Corporation,<br><br>      Defendants. | )<br>) Civil Action No. 05-0435 (GMS)<br>)<br>) TRIAL BY JURY OF<br>) TWELVE DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFFS' TRIAL BRIEF




PARKOWSKI, GUERKE & SWAYZE, P.A.


By:   JEREMY W. HOMER, ESQUIRE
      (Delaware Bar ID#0413)
      116 W. Water Street
      P.O. Box 598
      Dover, DE  19903
      (302) 678-3262
DATED: April 10, 2007       Attorneys for Plaintiffs

**TABLE OF CONTENTS**

                                                                                   **PAGE**

TABLE OF CITATIONS ............................................... ii

A.    NATURE OF THE CASE ......................................... 1

B.    UNCONTESTED FACTS .......................................... 2

C.    CONTESTED FACTS THE EVIDENCE WILL ESTABLISH ............... 3

D.    PLAINTIFFS' THEORIES OF LIABILITY ......................... 5

        1.    Age discrimination .................................. 5

        2.    Implied covenant of good faith and fair dealing .... 8

E.    PLAINTIFFS' THEORIES OF DAMAGES .......................... 10

        1.    ADEA damages ....................................... 10

        2.    Punitive damages for breach of implied covenant ... 12

**TABLE OF CITATIONS**

**PAGE**

**Cases**

Christiansburg Garment Co., v. EEOC, 434 U.S. 412 (1978) ................ 11

E.I. DuPont de Nemours and Co. v. Pressman, 679 A.2d 436
    (Del. 1996) .................................................................................. 8, 12

Fakete v. Aetna, Inc., 308 F.3d 335 (3d Cir. 2002) ........... 5, 6

Fasold v. Justice, 409 F.3d 178 (3d Cir. 2005) ........................ 6

Glanzman v. Metropolitan Management Corp., 391 F.3d 506
    (3d Cir. 2004) ............................................................................. 5, 6

Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993) ....................... 11

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) ............... 6, 7

McDowell v. Avtex Fibers, Inc., 740 F.2d 214 (3d Cir. 1984) ......... 11

Merrill v. Crothall-American, Inc., 606 A.2d 75 (Del. 1992) ........... 8

Pivirotto v. Innovative Systems, Inc., 191 F.3d 344
    (3d Cir. 1999) ................................................................................. 7

Potence v. Hazleton Area School District, 357 F.3d 366
    (3d Cir. 2004) ................................................................................. 6

Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) ....................... 5

Schatzman v. Martin Newark Dealership, Inc., 158 F.Supp.
    2d 392 (D.Del. 2001) ..................................................................... 12

Sempier v. Johnson & Higgins, 45 F.3d 724 (3d Cir. 1995) ................ 7

Showalter v. University of Pittsburgh Medical Center, 190
    F.3d 231 (3d Cir. 1999) ................................................................... 7

Starceski v. Westinghouse Electric Corporation, 54 F.3d 1089
    (3d Cir. 1995) ........................................................................ 5, 10, 11

Wehr v. Burroughs Corps, 619 F.2d 276 (3d Cir. 1980) ....................... 10

**TABLE OF CITATIONS**

                                                                            **PAGE**

**Statutes**
Age Discrimination in Employment Act ................................................... passim

Fair Labor Standards Act, §16 ................................................................. 11

**Other Authorities**
Conference Comm., Age 95-950, 95Th Cong., 2d Sess. 13 (1978) ........ 10

1

A.      **NATURE OF THE CASE**

Plaintiffs were discharged from their employment by Defendant because of their ages in violation of State and federal law.  In so doing, Defendant breached the covenant of good faith and fair dealing and is liable for punitive damages.

B.   **UNCONTESTED FACTS**

The Court has subject matter jurisdiction, and the parties are subject to the Court's jurisdiction. The parties agree Plaintiff Richard Williams was employed continuously by Defendant for 25 years before he was discharged, and Plaintiff Michael Peters was employed continuously by Defendant for 17 years before he was discharged. The parties agree Plaintiffs satisfied all the statutory prerequisites for filing this action, including timely filing the charges of discrimination with the EEOC, receipt of the right to sue letters, etc. The parties agree Defendant was at all times pertinent to this action an "employer" for purposes of the Age Discrimination in Employment Act (ADEA), and that the Plaintiffs were "employees" for purposes of the ADEA when they were discharged by Defendant on December 31, 2003.

C.  **CONTESTED FACTS THE EVIDENCE WILL ESTABLISH**[1]

The evidence will establish the following contested facts:

(1) Plaintiffs were discharged by Defendant because of their ages or their ages were a determinative or substantial factor in the discharges.

(2) Defendant willfully and intentionally discriminated against Plaintiffs because of their ages by terminating their employment and imposing other disciplinary action in December 2003.

(3) At the time of their termination of employment by Defendant, the Plaintiffs performed and had performed for a protracted time period their jobs at a level which met the legitimate expectations of the Defendant.

(4) Defendant replaced the Plaintiffs after their employment was terminated with sufficiently younger employees.

(5) Plaintiffs were discharged and otherwise disciplined in December, 2003. The Defendant provided a false reason for such actions, and otherwise breached the implied covenant of good faith and fair dealing which attaches to all employer-employee contractual relationships under the common law of the State of Delaware.

---

[1] A detailed discussion of the facts is contained in the Plaintiffs' answering brief to Defendant's motion for summary judgment which is incorporated by reference. See pages 2-9.

(6) As a result of the aforesaid discrimination and breach of contract, Plaintiffs have suffered lost wages, lost benefits, and other damages as set forth below.

D.  **PLAINTIFFS' THEORIES OF LIABILITY**

   1.  <u>Age discrimination</u>.

   The ADEA prohibits the discharge of an employee or other discrimination by an employer against an employee over 40 years old because of such person's age.  29 U.S.C.A. §623.

   To prevail on an aged-based termination claim, a plaintiff must show his age "actually motivated" and "had a determinative influence" on the decision to fire him.  <u>Glanzman v. Metropolitan Management Corp.</u>, 391 F.3d 506, 512 (3d Cir. 2004).  Such showing may be by direct evidence or circumstantial evidence.  <u>Id</u>.  A plaintiff may present his case under either theory or both, and the trial judge "must then decide whether one or both theories properly apply at some point in the proceedings prior to instructing the jury."  <u>Starceski v. Westinghouse Electric Corporation</u>, 54 F.3d 1089, 1098 (3d Cir. 1995), citing <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228, 247 n. 12 (1989).

   If direct evidence is used, the test laid out in <u>Price Waterhouse</u> must be used.  <u>Glanzman</u>, 391 F.3d at 512.  Under that test "the evidence must be sufficient to allow the jury to find that the decision makers placed a substantial negative reliance on the plaintiff's age in reaching their decision."  <u>Id</u>., citing <u>Fakete v. Aetna, Inc.</u>, 308 F.3d 335, 338 (3d Cir. 2002).  <u>Fakete</u> also formulates the issue as follows: "Thus the only matter requiring discussion is whether a reasonable jury could

find...Fakete's age was more likely than not a substantial factor in...[the employer's] decision to fire him." <u>Id</u>. at 339.

In this case, the direct evidence of age discrimination includes the decision-maker's deposition testimony that the termination decision was based in part on the Plaintiffs' ages.

If circumstantial evidence is used to establish age discrimination, the plaintiff must satisfy the three-step test of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>Glanzman</u>, supra, 391 F.3d at 512. Under the <u>McDonnell Douglas</u> test, an employee first establishes a prima facie case of discrimination, after which the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for its adverse employment decision. <u>Fasold v. Justice</u>, 409 F.3d 178, 184 (3d Cir. 2005). If the employer does so, then the employee proffers evidence sufficient to allow the jury to find by a preponderance of the evidence that the employer's proffered reasons are false or pretextual. <u>Id</u>.

To establish a prime facie case under the ADEA, the plaintiff generally must show: (1) he is over forty years old; (2) he's qualified for the position in question; (3) he suffered an adverse employment decision; and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination. <u>Potence v. Hazleton Area School District</u>, 357 F.3d 366, 370 (3d Cir. 2004). However, the precise elements of a prima facie case may vary with particular circumstances.

6

McDonnell Douglas, supra, 411 U.S. at 802 n. 13. Thus, the Third Circuit Court of Appeals has held the prima facie burden can be met "by demonstrating generally that...[the employee] was fired...under circumstances that give rise to an inference of unlawful discrimination." Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 357 (3d Cir. 1999). Pivirotto states "the fourth element" [replacement by a sufficiently younger employee] must be relaxed in certain circumstances..." Id.

In any event, the evidence shows plaintiffs do establish a prima facie case. The first three elements (over 40 years old, qualified for position, suffered adverse decision) require no discussion. The fourth element (replaced by a sufficiently younger employee) raises the issue of how much younger the replacement must be. The Third Circuit Court of Appeals has established no particular age difference that must be shown, but has noted that "while different courts have held...that a five year difference can be sufficient, a one year difference cannot." Showalter v. University of Pittsburgh Medical Center, 190 F.3d 231, 236 (3d Cir. 1999), quoting Sempier v. Johnson & Higgins, 45 F.3d 724, 729 (3d Cir. 1995). In Showalter, the plaintiff was eight years older than one retained employee and 16 years older than another. Id. In Sempier, the plaintiff was replaced by two individuals -- one who was four years younger than the plaintiff and the other who was 10 years younger. Id.

7

In this case, the plaintiff Williams was 55 years old when he was fired, the Plaintiff Peters was 52. Both held the same position and were fired on the same day. According to the defendant, they were replaced by a 42 year old and 47 year old, who in turn were replaced by a 41 year old and a 47 year old. Thus, there was at least a five year difference between the oldest replacement and the younger of the Plaintiffs. There was an eight year difference between the oldest replacement and the older of the Plaintiffs, and an eleven year difference between the younger of the Plaintiffs and the youngest replacement, and an average 9.5 years difference when all the ages are considered together.[2]

2. <u>Implied covenant of good faith and fair dealing</u>.

Plaintiffs' complaint alleges breach of the implied covenant of good faith and fair dealing. Every employment contract in the State of Delaware contains such implied covenant. <u>Merrill v. Crothall-American, Inc.</u>, 606 A.2d 75, 101 (Del. 1992). It is a breach of the implied covenant to, by deceit, manufacture grounds for an employee's dismissal. <u>E.I. DuPont de Nemours and Co. v. Pressman</u>, 679 A.2d 436, 444 (Del. 1996).

The evidence of such deceit is compelling. As explained more fully in Plaintiffs' answering brief to

---

[2] Plaintiffs' ages combined: 55 + 52 = 107. Replacement ages combined: 47 + 41 = 88. 107 - 88 = 19. 10 ÷ 2 = 9.5.

8

Defendant's motion for summary judgment, Defendant explained to the Delaware Department of Labor (DOL) that Plaintiffs were fired, while the other spectators of the race were merely suspended, because the Plaintiffs had a prior disciplinary action, suspension for allegedly refusing to supervise a work force. Auspiciously, Plaintiffs were warned with the suspension that any future problems could result in termination.

The circumstances surrounding the suspensions show the reasons were fabricated, and it's a reasonable inference that the suspensions and the reasons for them were manufactured for purposes of setting the Plaintiffs up for dismissal. Among other things, the supervisor who imposed the suspensions admitted in his deposition that he didn't order either Plaintiff to supervise the employees. Also, despite a policy which called for employees to be sent home immediately when insubordinate, neither Plaintiff was even notified of the alleged insubordination or the suspensions until almost two weeks later. Perhaps realizing the reason given the DOL for the termination (prior disciplinary action) was bogus, the individual who made the decision to fire them testified the prior disciplinary actions had "very little" relevance. That testimony shows the reason for the termination given the Plaintiffs and the DOL were false, which was also deceitful.

9

E.    **PLAINTIFFS' THEORIES OF DAMAGES**

    1.    ADEA damages.

    The ADA authorizes compensation for back pay, front pay, loss of benefits, and pre-judgment and post-judgment interest. Liquidated damages (double damages) are awarded where a willful violation is found. Reasonable attorney fees are available for prevailing plaintiffs. The ADEA's remedies are designed, in part, to make victims of discrimination "whole" so they are restored to the economic position they would have occupied but for the discrimination. Starceski, supra, 54 F.3d at 1100.

    Back pay begins to accrue when the violation occurs and generally terminates with the trial. Wehr v. Burroughs Corp., 619 F.2d 276, 283 (3d Cir. 1980). Back pay awards should include fringe benefits. In amending the ADEA in 1978, Congress found the §7(b) phrase "amounts owing" [for an ADEA violation] encompasses "items of pecuniary or economic loss such as...fringe, and other job related benefits." Conference Comm., Age 95-950, 95Th Cong., 2d Sess. 13 (1978).

    In this case Plaintiffs through discovery sought evidence of the value of various fringe benefits but Defendant was unable to provide the specific value of pension benefits, etc. However, the head of Defendants' Human Resources Department testified the benefits were valued at approximately 25%-30% of the employee's wages. Although the exact amount of the value of

the benefits cannot be determined, the risk of uncertainty must be borne by the wrongdoer, not the victim. Starceski, supra, 54 F.3d at 1101. Back pay awards are offset by earnings, but not by pension or unemployment insurance benefits. McDowell v. Avtex Fibers, Inc., 740 F.2d 214 (3d Cir. 1984). vacated and remanded on other grounds, 469 U.S. 1202 (1985).

The ADEA, at 29 U.S.C.A. §626(b), incorporates the remedies contained in §16 of the Fair Labor Standards Act, which provides for liquidated damages in the same amount as the back pay award where the violation is "willful." In Hazen Paper Co. v. Biggins, 507 U.S. 604, 617 (1993), the Court held a willful violation under the ADEA occurs when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute..." The employee need not show the employer's conduct was outrageous, or provide direct evidence of the employer's motivation, or prove that age was the predominant, rather than a determinative factor, in the employment decision." Id.

The Third Circuit Court of Appeals has held that a prevailing plaintiff may receive prejudgment interest on the back pay award. Starceski, supra, 54 F.3d at 1102-1103.

Finally, the award of attorney fees to a prevailing plaintiff in an ADEA case is mandatory. Christiansburg Garment Co., v. EEOC, 434 U.S. 412, 415 n. 5 (1978).

2.  <u>Punitive damages for beach of implied covenant</u>.

Punitive damages traditionally aren't allowed for breach of the implied covenant. <u>Pressman</u>, supra, 679 A.2d at 445-446. However, in <u>Schatzman v. Martin Newark Dealership, Inc.</u>, 158 F.Supp. 2d 392, 400 (D.Del. 2001), the Court upheld the availability of punitive damages for breach of the covenant, pointing out that <u>Pressman</u> recognized the rule isn't rigid. <u>Id</u>. at 399. The facts of this case are so egregious that punitive damages are warranted.

Respectfully submitted,

PARKOWSKI, GUERKE & SWAYZE, P.A.

By:  <u>/s/ Jeremy W. Homer</u>
JEREMY W. HOMER, ESQUIRE
(Delaware Bar ID#0413)
116 W. Water Street
P.O. Box 598
Dover, DE  19903
(302) 678-3262
Attorneys for Plaintiffs

DATED: April 10, 2007
h\Williams\proposed pretrial order\Schedule