**Schedule G**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

RICHARD L. WILLIAMS and
MICHAEL E. PETERS,

        Plaintiffs,

    v.

DOVER DOWNS, INC.,

        Defendant.

Civil Action No.: 05-0435 (GMS)

**DEFENDANT'S TRIAL BRIEF**

Date:  April 10, 2007

Noel C. Burnham (DE Bar # 3483)
Richard M. Donaldson (DE Bar I.D. #4367)
MONTGOMERY, MCCRACKEN,
  WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
(302) 504-7840

Edward T. Ellis
Carmon M. Harvey
Montgomery, McCracken,
  Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

*Counsel for Defendant Dover Downs, Inc.*

## TABLE OF CONTENTS

Page

I. NATURE OF THE CASE ................................................................................................ 1

II. CONTESTED FACTS DEFENDANT EXPECTS THE EVIDENCE WILL ESTABLISH .................................................................................................................... 1

III. DEFENSES BASED ON THOSE FACTS AND THE UNCONTESTED FACTS ......... 2

    A. Plaintiffs Have Not Stated A Claim For Age Discrimination Based On Direct Evidence ................................................................................................. 2

        1. Plaintiffs Have Not Produced Direct Evidence Of Age Discrimination ......................................................................................... 3

        2. Defendant Would Have Terminated Plaintiffs' Employment Notwithstanding Their Ages .................................................................. 4

    B. Plaintiffs Have Not Stated A Claim For Age Discrimination Under The McDonnell Douglas Burden-Shifting Analysis Because The Circumstances Of Their Terminations Do Not Suggest Age Discrimination And Because Dover Downs Has Offered A Legitimate, Non-Discriminatory Reason For Plaintiffs' Terminations, Which Plaintiffs Cannot Rebut ................................................................................................... 4

        1. Plaintiffs Cannot Establish A Prima Facie Case ..................................... 4

        2. Dover Downs Had A Legitimate Non-Discriminatory Reason To Terminate Plaintiffs ............................................................................... 6

        3. Plaintiffs Cannot Rebut Defendant's Legitimate, Nondiscriminatory Reason For Terminating Plaintiffs ............................ 8

    C. Plaintiffs Have Failed To Establish Their State Law Claim For Breach Of Implied Covenant Of Good Faith And Fair Dealing .......................................... 10

IV. DAMAGES ISSUES ...................................................................................................... 11

V. DEFENDANT'S THEORY OF ANY ANTICIPATED MOTION FOR DIRECTED VERDICT ................................................................................................... 13

# TABLE OF AUTHORITIES

Page

**CASES**

*Armbruster v. Unisys Corp.*, 32 F.3d 768 (3d Cir. 1994) ............................................................ 2

*Baselice v. Phila. Fed'n of Teachers Health & Welfare Fund*, Civ. A. No. 01-477, 2002 U.S. Dist. LEXIS 7696 (E.D. Pa. May 1, 2002) ................................................................................ 3

*Connors v. Chrysler Fin. Corp.*, 160 F.3d 971 (3d Cir. 1998) ...................................................... 2

*E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436 (Del. 1996) ............................. 10, 12

*EEOC v. McDonnell Douglas Corp.*, 191 F.3d 948 (8th Cir. 1999) ............................................ 3

*Fakete v. Aetna, Inc.*, 308 F.3d 335 (3d Cir. 2002) ................................................................. 2, 4

*Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994) ...................................................................... 6, 7

*Geraci v. Moody-Tottrup Int'l*, 82 F.3d 578 (3d Cir. 1996) ......................................................... 5

*Goins v. Echostar Commc'ns Corp.*, No. 05-1354, 2005 U.S. App. LEXIS 18871 (3d Cir. Aug. 31, 2005) ............................................................................................................ 9

*Gray v. York Newspapers, Inc.*, 957 F.2d 1070 (3d Cir. 1992) ................................................... 3

*Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993) .............................................................. 3, 4, 12

*Keller v. Orix Credit Alliance*, 130 F.3d 1101 (3d Cir. 1997) ............................................ 5, 6, 7

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ......................................................... 6

*McIntyre v. Div. of Youth Rehab. Servs.*, 795 F. Supp. 668 (D. Del. 1992) ............................... 12

*Peace v. Shellhorn & Hill, Inc.*, C.A. No. 03-1007 (GMS), 2005 U.S. Dist. LEXIS 2533 (D. Del. Feb. 18, 2005) ............................................................................................................ 7, 8

*Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) ................................................................. 2, 4

*Schatzman v. Martin Newark Dealership, Inc.*, 158 F. Supp. 2d 392 (D. Del. 2001) .......... 11, 12

**STATUTES**

29 U.S.C. § 621 *et seq.* ............................................................................................................. 1, 2

**RULES**

Fed. R. Civ. P. 50(a) ................................................................................................................... 13

I.  **NATURE OF THE CASE**

This is a civil action under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiffs Richard L. Williams ("Williams") and Michael E. Peters ("Peters") seek compensatory and liquidated damages under the ADEA and punitive damages for breach of the Delaware common law covenant of good faith and fair dealing.

II. **CONTESTED FACTS DEFENDANT EXPECTS THE EVIDENCE WILL ESTABLISH**

Defendant incorporates in its entirety the Concise Statement of Facts set forth in its Opening Brief in Support of Defendant's Motion for Summary Judgment (D.I. # 35).

The evidence that will be presented at trial will establish the following contested facts:

1) Plaintiffs' job responsibilities, as Maintenance Mechanic I's for Defendant, included the ability to "lead a work force," provide "support to staff and assign job duties," "direct tasks for Maintenance II and III[s]," and "perform any reasonable task as directed by management." Dover Downs disciplined Plaintiffs for their refusal to perform their job duties on December 1, 2003.

2) On December 23, 2003, Plaintiffs parked their *Company* vehicles at the gate of the Dover Downs race track to prevent others from entering the track during a drag race between Ernie Carlisle and Brian Williams, Plaintiff Richard Williams's son.

3) Plaintiffs observed the drag race and did nothing to stop or prevent the race or any portion thereof.

4) Defendant terminated Plaintiffs, along with two other employees (the drivers: one 29 years of age and the other 68 years of age) because of their involvement in the drag race.

5) Plaintiffs' ages played no role in Defendant's decision to terminate Plaintiffs.

6) Defendant would have terminated Plaintiffs even if Plaintiffs' ages did not place them in a protected category.

7) Defendant did not willfully discriminate against Plaintiffs because of their ages.

### III. DEFENSES BASED ON THOSE FACTS AND THE UNCONTESTED FACTS

The ADEA prohibits an employer from discriminating against an individual in hiring, discharge, compensation, terms, conditions, or privileges of employment on the basis of age. *See* 29 U.S.C. § 623(a)(1); *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 972 (3d Cir. 1998). To prevail on a claim for age discrimination, a plaintiff must show that his age "actually motivated" and "had a determinative influence on" the employer's decision to fire him. *Fakete v. Aetna, Inc.*, 308 F.3d 335, 334 (3d Cir. 2002). A plaintiff may establish age discrimination through direct evidence or circumstantial evidence. *See Connors*, 160 F.3d at 972. Plaintiffs have failed to offer any direct evidence and, in any event, cannot sustain a claim for age discrimination under either theory.

#### A. Plaintiffs Have Not Stated A Claim For Age Discrimination Based On Direct Evidence.

Plaintiffs have failed to establish a claim for age discrimination based on a "mixed motives" or "direct evidence" theory under *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), which requires a showing that the "'decisionmakers placed substantial negative reliance on an illegitimate criterion in reaching their decision.'" *Connors*, 160 F.3d at 976 (quoting *Price Waterhouse*, 490 U.S. at 277). The direct evidence burden is a "high hurdle," and must be "so revealing of discriminatory animus that it is not necessary to rely on any presumption from the prima facie case to shift the burden of production." *Id.* at 976 (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 779 (3d Cir. 1994)). Direct evidence includes "statements of a person involved in the decisionmaking process that reflect a discriminatory or retaliatory animus of the type complained of in the suit." *Fakete*, 308 F.3d at 339. Once the plaintiff meets this burden, "the employer must prove that it would have fired the plaintiff even if it had not considered his age." *Id.* at 338.

1. <u>Plaintiffs Have Not Produced Direct Evidence Of Age Discrimination.</u>

The only evidence that Plaintiffs have offered in support of their direct evidence argument is Chief Operating Officer Edward Sutor's deposition testimony that he believed Plaintiffs had a "greater degree of responsibility for reporting" the drag race "because of their supervisory capacity, because of their age and experience." This statement does not reflect a discriminatory or retaliatory animus against Plaintiffs because of their age.

As the caselaw makes clear, "an employee's age is analytically distinct from his years of service." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993). Indeed, "employment decisions motivated by factors other than age (such as retirement eligibility, salary, or seniority), even when such factors correlate with age, do not constitute age discrimination." *EEOC v. McDonnell Douglas Corp.*, 191 F.3d 948, 951 (8th Cir. 1999) (citing *Hazen Paper*, 507 U.S. at 611); *see also Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1087 (3d Cir. 1992) ("seniority and age discrimination are unrelated"); *Baselice v. Phila. Fed'n of Teachers Health & Welfare Fund*, Civ. A. No. 01-477, 2002 U.S. Dist. LEXIS 7696, at *24-*25 (E.D. Pa. May 1, 2002) (quoting *Gray*). Here, Sutor was correlating "age" with Plaintiffs' "experience" at Dover Downs, in that they were long-time, experienced employees when compared with the other employees involved in the drag race and, accordingly, should have exercised their seniority and authority as Maintenance Mechanic I's to stop the drag race. Moreover, Plaintiffs' direct evidence argument is belied by the fact that Russell Hands, the oldest person present at the drag race, was not terminated and remains employed with Dover Downs to this day – at *72 years of age*. These facts make clear that Sutor's decision was not "the result of an inaccurate and denigrating generalization about age, but . . . rather represent[ed] an *accurate* judgment about the employee." *See Hazen Paper*, 507 U.S. at 612. Here, this accurate judgment was that Plaintiffs should have known it was their responsibility to report the drag race activity, in light of their

-3-

more than 25 years of experience in this type of business. The fact that Plaintiffs' increased seniority and supervisory authority correlated with their age does not establish direct evidence of age discrimination. *See id.* at 611-13.

### 2. Defendant Would Have Terminated Plaintiffs' Employment Notwithstanding Their Ages.

Even assuming, *arguendo*, that Plaintiffs present direct evidence of age discrimination, Plaintiffs' claims of age discrimination still will fail because the undisputed evidence shows that Dover Downs would have terminated Plaintiffs' employment notwithstanding their ages.

Under the *Price Waterhouse* analysis, if a plaintiff establishes direct evidence of age discrimination, the burden shifts to the employer to prove that it would have fired the plaintiff regardless of the plaintiff's age. *See Fakete*, 308 F.3d at 338 (citing *Price Waterhouse*, 490 U.S. at 265-66, 276-77). Here, as documented in their termination notices, Plaintiffs failed to prevent or report the unlawful and unauthorized drag race. Instead, Plaintiffs facilitated the drag race by using their *Company* vehicles to block the gate to the race. Plaintiffs' conduct was particularly egregious given that each worked as a Maintenance Mechanic I with leadership responsibilities within the Company. Accordingly, Defendant has established that Plaintiffs' conduct was so unacceptable that they would have terminated them notwithstanding their ages.

### B. Plaintiffs Have Not Stated A Claim For Age Discrimination Under The McDonnell Douglas Burden-Shifting Analysis Because The Circumstances Of Their Terminations Do Not Suggest Age Discrimination And Because Dover Downs Has Offered A Legitimate, Non-Discriminatory Reason For Plaintiffs' Terminations, Which Plaintiffs Cannot Rebut.

#### 1. Plaintiffs Cannot Establish A Prima Facie Case.

In order to sustain a claim for age discrimination based on circumstantial or indirect evidence, a Plaintiff must pass the burden-shifting paradigm under *McDonnell Douglas* and its progeny. This standard requires the plaintiff first to establish a prima facie case under

*McDonnell Douglas*, which requires a showing that (1) the plaintiff was a member of the protected class, *i.e.*, at least 40 years of age; (2) the plaintiff is qualified for the position; (3) the plaintiff suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances suggesting that an unlawful motive was at work. *Geraci v. Moody-Tottrup Int'l*, 82 F.3d 578, 580 (3d Cir. 1996); *Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1108 (3d Cir. 1997). Defendant does not dispute that Plaintiffs both were older than 40 years of age at the time of their terminations, that they each were qualified to serve as a Maintenance Mechanic I, and that they were terminated from Dover Downs. However, the circumstances of the terminations do not suggest that age was a factor in the decision.

Dover Downs suspended Plaintiffs on the day of an illegal and dangerous drag race that occurred on a part of the Dover International Speedway, which is owned by a company affiliated with Dover Downs. Plaintiffs were blocking the only gate by which the drag race might have been interrupted. Plaintiff Williams's son was one of the drag racers, and he crashed his car on the race track at the end of the fourth race of the day. Eight Dover Downs employees participated in the race as drivers, gate blockers, or spectators. Dover Downs suspended the four spectators and terminated the two drivers and two gate blockers (Peters and Williams).

The December 23, 2003, drag race was a dramatic event that received attention from the highest levels of Dover Downs management within hours of the wreck. Management conducted an investigation that consumed about a week. Dover Downs terminated Plaintiffs on December 31, 2003, eight days after the incident and the day the security report became final. Nothing in the circumstances of the terminations suggests that age – rather than Plaintiffs' involvement in the drag race – caused the terminations.

Furthermore, the second oldest person involved in the drag race, 68-year old Russell Hands, received only a suspension from employment and remains a Dover Downs employee today. He is substantially older than Plaintiffs.[1]

### 2. Dover Downs Had A Legitimate Non-Discriminatory Reason To Terminate Plaintiffs.

If Plaintiffs establish a prima facie case, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for its decision. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). The employer satisfies its "relatively light burden" if it introduces evidence which, "taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." *Id.*

The plaintiff then bears the burden to demonstrate that, by a preponderance of the evidence, the defendant's articulated reason is a pretext for discrimination. *Id.* In order to defeat the defendant's proffered reason, the plaintiff must submit evidence

> from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.

*Keller*, 130 F.3d at 1108 (quoting *Fuentes*, 32 F.3d at 763).

With respect to the first *Fuentes* prong, the plaintiff must rebut the defendant's proffer by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did

---

[1] The oldest employee involved in the drag race was 69-year old Ernie Carlisle, one of the drivers. He and the other driver, 29-year old Brian Williams, lost their jobs but have not sued.

not act for [the asserted] non-discriminatory reasons." *See Fuentes*, 32 F.3d at 765; *see also Peace v. Shellhorn & Hill, Inc.*, C.A. No. 03-1007 (GMS), 2005 U.S. Dist. LEXIS 2533, at *10-*11 (D. Del. Feb. 18, 2005) (Sleet, J.). With respect to the second *Fuentes* prong, the plaintiff must, by a preponderance of the evidence, "prove[] age discrimination . . . based solely on the natural probative force of the evidence." *Keller*, 130 F.3d at 1111. Plaintiffs can meet neither of these prongs, as Defendant has submitted a legitimate, nondiscriminatory reason for Plaintiffs' terminations, which Plaintiffs cannot rebut.

It is undisputed that there was an unlawful, unauthorized, and almost deadly drag race that occurred on the Dover International Speedway on December 23, 2003. This incident was of a very serious nature, and Dover Downs treated it accordingly, taking appropriate action to prevent similar incidents from occurring in the future. Indeed, Dover Downs disciplined all eight employees who were present at the drag race.

Plaintiffs admit that they were present at the race and further admit that they did nothing to stop or prevent the race. Plaintiffs facilitated the race by parking their *Company* vehicles at the gate to prevent anyone from entering to halt the race. Plaintiffs' actions were in violation of Dover Downs's policies and were clearly inappropriate, particularly in light of their experience and their leadership roles at Dover Downs. As Maintenance Mechanic I's, Plaintiffs were responsible for directing the tasks of other maintenance mechanics and for leading a workforce when necessary. The bases for Plaintiffs' terminations were documented in the Disciplinary Warning Notices that each Plaintiff received in connection with his termination, which stated that Plaintiffs had blocked the gate to the race and did nothing to prevent or report the race at any time during the three and one-half runs down pit road. The Notices further stated that the terminations were based on the fact that Plaintiffs did not exercise their "responsibility to report

any suspicious, unsafe, or reckless behavior of any type involving [their] fellow co-workers." *See Peace*, 2005 U.S. Dist. LEXIS 2533, at *16 (finding that defendant's "insubordinate, unprofessional, and disrespectful" behavior was a legitimate, non-discriminatory reason for his termination). Indeed, each Plaintiff, with nearly 25 years of experience in the business, should have known that the drag race was both prohibited by the Company *and* unsafe.

Accordingly, Dover Downs had a legitimate, nondiscriminatory reason for terminating Plaintiffs' employment and no reasonable jury could conclude that their ages played a factor in that decision.

### 3. Plaintiffs Cannot Rebut Defendant's Legitimate, Nondiscriminatory Reason For Terminating Plaintiffs.

Plaintiffs have attempted to show that Defendant's legitimate, nondiscriminatory reason for terminating Plaintiffs – their involvement in blocking the entrance to the race track during the drag race – is pretext for discrimination by asserting that: (1) individuals involved in the decisionmaking process weighed factors differently when deciding to terminate Plaintiffs; and (2) Plaintiffs did nothing wrong by blocking the entryway to the race because the race track previously had been used for racing by employees. These arguments fail to rebut Defendant's legitimate and nondiscriminatory reason for firing Plaintiffs and do not demonstrate that Defendant terminated Plaintiffs because of their ages.

First, the fact that individuals involved in the decisionmaking process placed emphasis on different factors does not show that the drag race was a pretext. Dover Downs Vice President of Human Resources Robin Roberts weighed Plaintiffs' prior discipline when considering what to do in the wake of the drag race. Ed Sutor – the ultimate decisionmaker – viewed Plaintiffs' prior discipline as "piling on" additional reasons for their termination, and would have terminated

Plaintiffs even without the prior discipline.[2] The primary basis for the terminations, however, was the drag race. Plaintiffs' argument in this regard does not rebut Defendant's legitimate, non-discriminatory reason for Plaintiffs' terminations.

Second, the fact that Plaintiffs do not believe they did anything wrong does nothing to meet Plaintiffs' burden to prove that Defendant's proffered legitimate, nondiscriminatory reason for Plaintiffs' terminations is pretext for discrimination. It is undisputed that Defendant at all times viewed the drag race as a grave matter. Indeed, the very moment that Dover Downs management learned of the unauthorized and nearly fatal drag race, they launched a thorough investigation, ultimately disciplining all eight employees present during the drag race. Moreover, Plaintiffs' assertion that other employees used Defendant's facility for driving their cars at illegal speeds "sometime in the nineties" is irrelevant to the inquiry because the decisionmaker, Sutor, was completely unaware of any other drag race involving a Dover Downs employee on Company property. *See Goins v. Echostar Commc'ns Corp.*, No. 05-1354, 2005 U.S. App. LEXIS 18871, at *5-*6 (3d Cir. Aug. 31, 2005) (affirming district court's finding that employee "was not similarly situated because the relevant decision maker . . . did not know about [the employee's] statements or disruptive behavior"). Accordingly, this argument, likewise, fails to rebut Defendant's legitimate, non-discriminatory reason for Plaintiffs' terminations.

---

[2] In early December 2003, Plaintiffs each received a Written Warning for insubordination after they refused the request of their supervisor's superior to lead the work force while their supervisor was on vacation. Plaintiffs' conduct was in violation of their Job Description, which states that their responsibilities included, among other things, "direct[ing] tasks for Maintenance Mechanic II and III[s]." Plaintiffs' insubordination also violated the Dover Downs Employee Handbook, which prohibits insubordination and the refusal "to carry out a work assignment or reasonable request by [an employee's] supervisor." These Written Warnings advised Plaintiffs that they could face possible termination in the event that they had further misconduct.

The undisputed evidence is that Defendant disciplined all eight of the individuals involved; those with greater involvement such as the drivers and Plaintiffs were terminated, while the remaining four were suspended without pay for their conduct and remained employed. One of the latter group was 68 years old at the time of his suspension and remains employed with Dover Downs to this day at *72 years of age*.

### C. Plaintiffs Have Failed To Establish Their State Law Claim For Breach Of Implied Covenant Of Good Faith And Fair Dealing.

Plaintiffs have alleged for the first time in their Trial Brief the theory of their claim for breach of the implied covenant of good faith and fair dealing. Plaintiffs contend that the circumstances surrounding their early December warnings were "fabricated" and "manufactured for purposes of setting Plaintiffs up for dismissal," thereby falling within the holding of the Delaware Supreme Court in *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436 (Del. 1996).

Contrary to Plaintiffs' assertion, Sutor, the ultimate decisionmaker with respect to Plaintiffs' terminations, stated in his deposition that Plaintiffs' prior disciplinary record had "very little" relevance to his decision to terminate Plaintiffs and that he "would have made that decision regardless of the prior incident."[3] Accordingly, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing has no merit.

Moreover, this case does not involve "manufactured" grounds for termination. Plaintiffs' covenant claim is based on an incident on December 1, 2003, that the human resources vice president took into account in recommending Plaintiffs' terminations. Both Williams and Peters

---

[3] Plaintiffs acknowledged this undisputed fact in their Answering Brief in Opposition to Defendant's Motion for Summary Judgment. *See* D.I.# 40 (Pls.' Answering Br. in Opp'n to Def.'s Mot. for Summ. J. at 9 (quoting Sutor Dep. Tr. at p. 26)).

refused a legitimate request by their manager to undertake a task that was clearly within their job description. All parties agree that they refused. The difference of opinion is whether the manager ordered them to do it or merely asked them in a non-mandatory way. The manager involved in the early-December incident was not involved in the decision to terminate Plaintiffs in late-December.

*Pressman* and the cases decided under its authority involve campaigns by a manager to fabricate events and simultaneously hide positive information about an employee. *See, e.g., Schatzman v. Martin Newark Dealership, Inc.*, 158 F. Supp. 2d 392 (D. Del. 2001). The events of December 1, 2003, are not in dispute, even as to the words the manager used to direct the work. Only the interpretation of Plaintiffs' actions is in dispute. Therefore, the events were not fabricated and the discipline was not fraudulent, as in *Pressman*. Accordingly, no action lies for breach of the covenant of good faith and fair dealing.

## IV. DAMAGES ISSUES

Plaintiff Williams made no effort to seek out employment after he was terminated. Indeed, Williams testified during his deposition that, in approximately 1997 or 1998, he and his wife were given a large piece of property by Williams's mother-in-law. In October 2003, Williams and his wife began to inquire as to the sale of the property. Williams and his wife began to receive advance payments on the sale of the land in approximately June 2004 and closed on the sale in November 2005 for $3.5 million. Accordingly, because Williams made no attempt to secure alternative employment, he is entitled to little compensatory damages.

Plaintiff Peters mitigated his damages successfully after a brief period of unemployment, thereby drastically limiting both his back pay and prospective damages.

Plaintiffs are not entitled to liquidated damages under the ADEA. Liquidated damages may be assessed under the ADEA when the plaintiff demonstrates that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [ADEA]." *Hazen Paper*, 507 U.S. at 617; *McIntyre v. Div. of Youth Rehab. Servs.*, 795 F. Supp. 668, 674 (D. Del. 1992). In this case, Plaintiffs cannot show that Defendant knew or showed reckless disregard for whether the termination of Plaintiffs was prohibited by the ADEA, particularly when Defendant has articulated a legitimate nondiscriminatory basis for Plaintiffs' terminations and retained an employee who was involved in the drag race and is 13 and 16 years older than Plaintiffs Peters and Williams, respectively.

Finally, Plaintiffs are not entitled to punitive damages for breach of the implied covenant of good faith and fair dealing. Punitive damages typically are unavailable for a breach of contract claim in the employment context. *See Schatzman*, 158 F. Supp. 2d at 399; *Pressman*, 679 A.2d at 445. In *Pressman*, the Delaware Supreme Court held that:

> The employment relationship is not sufficiently similar to that of insurer and insured to warrant judicial extension of the proposed additional tort remedies in view of the countervailing concerns about economic policy and stability, the traditional separation of tort and contract law, and finally, the numerous protections against improper terminations already afforded employees.

679 A.2d at 446. The Delaware Supreme Court held further that "punitive damages are not available for any breach of the employment contract which may be found by the jury." *Id.* at 448. As in *Pressman*, Plaintiffs have established no basis to depart from the long-standing rule that punitive damages are unavailable for a breach of contract claim. This is particularly true here, where Plaintiffs also are seeking liquidated damages under one of the "numerous protections against improper terminations already afforded employees" – the ADEA. *See id.* at 446.

## V. DEFENDANT'S THEORY OF ANY ANTICIPATED MOTION FOR DIRECTED VERDICT

After Plaintiffs have been heard fully on the issues, Defendant expects to move for judgment as a matter of law on the grounds that "there is no legally sufficient evidentiary basis for a reasonable jury to find" that Defendant's legitimate, nondiscriminatory reason for terminating Plaintiffs is mere pretext for age discrimination. Fed. R. Civ. P. 50(a). In the alternative, if the Court permits Plaintiffs to move forward on a "direct evidence" theory, Defendant expects to move for judgment as a matter of law on the grounds that "there is no legally sufficient evidentiary basis for a reasonable jury to find" that Defendant would have acted differently had Plaintiffs not been in a protected age category. *Id.* The bases for this motion are set forth above.

Respectfully submitted,

Dated: April 10, 2007

        */s/ Richard M. Donaldson*
Noel C. Burnham (DE Bar No. 3483)
Richard M. Donaldson (DE Bar No. 4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7840

*Counsel for Defendant Dover Downs, Inc.*

Of Counsel:
Edward T. Ellis
Carmon M. Harvey
Montgomery, McCracken,
   Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
h:\Williams\proposed pretrial order\Schedule G