## Schedule H

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD L. WILLIAMS and MICHAEL E. PETERS, | ) ) ) | Civil Action No. 05-0435 (GMS) |
| Plaintiffs, | ) ) ) | TRIAL BY JURY OF TWELVE DEMANDED |
| v. | ) ) | |
| DOVER DOWNS GAMING & ENTERTAINMENT, INC., a Delaware Corporation; and DOVER DOWNS, INC., a Delaware Corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PROPOSED JURY INSTRUCTIONS**

PARKOWSKI, GUERKE & SWAYZE, P.A.

By:   JEREMY W. HOMER, ESQUIRE
      (Delaware Bar ID#0413)
      116 W. Water Street
      P.O. Box 598
      Dover, DE  19903
      (302) 678-3262

DATED:  April 10, 2007       Attorneys for Plaintiffs

## TABLE OF CONTENTS

**PAGE**

Plaintiffs' Version of Preliminary Jury Instructions .......1

    Introduction .........................................1

    The Parties and Their Contentions .....................1

Defendant's Version of Preliminary Jury Instructions .......2

    Introduction .........................................2

    The Parties and Their Contentions .....................2

    Duties of the Jury ...................................3

    Evidence. ............................................4

    Credibility of Witnesses – Weighing Conflicting Testimony ............................................6

    Plaintiffs' Version of Summary of Applicable Law ......7

    Defendant's Version of Summary of Applicable Law ......8

    Burden of Proof ......................................9

    Conduct of the Jury .................................10

    Course of the Trial .................................12

    Trial Schedule ......................................13

    Some Logistical Information ..........................14

Final Jury Instructions ...................................16

    Introduction ........................................16

    Evidence Defined ....................................18

    Direct And Circumstantial Evidence ..................19

    Consideration of Evidence ...........................20

    Statements of Counsel ...............................21

    Credibility of Witnesses ............................22

i

**TABLE OF CONTENTS**
**CONTINUED**

**PAGE**

Deposition Testimony .................................24

Number of Witnesses .................................25

Burden of Proof:   Preponderance of the Evidence ......26

Separate Plaintiffs .................................27

Plaintiffs' Version of Discriminatory Intent .........28

Defendant's Version of Discriminatory Intent .........29

Plaintiffs' Version of Essential Elements of
Plaintiff's Disparate Treatment Claim ................30

Defendant's Version of Essential Elements of
Plaintiff's Disparate Treatment Claim ................31

Plaintiffs' Version of Pretext .......................32

Defendant's Version of Pretext .......................33

Plaintiffs' Version of Willfulness ...................35

Defendant's Version of Willfulness ...................36

Implied Covenant of Good Faith and Fair Dealing ......37

Plaintiffs' Version of Damages for Back Pay
and Benefits .........................................38

Defendant's Version of Damages for Back Pay
and Benefits .........................................39

Mitigation of Damages ...............................40

Punitive Damages ....................................41

Effect of Instructions As To Damages ................43

Deliberation and Verdict ............................44

Unanimous Verdict ...................................46

**PLAINTIFFS' VERSION OF**

**PRELIMINARY JURY INSTRUCTIONS**

**INTRODUCTION**

Members of the jury: Now that you have been sworn, I am going to give you some preliminary instructions to guide you in your participation in the trial.

**THE PARTIES AND THEIR CONTENTIONS**

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the plaintiffs, Richard L. Williams and Michael E. Peters, and the defendant, Dover Downs, Inc.

In this case, Mr. Williams and Mr. Peters allege they were discriminated against by their employer, Dover Downs, Inc., because of their ages. Specifically, they claim Dover Downs fired them, at least in part, because of their ages. Dover Downs claims it didn't fire them because of their ages.

You will be asked to determine whether age was a substantial factor in the termination of Plaintiffs' employment. The circumstances as they relate to this case of Mr. Williams and Mr. Peters are very similar, but you will be asked to determine separately whether each has proven his case. That is, it is possible you may determine in favor of one or both or neither.

If appropriate, you will be asked to determine the amount of money damages to award Mr. Williams or Mr. Peters or both.

1

### DEFENDANT'S VERSION OF

### PRELIMINARY JURY INSTRUCTIONS

#### INTRODUCTION

Members of the jury: Now that you have been sworn, I am going to give you some preliminary instructions to guide you in your participation in the trial.

#### THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the plaintiffs, Richard L. Williams and Michael E. Peters, and the defendant, Dover Downs, Inc.

In this case, Mr. Williams and Mr. Peters allege they were discriminated against by their employer, Dover Downs, Inc., because of their ages. Specifically, they claim Dover Downs fired them, at least in part, because of their ages. Dover Downs says that it fired them because they participated in an unlawful and dangerous drag race, and that their ages played no role in the decision.

You will be asked to determine whether age was a determinative factor in the termination of Plaintiffs' employment. The circumstances as they relate to the cases of Mr. Williams and Mr. Peters are very similar, but you will be asked to determine separately whether each has proven his case. That is, it is possible you may determine in favor of one or both or neither.

If appropriate, you will be asked to determine the amount of money damages to award Mr. Williams or Mr. Peters or both.

2

## DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## EVIDENCE

The evidence will consist of the testimony of witnesses (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1.  Statements, arguments, and questions by lawyers are not evidence.

2.  Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.  Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.  Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an

4

eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witnesses manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses.

## PLAINTIFFS' VERSION OF

## SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which plaintiffs must prove to make their case. Plaintiffs must show they were over the age of 40 when their employment was terminated by Defendant. That isn't disputed. They also must show their ages had a determinative influence on the decision to discharge them. If their age was more likely than not a substantial factor in the decisions to fire them, then they have proven their case. <u>Fakete v. Aetna, Inc.</u>, 308 F.3d 335, 339 (3rd Cir. 2002).

## DEFENDANT'S VERSION OF

## SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which plaintiffs must prove to make their case. Plaintiffs must show they were over the age of 40 when their employment was terminated by Defendant. That isn't disputed. They also must show that their ages more likely than not played a role in the decision of Dover Downs to terminate their employment and that age had a determinative effect on the outcome. <u>Fakete v. Aetna, Inc.</u>, 308 F.3d 335, 337 (3d Cir. 2002); <u>Miller v. CIGNA Corp.</u>, 47 F.3d 586, 598 (3d Cir. 1995).

8

## BURDEN OF PROOF

As I told you during the voir dire, this is a civil case. Here the plaintiffs have the burden of proving their case by what is called a preponderance of the evidence. That means the plaintiffs have to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiffs claim is more likely true than not. To put it differently, if you were to put the plaintiffs' and the defendant's evidence on opposite sides of a scale, the evidence supporting the plaintiffs would have to make the scale tip somewhat on their side. If the plaintiffs fail to meet this burden, the verdict must be for the defendant. The plaintiffs must also prove their damages by a preponderance of the evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in

10

evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(2)    These preliminary instructions to you;

(3)    Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4)    The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5)    My final instructions on the law to you;

(6)    The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7)    Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

12

## TRIAL SCHEDULE

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take three or four days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 P.M. There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for the your convenience in the jury deliberation room.

13

## SOME LOGISTICAL INFORMATION

1.    Temperature - dress in layers. It is difficult for our landlord, the Government Services Administration, to maintain a constant temperature in the building. That is particularly true when the seasons are changing and the temperature outside can be erratic. So bring a sweater or jacket you can wear if the air conditioning is overdone but which you can take off if things get too warm.

2.    Jury Stickers - Please wear the stickers you've been given that identify you as jurors. We don't have specialized access for you to the elevators or other common areas in the building. You will be sharing those with the representatives of the parties and others who have business with the Court. Everyone wants to help you maintain the appropriate detachment you must have in order to avoid being influenced by things outside the courtroom. By wearing your stickers, you help the parties and others to preserve that detachment. And please, do not be offended if the attorneys or court personnel or others involved in the trial seem stand-offish when you see them in the elevators or elsewhere in the building. Again, they are not trying to be unfriendly, but they are obligated to avoid contact with you outside the context of the presentations in the courtroom.

3.    Security System and Timeliness - You'll recall that when you came into the building today, you had to go through a security screening system. If you had a cell phone, you had to check that in with one of the Court Security Officers. Such screening can cause delays, so please plan your arrival time at court in a manner that will allow you to be in the jury room

14

before 9:00 a.m. each day of trial so that you can all come in and be seated together in the jury box promptly at 9:00. I should note that, sometimes, the other participants in this proceeding may cause you to wait. You will have done your part and arrived in the morning or after a break so that we can begin on time and yet you will be left in the jury room. I promise that I will do my utmost to hold such delays to the absolute minimum. We may be able to eliminate them entirely, but there are times during the course of a trial when matters arise which could not reasonably have been anticipated and which require the Court's attention. For example, the attorneys may have a legal issue which they need help resolving and in which it would not be appropriate to have you involved. If we have to deal with matters outside your presence, please be patient. Likewise, if I am required to deal with other proceedings, I ask your indulgence. Neither the Court nor the parties mean you any disrespect by a delay. On the contrary, your willingness to serve and the sacrifice of your time is deeply appreciated by all of us involved in these proceedings.

## FINAL JURY INSTRUCTIONS

### INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your

16

decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if either or both of the plaintiffs have proved their case by a preponderance of the evidence.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

21

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things

inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

## DEPOSITION TESTIMONY

During the trial of this case, certain testimony was presented to you by way of deposition consisting of sworn recorded statements or answers to questions asked of a witness in advance of trial by one or more of the lawyers for the parties to the case.

Such testimony is entitled to the same consideration and is to be judged as to credibility and weight and otherwise considered by you, the jury, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case. Each Plaintiff has the burden of proving his claims and damages by what is called a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not each plaintiff has met his burden of proof on various issues.

## SEPARATE PLAINTIFFS

As you know, there are two plaintiffs in this case. Many of the relevant circumstances are the same or similar with respect to both plaintiffs. However, in your deliberations you will need to determine the facts of the case and apply them to the law for each plaintiff separately. You may find in favor of one, both or neither plaintiff. To assist you, you will be given verdict forms that apply separately to each plaintiff. These are a series of questions you must answer during your deliberations. The remainder of the jury instructions will refer to a single plaintiff, so as not to confuse the requirements, but remember they apply to each plaintiff.

## **PLAINTIFFS' VERSION OF**

### **DISCRIMINATORY INTENT**

The Plaintiffs must show that defendant intentionally discriminated against plaintiffs. However, plaintiffs are not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

**DEFENDANT'S VERSION OF**

**DISCRIMINATORY INTENT**

The plaintiff must show that defendant intentionally discriminated against him.

<u>**PLAINTIFFS' VERSION OF**</u>

<u>**ESSENTIAL ELEMENTS OF PLAINTIFF'S**</u>
<u>**DISPARATE TREATMENT CLAIM**</u>

One of plaintiff's claims is known as a disparate treatment claim. The typical disparate treatment claim involves a situation where an individual claims the employer has treated the employee less favorably in some aspect of employment, based on the employee's race, sex or some other impermissible factor.

In order for the plaintiff to establish his disparate treatment claim against defendant, plaintiff has the burden of proving by a preponderance of the evidence that defendant's actions were motivated by the plaintiff's age.

Plaintiff must prove that defendant intentionally discriminated against plaintiff, that is, plaintiff's age must be proven to have been a motivating factor or determinative factor or substantial factor in defendant's actions.

In showing that plaintiff's age was a motivating factor, plaintiff is not required to prove that plaintiff's age was the sole motivating or even the primary motivation for defendant's decision. Plaintiff needs only prove that age played a motivating part in defendant's decision even though other factors may also have motivated defendant.

**DEFENDANT'S VERSION OF**

**ESSENTIAL ELEMENTS OF PLAINTIFF'S
DISPARATE TREATMENT CLAIM**

In order for the plaintiff to establish his claim against defendant, plaintiff must prove by a preponderance of the evidence the plaintiff's age played a role in the decision to terminate his employment and had a determinative effect on the outcome.

In showing that plaintiff's age was a determinative factor, plaintiff is not required to prove that plaintiff's age was the sole factor in defendant's decision. Plaintiff need only prove that age played a motivating part in defendant's decision making process and had a determinative effect on the outcome. Miller v. CIGNA Corp., 47 F.3d 586, 598 (3d Cir. 1995).

31

## PLAINTIFFS' VERSION OF

### PRETEXT

Plaintiff has introduced evidence that defendant's stated reason for defendant's action were not the real reason, but rather a pretext for discrimination.    When you consider plaintiff's evidence of pretext, remember that the relevant question is whether defendant's reason was not the real reason for defendant's actions.

You are not to consider whether defendant's reason showed poor or erroneous judgment.    You are not to consider defendant's wisdom.    However, you may consider whether defendant's reason is merely a cover-up for discrimination.

You may consider whether defendant's reasons are consistent with defendant's own policies and rules and whether defendant has applied these policies and rules uniformly.    You should also carefully evaluate any subjective reasons defendant has asserted for defendant's actions.

Plaintiff has the burden to persuade you by a preponderance of the evidence that defendant took action against the plaintiff because of plaintiff's age.    If you do not believe defendant's explanations, you may, but are not required to, infer that that the plaintiff has satisfied plaintiff's burden of proof that defendant intentionally discriminated against plaintiff because of plaintiff's age.

## **DEFENDANT'S VERSION OF**

### **PRETEXT**

In order for plaintiff to recover on this discrimination claim against defendant, plaintiff must prove that defendant intentionally discriminated against plaintiff. This means that plaintiff must prove that his age was a determinative factor in defendant's decision to terminate plaintiff.

To prevail on this claim, plaintiff must prove both of the following by a preponderance of the evidence: (1) Defendant terminated plaintiff; and (2) Plaintiff's age was a determinative factor in defendant's decision.

Although plaintiff must prove that defendant acted with the intent to discriminate, plaintiff is not required to prove that defendant acted with the particular intent to violate plaintiff's federal civil rights. Moreover, plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

Defendant has given a nondiscriminatory reason for its decision to terminated plaintiff. If you disbelieve defendant's explanations for its conduct, then you may, but need not, find that plaintiff has proved intentional discrimination. In determining whether defendant's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question defendant's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of defendant or believe it is harsh or unreasonable.

You are not to consider defendant's wisdom. However, you may consider whether defendant's reason is merely a cover-up for discrimination.

In this case, plaintiff is claiming that he was replaced by a younger employee. It is not necessary for plaintiff's replacement to be under 40 years of age. The question is whether the replacement is substantially younger than plaintiff.

Ultimately, you must decide whether plaintiff has proven that his age was a determinative factor in defendant's decision to terminate plaintiff. "Determinative factor" means that if not for the plaintiff's age, the adverse employment action would not have occurred.

In deciding whether age was a determinative factor, you must be careful to distinguish age from other factors that are not dependent on age. For example, if defendant's action was based on plaintiff's seniority, this is not an age-dependent decision. A person's seniority is based on time with the employer, and this is not the same factor as the person's age. Thus, an employer does not violate the Age Discrimination in Employment Act just by interfering with an older employee's benefits that would have vested by virtue of the employee's years of service. See Third Circuit Model ADEA Jury Instruction 8.1.2.
Moreover, it is not age discrimination for an employer to terminate an employee because the employee is highly compensated, even if the employee's compensation derives in whole or in part from his or her length of service. See Hazen Paper Co. v. Biggins, 507 U.S. 604, 611-13 (1993).

34

## **PLAINTIFFS' VERSION OF**

### **WILLFULNESS**

If you determine defendant discriminated against the Plaintiff on the basis of Plaintiff's age, you will need to determine whether defendant willfully violated the law which prohibits age discrimination. A violation is willful when an employer either knew or showed reckless disregard for whether its conduct was prohibited by law. The employee need not show the employer's conduct was outrageous, or provide direct evidence of the employer's motivation, or prove that age was the predominate factor in the employment decision. Hazen Paper Co. v. Biggins, 507 U.S. 604, 617 (1993).

**DEFENDANT'S VERSION OF**

**WILLFULNESS**

If you determine defendant discriminated against the plaintiff on the basis of plaintiff's age, you will need to determine whether defendant willfully violated the law which prohibits age discrimination. A violation is willful when an employer either knew or showed reckless disregard for whether its conduct was prohibited by law. <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 617 (1993).

36

## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

In every employment relationship there is a contract between the employer and the employee. In some cases it is in writing, but if there is no written contract, there is a contract created by law.

There is also in every employment contract whether written or not, an implied covenant of good faith and fair dealing. It is a breach of that covenant for an employer to manufacture false grounds for dismissing an employee. To prove a breach of the covenant, the plaintiff must prove by a preponderance of the evidence that defendant intentionally manufactured a false ground or grounds for dismissing plaintiff.

37

## PLAINTIFFS' VERSION OF

## DAMAGES FOR BACK PAY AND BENEFITS

If you determine defendant discriminated against plaintiff in terminating plaintiff's employment, then you must determine the amount of damages that defendant's actions have caused plaintiff.

You may award as actual damages an amount that reasonably compensates plaintiff for any lost wages and job related benefits.    Wehr v. Burroughs Corp. 619 F.2d 276, 283 (3d Cir. 1980).    If you determine the exact value of such lost wages or benefits has not been proven, you should approximate the value as you best can based on the evidence in the case.    Starceski v. Westinghouse Electric Corp., 54 F.3d 1089, 1101 (3rd Cir. 1995).

## DEFENDANT'S VERSION OF

## DAMAGES FOR BACK PAY AND BENEFITS

If you determine defendant discriminated against plaintiff in terminating plaintiff's employment, then you must determine the amount of damages that defendant's actions have caused plaintiff.

You may award as actual damages an amount that reasonably compensates plaintiff for any lost wages and job related benefits. Wehr v. Burroughs Corp. 619 F.2d 276, 283 (3d Cir. 1980).

## **MITIGATION OF DAMAGES**

Plaintiff must make every reasonable effort to minimize or reduce plaintiff's damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages." Defendant must prove by a preponderance of the evidence that plaintiff failed to mitigate plaintiff's damages for loss of compensation.

If you determine plaintiff is entitled to lost compensation, you must reduce the loss by

1.    what plaintiff earned in another job and

2.    what plaintiff could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§171.95, 173.74 (Civil) (5th ed. 2001).

## PUNITIVE DAMAGES

In certain situations, the law also permits, but does not require, a jury to award an injured person punitive damages in addition to compensatory damages. There is a two-fold purpose to punitive damages: it is intended to punish particularly reprehensible conduct by a wrongdoer, and it also serves as a warning to others not to engage in similar conduct.

You may award punitive damages if you find that any plaintiff has proven that a defendant acted recklessly, intentionally or maliciously. An act is "recklessly" done if it is characterized by an indifference to or a subjective consciousness that a person is acting in violation of law. Something is done "intentionally" when it is done with the aim or committing an act which violates the law. An act is done "maliciously" if it is prompted or accompanied by evil motive, ill will, spite, or intent to injure.

There is no mathematical formula to apply in determining punitive damages. The amount of such damages, if any, is left to the sound judgment of the jury. In determining the amount of punitive damages, you should consider such things as the circumstances surrounding the particular defendant's actions, including the motives for those actions, the reprehensibility of the conduct, and the extent of the harm to the plaintiff, the need for a warning to others about such conduct, and any other factors you as the conscience of the community deem appropriate.

If you determine that the defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any

41

award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future.    The law does not require you to award punitive damages.    However, if you decide to award punitive damages, you must use sound reason in setting the amount.    The amount of an award of punitive damages must not reflect bias, prejudice or sympathy toward any party.    Among other things, you may consider the financial resources of the defendant in fixing the amount of punitive damages.    Any punitive damages award should not be disproportionate to the award or compensatory damages, but rather should bear some reasonable relationship to it.    See Kolstad v. American Dental Association, 527 U.S. 526, 535-36 (1999); Smith v. Wade, 461 U.S. 301 (1983).

## EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about damages should not be considered as my suggesting which party is entitled to your verdict in this case.  Instructions about the measure of damages are given for your guidance only if you find that any award of damages is appropriate.

The Court instructs you further that you should consider each claim separately in awarding damages, without regard to any other claim.

## DELIBERATION AND VERDICT

How you conduct your deliberations is up to you.  But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans.  You are judges of the facts, not me.  Your sole interest is to seek the truth from the evidence in that case.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.  You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what

44

verdict I think you should find.  What the verdict shall be is
your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the
rules for considering the testimony and evidence.  Now let me
finish up by explaining how you may communicate questions or
messages to the court.

Once you start deliberating, do not talk to the jury Officer,
to my Deputy Clerk, or to me, or to anyone else except each other
about the case.  If you have any questions or messages, you must
write them down on a piece of paper, sign them, and then give them
to the Jury Officer.  The question will be given to me, and I will
respond as soon as I can.  I may have to talk to the lawyers about
what you have asked, so it may take some time to get back to you.
 Any questions or messages normally are sent to me through the
foreperson, who by custom of this court is juror Number One.

One more thing about messages.  Do not ever write down or
tell anyone else how you stand on your votes.  For example, do not
write down or tell anyone else that you are split 6 – 2, or 4 - 4,
or whatever your vote happens to be.  That should stay secret
until you are finished.

Let me finish by repeating something I said to you earlier.
Nothing that I have said or done during this trial was meant to
influence your decision in favor of either party.  You must decide
the case yourselves based on the evidence presented.

### UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill in, date, and sign the form.  You will then return to the courtroom and your foreperson will hand your verdict to the clerk.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

Respectfully submitted,

PARKOWSKI, GUERKE & SWAYZE, P.A.


By:      /s/ Jeremy W. Homer       .
          JEREMY W. HOMER, ESQUIRE
          (Delaware Bar ID#0413)
          116 W. Water Street
          P.O. Box 598
          Dover, DE  19903
          (302) 678-3262

DATED: April 10, 2007      Attorneys for Plaintiffs

h\Williams\proposed pretrial order\Schedule H